IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PENSKE TRUCK LEASING CO., L.P.<br>2675 Morgantown Road<br>Reading, Pennsylvania 19607<br>And<br>OLD REPUBLIC INSURANCE COMPANY<br>133 Oakland Avenue<br>  Greensburg PA 15601-2247<br><br>              Plaintiffs<br>       v.<br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY<br>One Geico Plaza<br>Washington DC  20076-0001<br><br>GEICO Indemnity Company<br>5260 Eastern Avenue<br>Chevy Chase, MD 20815<br><br>ORLANDO PEREZ<br>824 Hussa Street<br>Linden, NJ 07036<br><br>EDWARD KING<br>2100 Evelyn Drive<br>Forest Park, GA  30249<br><br>MAURICE SMITH<br>4320 Scott Cir<br>Atlanta, GA 30344-6425<br><br>RASHON WHITE<br>2209 S. Haverhill Rd<br>West Palm Beach, FL 33415-7323<br><br>              Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>    NO.<br><br><br>ELECTRONICALLY FILED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1752315_1.docx

Plaintiffs Penske Truck Leasing Co., L.P. and Old Republic Insurance Company, by their attorneys, German, Gallagher & Murtagh, P.C., bring this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 et seq. against Defendants Government Employees Insurance Company and GEICO Indemnity Company (collectively GEICO), Orlando Perez, Edward King, Maurice Smith and Rashon White, and state as follows:

## I.   THE PARTIES

1. Penske Truck Leasing Co., L.P. is a Delaware Limited Partnership with headquarters and principal place of business at 2675 Morgantown Road, Reading, Pennsylvania 19607, and is therefore a citizen of the states of Pennsylvania and Delaware.

2. The partners of Penske Truck Leasing Co, L.P. are PTL GP, LLC, (General Partner) Penske Truck Leasing Corporation (Limited Partner), Penske Automotive Group, Inc., (Limited Partner), and MBK USA Commercial Vehicles, Inc. (Limited Partner).

3. The General Partner of Penske Truck Leasing Co., L.P. is PTL GP, LLC, a Delaware Limited Liability Company with a principal address of 2675 Morgantown Road, Reading, PA 19607, and is therefore a citizen of the states of Pennsylvania and Delaware.

4. The sole member of PTL GP, LLC is LJ VP Holdings, LLC, a Delaware Limited Liability Company, with a principal place of business as 2675 Morgantown Road, Reading, PA 19607, and therefore a citizen of the states of Pennsylvania and Delaware.

5. The sole member of LJ VP Holdings, LLC is Penske Truck Leasing Corporation, a Delaware Corporation with a principal place of business located at 2675 Morgantown Road, Reading, PA 19607, and is therefore a citizen of the states of Pennsylvania and Delaware.

6. Penske Truck Leasing Corporation is a Limited Partner of Penske Truck Leasing Co., L.P.

1752315_1.docx

7. Penske Automotive Group, Inc., a Limited Partner of Penske Truck Leasing Co, L.P., is a Delaware Corporation, with corporate headquarters at 2555 Telegraph Road, Bloomfield Hills, Michigan, and is therefore a citizen of the states of Delaware and Michigan.

8. MBK USA Commercial Vehicles, Inc., a Delaware corporation with a corporate headquarters located in Nippon Life, Marunouchi, Gardentower, 1-3, Marunouchi 1-C Home, Chi Yoda-Ku, Tokyo, Japan, is a limited partner of Penske Truck Leasing Co., L.P. MBK USA is a publically traded company.

9. Plaintiff Old Republic Insurance Company is an organization existing under the laws of Pennsylvania with its principal place of business at 133 Oakland Avenue, Greensburg PA 15601-2247 and is authorized to do business in the State of New Jersey.

10. Defendant Government Employees Insurance Company ("Geico") is, on information and belief, an organization existing under the laws of the State of Maryland with its principal place of business at One Geico Plaza in the District of Columbia and is authorized to do business in the State of New Jersey.

11. Defendant GEICO Indemnity Company ("GEICO") is, on information and belief, an organization existing under the laws of the State of Maryland with its principal place of business at 5260 Eastern Avenue, Chevy Chase, Maryland and is authorized to do business in the State of New Jersey.

12. Defendant Edward King is, on information and belief, an adult individual and a citizen of the State of Georgia with an address at 2100 Evelyn Drive, Forest Park, GA 30249.

13. Defendant Maurice Smith is, on information and belief, an adult individual and citizen of the State of Georgia residing at 4320 Scott Circle, Atlanta, Georgia.

14. Defendant Rashon White is, on information and belief, an adult individual and citizen of the State of Florida residing at 2209 S. Haverhill Rd, West Palm Beach, FL 33415-7323.

## II.  JURISDICTION AND VENUE

15. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs and is between citizens of different States.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the underlying actions to which this declaratory judgment action relates occurred in this district.

17. Penske and Old Republic bring this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq*. An actual, immediate and justiciable controversy exists between the parties named with regard to insurance coverage provided under the terms of a Penske Truck Rental Agreement and Old Republic Insurance Policy with respect to claims asserted in the underlying actions to which this declaratory judgment action relates.

## III.  THE FACTUAL BACKGROUND

### A.  The Penske Truck Rental Agreement

18. On or about October 20, 2015, Defendant Edward King, as Customer, entered into a Penske Truck Rental Agreement with Penske Truck Leasing Co., L.P. ("Penske") for the rental of a 26 foot SAD Medium Van for Household One Way use to pick up at Home Depot in Decatur, Georgia on October 20, 2015 and to Drop Off at Home Depot in Pell City, Alabama with an Expected Return Date of November 4, 2015. A true and correct copy of the Penske Truck Rental Agreement #52956943 is attached hereto as Exhibit "A".

1752315_1.docx

19. Penske Truck Rental Agreement #52956943 identifies the Driver as Rashon White. Exh. A.

20. At the time of the rental, Rashon White presented a valid Florida driver's license.

21. Penske Truck Rental Agreement #52956943 reflects that the Customer declined Optional Protection Plans for Supplemental Liability, Personal Accident Insurance, Cargo Insurance and Towing Insurance and accepted Limited Damage Waiver. Exh. A.

22. The Penske Truck Rental Agreement Terms and Conditions, Section I. General Conditions, A. Definitions, includes the following, inter alia:

> A. <u>Definitions</u>. The following terms are used throughout this Rental Agreement and shall have the following meaning unless the context clearly indicates otherwise:
>
> …
>
> 3. <u>Household Rental</u>. "Household Rental" shall mean the rental of a Vehicle to be used in the movement of household goods owned by Customer, or members of Customer's family, for which Customer is not compensated for moving.

23. The Penske Truck Rental Agreement Terms and Conditions, Section III. Condition and Use of Vehicle, C. Authorized Operators of Vehicle, includes the following, inter alia:

> C. <u>Authorized Operators of Vehicle.</u>
>
> 1. <u>Household Rentals</u>. Authorized operators for Household Rentals shall be limited to Customer and persons 18 or more years of age who are: (i) members of the immediate family of Customer and who permanently reside in Customer's household, or (ii) are listed as additional operators on the Rental Agreement.
>
> …
>
> For both Household and Commercial Rentals, any authorized operator shall be properly licensed by one of the United States or Provinces of Canada.

24. Section V of the Terms and Conditions of the contract contain the following pertinent provisions, inter alia:

### V. DEFAULT AND REMEDIES

A. <u>Event of Default</u>. An "Event of Default" shall occur if Customer: . . (2) fails to perform any other term of this Rental Agreement;…(4) fails to comply with all applicable laws, rules and regulations;…(6) makes any false representation or statement either in this Rental Agreement or in connection with renting a Vehicle.

B. <u>Remedies for Default</u>. Upon the occurrence of an Event of Default, Penske shall not be required to perform its obligations under this Rental Agreement and may immediately terminate this Rental Agreement and take one or more of the following remedies:

C. Enforce the terms of this Rental Agreement and recover any direct, incidental, consequential, punitive, statutory or other damages from Customer.

25. Section VI. Liability Protection and Insurance, at A. Household Rental states, in pertinent part:

### VI. LIABILITY PROTECTION AND INSURANCE
Penske provides, requires, and offers a variety of risk mitigation programs, including insurance and a limited damage waiver, depending upon whether the Rental is a Household Rental or Consumer Rental.

**A.   Household Rental**

1. <u>Liability Insurance.</u> Penske agrees to provide liability protection for Customer and any Authorized Operator, and no others, subject to any limitations herein, in accordance with the standard provisions of a basic automobile liability insurance policy as required in the jurisdiction in which the Vehicle is operated, against liability for bodily injury, including death, and property damage arising from use of Vehicle as permitted by the Rental Agreement, with limits as required by the state financial responsibility law or other applicable statute. If a trailer, cargo handling equipment or any other equipment is furnished by Customer, no protection is provided for liability resulting from such Customer-furnished equipment. Coverage shall automatically conform to the basic requirements of any No-Fault

Law which may be applicable, but does not include "uninsured/underinsured motorist," or supplementary "No-Fault," or other optional protection, and the parties hereby reject, to the extent permitted by law, the inclusion of any such protection. Penske warrants that, to the extent permitted by law, the liability coverage described in this paragraph is primary as respects any other insurance available to Customer or any Authorized Operator as defined in this Rental Agreement.

26. Section VII of the Terms and Conditions of the contract includes the following language:

**VII. INDEMNIFICATION AND LIMITATION OF LIABILITY**

**\*\*\* Disclaimers and Releases Contained in this Paragraph. Please Read Carefully \*\*\***

A. **INDEMNIFICATION OF PENSKE.** CUSTOMER SHALL PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS PENSKE AND ITS PARTNERS AND THEIR RESPECTIVE OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS, SERVANTS, REPRESENTATIVES AND EMPLOYEES FROM ANY AND ALL CLAIMS, SUITS, COSTS, LOSSES, DAMAGES, EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) AND LIABILITIES (EVEN IF PENSKE IS CLAIMED TO HAVE BEEN OR IS PROVEN TO BE NEGLIGENT) ARISING FROM: (1) CUSTOMER'S FAILURE TO COMPLY WITH ITS OBLIGATIONS TO GOVERNMENTAL BODIES HAVING JURISDICTION OVER CUSTOMER AND THE VEHICLE; (2) CUSTOMER'S FAILURE TO COMPLY WITH THE TERMS OF THIS RENTAL AGREEMENT; … (6) CLAIMS ARISING OUT OF CUSTOMER'S NEGLIGENCE OR BREACH OF THIS RENTAL AGREEMENT; (7) PENSKE'S NEGLIGENCE; OR (8) CLAIMS WHICH ARISE OUT OF CUSTOMER'S MAINTENANCE, USE OR OPERATION OF THE VEHICLE. CUSTOMER'S OBLIGATIONS UNDER THIS INDEMNIFICATION SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS RENTAL AGREEMENT.

THE PARTIES AGREE THAT THE INDEMNIFICATION PROVISIONS HEREIN, AND THE SCOPE THEREOF, SHALL NOT BE MODIFIED, ABRIDGED OR OTHERWISE REDUCED BY ANY GOVERNING STATUTE, LAW, DECISION OR AUTHORITY (INCLUDING ANY PROVISIONS RELATED TO IMMUNITY) AND SHALL BE FULLY ENFORCED WITHOUT REGARD TO ANY

>LIABILITY LIMITS, IF APPLICABLE. TO THE EXTENT THERE IS ANY LAW THAT WOULD PROVIDE IMMUNITY TO CUSTOMER FOR ANY DAMAGES ARISING FROM ITS USE OF THE VEHICLE, SUCH PROTECTIONS ARE HEREBY WAIVED AND CUSTOMER REPRESENTS THAT IT HAS THE FULL AUTHORITY TO INDEMNIFY PENSKE. CUSTOMER AND ITS CARRIER SPECIFICALLY WAIVE ANY RIGHT, CLAIM OR ISSUE CHALLENGING SUCH ENFORCEMENT. THIS INDEMNIFICATION SHALL BE INTERPRETED AND ENFORCED UNDER GENERAL PRINCIPLES OF CONTRACT LAW.

27. On October 29, 2015, Penske received notice that the rental truck broke down in or near Lewistown, Pennsylvania.

28. In communications with Penske, the driver, referred to as Ray White, told Penske that the truck was empty except for pads and relayed to Penske that he was on his way to Pittsburgh to help his disabled mother move to Alabama.

**B.   The Old Republic Policy**

29. Old Republic issued Policy No. ML 14804 11 to Penske at Route 10 Green Hills, P.O. Box 563, Reading, PA. for the policy period January 1, 2015 to January 1, 2018 ("the Old Republic Policy"). A copy of the Old Republic Policy (with premium information redacted) is attached as Exhibit B.

30. The Business Auto Coverage Form of the Old Republic Policy includes an Endorsement titled "Who Is An Insured" which provides:

>This Endorsement Changes the Policy.  Please Read It Carefully
>
>WHO IS AN INSURED
>
>This endorsement modifies insurance provided under the following:
>
>Business Auto Coverage Form/ Part
>
>It is agreed SECTION II – LIABILITY COVERAGE. A.   Coverage, 1. Who Is An Insured, paragraph d. is added as follows:

        d.        Both lessees and rentees of covered "autos" as "insureds", but only to the extent and for the limits of liability (insurance) agreed to under contractual agreement with the Named Insured.

**C.    The Underlying Lawsuits**

    **1.    The Perez Lawsuit**

31.    On or about June 9, 2017, Orlando Perez commenced a lawsuit by Complaint against Penske and other defendants in the Superior Court of New Jersey Law Division: Union County at Docket No. UNN-L-3454-17 and in or about November 2017, filed an Amended Complaint. A true and correct copy of the Perez Amended Complaint is attached as Exhibit C.

32.    In the Perez Amended Complaint, Perez alleges that on or about October 27, 2015, Perez was operating a motor vehicle on Elizabeth Avenue in Linden, New Jersey and his vehicle was struck by a commercial vehicle owned by Penske Truck Leasing and negligently operated by their agent, servant and/or employee, Maurice Smith. Exh. C, ¶ 1-2.

33.    In the Perez Amended Complaint, Perez also alleges that Home Depot was the owner of a commercial vehicle which was negligently rented to agent, servant and/or employee defendants Edward King and Rashon White. Exh. C, ¶ 2.

34.    Perez claims injuries and damages as a result of the accident including right knee injury with surgery and right shoulder injury with cortisone injections and medical bills in excess of $55,000.

    **2.    The GEICO Lawsuit**

35.    On or about September 27, 2017, GEICO filed a lawsuit by Complaint against Penske, Old Republic Insurance Company and other defendants in the Superior Court of New Jersey Law Division: Union County at Docket No. UNN-L-3454-17 and in or about December

2017 filed an Amended Complaint ("the GEICO Lawsuit"). A copy of the GEICO Amended Complaint is attached as Exhibit D.

36. In the GEICO Amended Complaint, GEICO alleges that on or about October 27, 2015, defendant Maurice Smith and/or Rashon White was operating a motor vehicle owned by defendant Penske and/or Edward King and/or The Home Depot, on Elizabeth Avenue in Linden, NJ and the defendants' negligence caused an accident with a vehicle operated by Orlando Perez who claimed to have sustained injuries. Exh. D

37. GEICO further alleges that GEICO insured the vehicle operated by Orlando Perez and GEICO has paid and continues to pay Perez for personal injury protection benefits. Exh. D

38. In the GEICO Amended Complaint, GEICO alleges that Maurice Smith, Penske, Rashon White, The Home Depot and Edward King were self-insured and/or insured by Old Republic Insurance Company and/or other insurance companies. Exh. D

39. In the GEICO Amended Complaint, GEICO claims the right to recover the payments in has made, or in the future will make, to Perez. Exh. D

    **3.**  **The Consolidated Lawsuits**

40. By Order dated November 1, 2017, the Perez Lawsuit and the GEICO Lawsuit were consolidated for purposes of discovery and liability ("the Consolidated Lawsuits").

41. By Order dated June 22, 2018, the Court granted the Motion for Summary Judgment filed by Penske and Home Depot and dismissed the complaints of Perez and GEICO as to Penske and Home Depot with prejudice.

    **4.**  **The Available Liability Coverage Limits**

42. Pursuant to the Penske Rental Agreement, for a Household Rental, Penske agrees, inter alia, to provide liability protection for Customer and any Authorized Operator, and no

others, in accordance with the standard provisions of a basic automobile liability insurance policy, as required in the jurisdiction in which the Vehicle is operated, against liability for bodily injury arising from the use of Vehicle as permitted by the Penske Truck Rental Agreement, with limits as required by the state financial responsibility law or other applicable statute.

43. The motor vehicle accident which gave rise to the Consolidated Lawsuits took place in New Jersey and involved Orlando Perez, a resident of New Jersey, who is seeking to recover for alleged injuries sustained in the accident.

44. Pursuant to New Jersey's statute governing compulsory motor vehicle insurance, N.J.S.A. 39:6B-1 titled Liability insurance; amount of coverage, the limits required for liability insurance are $15,000 for injury to one person in any one accident.

45. Penske and Old Republic have attempted to resolve the Consolidated Lawsuits by offering the per person limits of $15,000.

46. Perez and GEICO have rejected the offer contending that the limit of coverage required for the Penske rental truck in this matter is $750,000 pursuant to the Federal Motor Carrier Safety Administration (FMCSA) rules and regulations, 49 C.F.R. § 387.1 et seq., and New Jersey regulations relating to New Jersey's adoption of the FMCSA rules and regulations, N.J.A.C. 13:60-1.2 et seq.

### IV.  REQUEST FOR DECLARATORY RELIEF BY PLAINTIFFS

47. Plaintiffs Penske and Old Republic seek a declaration that the limits of liability potentially available for the Consolidated Lawsuits are $15,000.00.

### COUNT I

48. Plaintiffs incorporate herein by reference paragraphs 1 to 47 as though same were fully set forth.

49. Pursuant to the Penske Truck Rental Agreement, to the extent Penske-provided liability coverage exists for the claims asserted in the Consolidated Lawsuits, such coverage would be in accordance with the provisions of a "basic automobile liability insurance policy" with "limits as required by the state financial responsibility law or other applicable statute."

50. In New Jersey, the per person limits for "basic automobile liability insurance" as required under that state's financial responsibility law are $15,000.

51. Therefore, if there is Penske-provided liability coverage for the accident that is the subject of the Consolidated Lawsuits, liability coverage is limited to $15,000.

WHEREFORE, Plaintiffs respectfully request that Declaratory Judgment be entered in their favor declaring that, to the extent there is Penske-provided liability coverage, such coverage is limited to the per person limit under New Jersey's financial responsibility law for "basic automobile liability insurance" amounting to $15,000.

## COUNT II

52. Plaintiffs incorporate herein by reference paragraphs 1 through 51 as though same were fully set forth.

53. Pursuant to the Penske Truck Rental Agreement, there is no coverage under the terms and conditions of the Contract where a customer is involved in an accident arising from the use of a Vehicle that was not permitted by the Penske Truck Rental Agreement.

54. According to the Police Report, at the time of the accident, the Penske motor vehicle was operated by Maurice Smith, who was not identified as a driver on the Penske Truck Rental Agreement, and who did not possess a valid driver's license at the time of the accident.

1752315_1.docx

55. In addition, in the event and to the extent that the Penske rental vehicle was used for other than Household use, such use was not as permitted by the Penske Truck Rental Agreement.

WHEREFORE, Plaintiffs respectfully request that Declaratory Judgment be entered in their favor declaring as follows:

    a. There is no Penske-provided liability coverage because the use of the vehicle on October 27, 2015 was not as permitted by the Penske Truck Rental Agreement; or

    b. In the alternative, to the extent there is Penske-provided liability coverage, such coverage is limited to the per person limit under New Jersey's financial responsibility law for "basic automobile liability insurance" amounting to $15,000.

GERMAN, GALLAGHER & MURTAGH, P.C.

BY: */s/ Gary R. Gremminger*
Gary R. Gremminger, Esquire
NJ ID No. 26861989
Matthew J. McColgan, Esquire
NJ ID No. 116922014
20 BRACE ROAD, SUITE 200
CHERRY HILL, NJ 08034
856-235-8022
gremmingerg@ggmfirm.com
mccolganm@ggmfirm.com

Attorneys for Plaintiffs

Date: 05/02/2019