# EXHIBIT B
# Part 2

**BUSINESS AUTO DECLARATIONS**

**OLD REPUBLIC** INSURANCE COMPANY
Greensburg, Pennsylvania
A Stock Company

| POLICY NUMBER | *Policyholder Service Office:* | Producer: * |
|---|---|---|
| ML 14804 11 | Old Republic Risk Management, Inc. | Aon Risk Solutions #506 |
| ML 14804 10 | 445 South Moorland Road, Suite 300 | |
| PREVIOUS POLICY NUMBER * | Brookfield, WI  53005 (877) 797-3400 | |

**ITEM ONE**

NAMED INSURED:     Penske Truck Leasing Co., L.P. (See IL 506 001 0109)
MAILING ADDRESS: *   Route 10 Green Hills, P.O. Box 563
                       Reading, PA  19603

POLICY PERIOD: *  From:      1-1-15      To:      1-1-18      at 12:01 A.M. Standard Time at your mailing address shown above

FORM OF BUSINESS: *

☐ CORPORATION    ☐ INDIVIDUAL    ☐ LIMITED LIABILITY COMPANY    ☐ PARTNERSHIP    ☒ OTHER  Ltd. Partnership

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**ITEM TWO**
SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below.  Each of these coverages will apply only to those "autos" shown as covered "autos".  "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS | LIMIT | PREMIUM |
|---|---|---|---|
| COVERED AUTOS LIABILITY | 1 | $1,000,000 | $ |
| PERSONAL INJURY PROTECTION (Or Equivalent No-fault Coverage) | 5 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $              DED. | $   Included |
| ADDED PERSONAL INJURY PROTECTION (Or Equivalent Added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | $ |
| PROPERTY PROTECTION INSURANCE (Michigan Only) | 1 | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $        DED. FOR EACH ACCIDENT | $   Included |
| AUTO MEDICAL PAYMENTS | | $                    EACH INSURED | $ |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | SEPARATELY STATED IN THE MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | $ |
| UNINSURED MOTORISTS | 6 | $ See State UM Forms | $   Included |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 6 | $ See State UIM Forms | $   Included |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $      DED. FOR EACH COVERED AUTO, BUT NO DEDUCTIBLE APPLIES TO LOSS CAUSED BY FIRE OR LIGHTNING.  See ITEM FOUR for Hired or Borrowed "Autos". | $ |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $      DED. FOR EACH COVERED AUTO FOR LOSS CAUSED BY MISCHIEF OR VANDALISM. See ITEM FOUR for Hired or Borrowed "Autos". | $ |
| PHYSICAL DAMAGE COLLISION COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS, MINUS $      DED. FOR EACH COVERED AUTO See ITEM FOUR for Hired or Borrowed "Autos". | $ |
| PHYSICAL DAMAGE TOWING AND LABOR | | $      For Each Disablement Of A Private Passenger "Auto". | $ |

| | |
|---|---|
| PREMIUM FOR ENDORSEMENTS | $ |
| MICHIGAN CCA  SURCHARGE | $ |
| ASSESSMENTS AND SURCHARGES | $ |
| **ESTIMATED TOTAL PAYABLE | $ |

Total Shown Is Payable At Inception: $              ** This policy may be subject to final audit.

AUDIT PERIOD (if applicable)    ☐ ANNUALLY    ☐ SEMI-ANNUALLY    ☐ QUARTERLY    ☐ MONTHLY

ENDORSEMENTS ATTACHED TO THIS POLICY: =  See Automobile Liability Forms Index

COUNTERSIGNED *         2-19-15         BY *                    Gary Nies
                          (Date)                                          (Authorized Representative)

* Entry optional if shown in the Common Policy Declarations.
= Forms and Endorsements applicable to this Coverage Part/policy omitted if shown elsewhere in the policy.
   THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE
   FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

CA DEC GN 0003 10 13    Includes copyrighted material of ISO Properties, Inc., with its permission  Copyright ISO Properties, Inc., 2009          Page 1 of 5

O.R. Policy -219

BUSINESS AUTO DECLARATIONS (Continued)

ITEM THREE
SCHEDULE OF COVERED AUTOS YOU OWN

| Covered Auto No. | Covered Auto Description | | | | | |
|---|---|---|---|---|---|---|
| | Year | Model | Trade Name | Body Type | Serial Number (S) | Vehicle ID Number (VIN) |
| 1 | ON | FILE | WITH | THE | COMPANY | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |

| Covered Auto No. | Purchased | | | | | Town And State Where The Covered Auto Will Be Principally Garaged: |
|---|---|---|---|---|---|---|
| | Original Cost New: | Actual Cost New Or Used: | | New | Used | |
| 1 | $ | $ | | ☐ | ☐ | |
| 2 | $ | $ | | ☐ | ☐ | |
| 3 | $ | $ | | ☐ | ☐ | |
| 4 | $ | $ | | ☐ | ☐ | |
| 5 | $ | $ | | ☐ | ☐ | |

| Covered Auto No. | Classification | | | | | | Except For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss: |
|---|---|---|---|---|---|---|---|
| | Radius Of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code | |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |

Coverages-Premiums, Limits And Deductibles
(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | COVERED AUTOS LIABILITY | | PERSONAL INJURY PROTECTION | | | ADDED PERSONAL INJURY PROTECTION | | | PROPERTY PROTECTION INSURANCE (Michigan Only) | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Limit | Premium | Limit Stated In Each P.I.P. Endorsement Minus Deductible | | Premium | Limit Stated In Each Added P.I.P. Endorsement | | Premium | Limit Stated In P.P.I. Endorsement Minus Deductible | Premium |
| 1 | $ STATED | $ IN | $ DECLARATIONS | | $ | ITEM TWO | | $ | $ | $ |
| 2 | $ | $ | $ | | $ | | | $ | $ | $ |
| 3 | $ | $ | $ | | $ | | | $ | $ | $ |
| 4 | $ | $ | $ | | $ | | | $ | $ | $ |
| 5 | $ | $ | $ | | $ | | | $ | $ | $ |
| Total Premium | | $ | | | | | | $ | | $ |

Coverages-Premiums, Limits And Deductibles
(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | AUTO MEDICAL PAYMENTS EACH INSURED | | MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | | |
|---|---|---|---|---|---|---|
| | Limit | Premium | Limit Stated In The Medical Expense And Income Loss Benefits End. For Each Person | Premium | | |
| 1 | $ STATED | $ IN | $ DECLARATIONS | $ | ITEM TWO | |
| 2 | $ | $ | $ | $ | | |
| 3 | $ | $ | $ | $ | | |
| 4 | $ | $ | $ | $ | | |
| 5 | $ | $ | $ | $ | | |
| Total Premium | | $ | | $ | | |

Coverages-Premiums, Limits And Deductibles
(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | | TOWING AND LABOR | |
|---|---|---|---|---|---|---|---|---|
| | Limit Stated In ITEM TWO Minus Deductible | Premium | Limit Stated In ITEM TWO Minus Deductible | Premium | Limit Stated In ITEM TWO Minus Deductible | Premium | Limit Per Disablement | Premium |
| 1 | $ NOT APPLICABLE | $ | $ | $ | $ | $ | $ | $ |
| 2 | $ | $ | $ | $ | $ | $ | $ | $ |
| 3 | $ | $ | $ | $ | $ | $ | $ | $ |
| 4 | $ | $ | $ | $ | $ | $ | $ | $ |
| 5 | $ | $ | $ | $ | $ | $ | $ | $ |
| Total Premium | | $ | | $ | | $ | | $ |

O.R. Policy -220

**BUSINESS AUTO DECLARATIONS (Continued)**

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS**

Covered Autos Liability Coverage - Cost Of Hire Rating Basis For Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment)

| Covered Autos Liability Coverage | Estimated Annual Cost Of Hire For All States | Premium |
|---|---|---|
| Primary Coverage | $ | INCLUDED |
| Excess Coverage | $ | $ |
| | Total Hired Auto Premium $ | INCLUDED |

For "autos" used in your motor carrier operations, cost of hire means:
1.   The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers), and if not included therein,
2.   The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and
3.   The total dollar amount of any other costs (e.g., repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

Covered Autos Liability Coverage - Cost Of Hire Rating Basis For Autos NOT Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment)

| Covered Autos Liability Coverage | State | Estimated Annual Cost Of Hire For Each State | Premium |
|---|---|---|---|
| Primary Coverage | | $ | INCLUDED |
| Excess Coverage | | $ | $ |
| | | Total Hired Auto Premium $ | INCLUDED |

For "autos" NOT used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members).  Cost of hire does not include charges for services performed by motor carriers of property or passengers.

Physical Damage Coverages - Cost Of Hire Rating Basis For All Autos (Other Than Mobile Or Farm Equipment)

| Coverage | State | Limit Of Insurance | Estimated Annual Cost Of Hire For Each State (Excluding Autos Hired With A Driver) | Premium |
|---|---|---|---|---|
| Comprehensive | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus      $      Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning. | $ | $ |
| Specified Causes Of Loss | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus      $      Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism. | $ | $ |
| Collision | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus      $      Deductible For Each Covered Auto. | $ | $ |
| | | | Total Hired Auto Premium | $ |

For Physical Damage coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members).  Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver.

| | | Cost Of Hire Rating Basis For Mobile Or Farm Equipment - Other Than Physical Damage Coverages | | | |
|---|---|---|---|---|---|
| Coverage | State | Estimated Annual Cost Of Hire For Each State | | Premium | |
| | | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Covered Autos Liability – Primary Coverage | | $ | $ | $ | $ |
| Covered Autos Liability – Excess Coverage | | $ | $ | $ | $ |
| Personal Injury Protection | | $ | $ | $ | $ |
| Medical Expense Benefits (Virginia Only) | VA | $ | $ | $ | $ |
| Income Loss Benefits (Virginia Only) | VA | $ | $ | $ | $ |
| Auto Medical Payments | | $ | $ | $ | $ |
| | | Total Hired Auto Premiums | $ | | $ |

Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members).  Cost of hire does not include charges for services performed by motor carriers of property or passengers.

O.R. Policy -221

**BUSINESS AUTO DECLARATIONS (Continued)**

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Continued)**

| | | | Cost Of Hire Rating Basis For Mobile Or Farm Equipment - Physical Damage Coverages | | | |
|---|---|---|---|---|---|---|
| | | | Estimated Annual Cost Of Hire For Each State (Excluding Autos Hired With A Driver) | | Premium | |
| Coverage | State | Limit Of Insurance | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Comprehensive | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Ded. For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning | $ | $ | $ | $ |
| Specified Causes Of Loss | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Ded. For Each Covered Auto For Loss Caused By Mischief Or Vandalism | $ | $ | $ | $ |
| Collision | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Ded. For Each Covered Auto | $ | $ | $ | $ |
| | | | | Total Hired Auto Premiums | $ | $ |

For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any auto that is leased, hired, rented or borrowed with a driver.

| | | Rental Period Rating Basis For Mobile Or Farm Equipment | | | |
|---|---|---|---|---|---|
| | | Estimated Number Of Days Equipment Will Be Rented | | Premium | |
| Coverage | Town And State Where The Job Site Is Located | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Covered Autos Liability - Primary Coverage | | $ | $ | $ | $ |
| Covered Autos Liability - Excess Coverage | | $ | $ | $ | $ |
| Personal Injury Protection | | $ | $ | $ | $ |
| Medical Expense Benefits (Virginia Only) | | $ | $ | $ | $ |
| Income Loss Benefits (Virginia Only) | | $ | $ | $ | $ |
| Auto Medical Payments | | $ | $ | $ | $ |
| | | | Total Hired Auto Premiums | $ | $ |

**ITEM FIVE**
**SCHEDULE FOR NON-OWNERSHIP LIABILITY**

| Named Insured's Business | Rating Basis | Number | Premium |
|---|---|---|---|
| Other Than Garage Service Operations | Number Of Employees | | $ INCLUDED |
| And Other Than Social Service Agencies | Number Of Partners (Active And Inactive) | | $ |
| Garage Service Operations | Number Of Employees Whose Principal Duty Involves The Operation Of Autos | | $ |
| | Number Of Partners (Active And Inactive) | | $ |
| Social Service Agencies | Number Of Employees | | $ |
| | Number Of Volunteers Who Regularly Use Autos To Transport Clients | | $ |
| | Number of Partners (Active And Inactive) | | $ |
| | | Total Non-ownership Covered Autos Premium | $ INCLUDED |

BUSINESS AUTO DECLARATIONS (Continued)

**ITEM SIX**
**SCHEDULE FOR GROSS RECEIPTS OR MILEAGE BASIS**

Address of Business Headquarters Location:

| Type Of Risk (Check one): | ☐ Public Autos | ☐ Leasing Or Rental Concerns |
| Rating Basis (Check one): | ☐ Gross Receipts (Per $100) | ☐ Mileage (Per Mile) |

Estimated Yearly (Gross Receipts Or Mileage):

| | Premiums |
|---|---|
| Covered Autos Liability | $ |
| Personal Injury Protection | $ |
| Added Personal Injury Protection | $ |
| Property Protection Insurance (Michigan Only) | $ |
| Auto Medical Payments | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | $ |
| Comprehensive | $ |
| Specified Causes Of Loss | $ |
| Collision | $ |
| Towing And Labor | $ |

When used as a premium basis:

**FOR PUBLIC AUTOS**

Gross receipts means the total amount earned by the named insured for transporting passengers, mail and merchandise.

Gross Receipts does not include:

1.  Amounts paid to air, sea or land carriers operating under their own permits.

2.  Advertising revenue.

3.  Taxes collected as a separate item and paid directly to the government

4.  C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing "autos" during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount earned by the named insured for the leasing or renting of "autos" to others without drivers.

Mileage means the total live and dead mileage of all "autos" you leased or rented to others without drivers.

# OLD REPUBLIC INSURANCE COMPANY

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| ORRM 2008 | | Forms Index |
| ORRM 2013 | | Assessments And Surcharges Summary |
| CA 182 (2-91) | | Quick Reference Commercial Auto Coverage Part Business Auto Coverage Form |
| ORRM 2014 | | Schedule Of Applicable Coverage Forms By State |
| | CA 00 01 03 06 | Business Auto Coverage Form |
| | CA 00 01 03 10 | Business Auto Coverage Form |
| | CA 00 01 10 13 | Business Auto Coverage Form |
| CA 506 001 0111 | | Amendment Of Covered Autos |
| CA 506 002 0111 | | Amendment Of Other Insurance |
| CA 506 003 0111 | | Deletion Of Contractual Exclusion |
| CA 506 004 0109 | | Notice Of Loss Condition |
| CA 506 005 0109 | | Rent It Here - Leave It There/Driverless Cars Endorsement |
| CA 506 006 0111 | | Who Is An Insured |
| CA 506 007 0109 | | Additional Insured |
| CA 506 008 0109 | | Financial Responsibility – Virginia |
| PCA 024 03 08 | | Waiver Of Transfer Of Rights Of Recovery Against Others To Us |
| PCA 024 10 13 | | Waiver Of Transfer Of Rights Of Recovery Against Others To Us |

## ORRM 2008

Page 1 of 11

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy -224

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 23 30 10 13 | Motor Carrier Endorsement |
| | CA 23 31 09 14 | Alaska Motor Carrier Endorsement |
| | CA 23 40 10 13 | Minnesota Motor Carrier Endorsement |
| | CA 23 20 03 06 | Truckers Endorsement |
| | CA 23 20 03 10 | Truckers Endorsement |
| | CA 23 06 12 11 | Hawaii Truckers Endorsement |
| | CA 23 23 03 06 | Virginia - Truckers Endorsement |
| | CA 99 48 03 06 | Pollution Liability - Broadened Coverage For Covered Autos - Business Auto, Motor Carrier And Truckers Coverage Forms |
| | CA 99 48 10 13 | Pollution Liability - Broadened Coverage For Covered Autos - Business Auto And Motor Carrier Coverage Forms |
| MM 99 55 10 13 | | Pollution Liability - Broadened Coverage For Covered Autos - Business Auto And Motor Carrier Coverage Forms - Massachusetts |
| ORRM 2015 | | Schedule Of Personal Injury Protection (PIP) And Medical Payments (MP) |
| | CA 22 08 10 13 | Delaware Personal Injury Protection Endorsement |
| | CA 22 10 01 13 | Florida Personal Injury Protection |
| | CA 22 65 09 09 | Hawaii Personal Injury Protection Coverage |
| | CA 22 14 10 13 | Kansas Personal Injury Protection |
| | CA 22 16 10 13 | Kentucky Personal Injury Protection |

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 22 19 10 13 | Maryland Personal Injury Protection Endorsement |
| PCA 108 04 13 | | Maryland Personal Injury Protection – Exclusion Of Drivers Endorsement |
| | CA 22 20 08 14 | Michigan Personal Injury Protection |
| | CA 22 25 10 13 | Minnesota Personal Injury Protection |
| | CA 22 30 11 13 | New Jersey Personal Injury Protection |
| | CA 22 32 11 13 | New York Mandatory Personal Injury Protection Endorsement |
| | CA 22 34 10 13 | North Dakota Personal Injury Protection Endorsement |
| | CA 22 36 10 13 | Oregon Personal Injury Protection |
| | CA 22 37 10 13 | Pennsylvania Basic First Party Benefit |
| | CA 22 44 10 13 | Utah Personal Injury Protection |
| | CA 22 24 10 13 | Michigan Property Protection Coverage |
| | CA 21 57 10 13 | Connecticut Uninsured And Underinsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (CT) |
| | CA 21 51 10 13 | Split Bodily Injury Underinsured Motorists Coverage Limits (CT) |
| | CA 21 49 10 13 | District Of Columbia Uninsured Motorists Coverage |
| | CA 21 07 12 93 | Split Uninsured Motorists Coverage Limits (DC) |
| | CA 21 30 10 13 | Illinois Uninsured Motorists Coverage |

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy -226

## AUTOMOBILE LIABILITY FORMS INDEX

## FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (IL) |
| | CA 21 38 10 13 | Illinois Underinsured Motorists Coverage |
| | CA 21 51 10 13 | Split Bodily Injury Underinsured Motorists Coverage Limits (IL) |
| | CA 21 37 10 13 | Kansas Uninsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (KS) |
| | CA 21 74 10 13 | Maine Uninsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (ME) |
| ORRM 2001 | | Maryland Changes In Commercial Auto Forms |
| | CA 21 13 10 13 | Maryland Uninsured Motorists Coverage |
| | CA 21 07 12 93 | Split Uninsured Motorists Coverage Limits (MD) |
| | CA 21 24 10 13 | Minnesota Uninsured And Underinsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (MN) |
| | CA 21 51 10 13 | Split Bodily Injury Underinsured Motorists Coverage Limits (MN) |
| | CA 21 04 10 13 | Missouri Uninsured Motorists Coverage |
| | CA 21 56 10 13 | Missouri Split Uninsured Motorists Coverage Limits |
| | CA 21 70 10 13 | Nebraska Uninsured And Underinsured Motorists Coverage |

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy –227

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 21 75 10 13 | Nebraska Split Uninsured And Underinsured Motorists Coverage Limits |
| | CA 31 26 10 14 | New Hampshire Uninsured Motorists Coverage |
| | CA 21 14 10 13 | New Jersey Uninsured And Underinsured Motorists Coverage |
| | CA 21 77 10 13 | New Jersey Split Uninsured And Underinsured Motorists Coverage |
| ACORD 61 NM | | New Mexico Auto Supplement - Uninsured Motorists Coverage Selection |
| CA SR NM 0054 11 11 | | New Mexico Uninsured Motorists Bodily Injury And Property Damage Coverage (Includes Underinsured Motorists Bodily Injury And Property Damage Coverage) |
| | CA 31 13 09 96 | Uninsured Motorists Endorsement - New York |
| | CA 21 16 10 13 | North Carolina Uninsured Motorists Coverage |
| | CA 21 07 12 93 | Split Uninsured Motorists Coverage Limits (NC) |
| ORRM 2002 | | North Dakota Changes In Commercial Auto Forms |
| | CA 21 83 10 13 | North Dakota Uninsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (ND) |
| | CA 21 86 10 13 | North Dakota Underinsured Motorists Coverage |
| | CA 21 51 10 13 | Split Bodily Injury Underinsured Motorists Coverage Limits (ND) |

Page 5 of 11

O.R. Policy -228

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| CA SR OH 00 18 12 01 | | Offer Of Uninsured Motorist Coverage, Underinsured Motorist Coverage, Uninsured/Underinsured Motorist Property Damage Coverage And Selection Of Limits Or Rejection Of Coverage (Ohio) |
| ORRM 2003 | | Oregon Changes in Commercial Auto Forms |
| | CA 21 05 10 13 | Oregon Uninsured Motorists Coverage - Bodily Injury |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (OR) |
| | CA 21 43 10 13 | Rhode Island Uninsured Motorists Coverage - Bodily Injury |
| | CA 21 64 10 13 | Rhode Island Split Bodily Injury Uninsured Motorists Coverage Limits |
| | CA 21 19 12 13 | South Carolina Uninsured Motorists Coverage |
| | CA 21 89 12 13 | South Carolina Split Uninsured Motorists Limits |
| | CA 21 41 02 14 | South Dakota Uninsured And Underinsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (SD) |
| | CA 21 51 10 13 | Split Bodily Injury Underinsured Motorists Coverage Limits (SD) |
| | CA 21 63 10 13 | Vermont Uninsured Motorists Coverage |
| | CA 21 65 10 13 | Vermont Split Uninsured Motorists Coverage Limits |
| | CA 21 21 11 02 | Uninsured Motorists Endorsement (Virginia) |
| | CA 31 27 12 05 | Virginia Split Uninsured Motorists Coverage Limits |

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy -229

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 21 22 11 13 | West Virginia Uninsured And Underinsured Motorists Coverage |
| | CA 31 02 01 07 | West Virginia Split Uninsured And Underinsured Motorists Coverage Limits |
| | CA 21 03 10 13 | Wisconsin Uninsured Motorists Coverage |
| | CA 21 02 11 06 | Split Bodily Injury Uninsured Motorists Coverage Limits (WI) |
| | CA 20 01 03 06 | Lessor - Additional Insured And Loss Payee |
| | CA 20 01 10 13 | Lessor - Additional Insured And Loss Payee |
| | CA 20 59 03 06 | Hawaii Lessor - Additional Insured And Loss Payee |
| | CA 99 01 10 13 | Kansas Additional Named Insured |
| | CA 04 13 10 13 | Louisiana - Lessor - Additional Insured And Loss Payee |
| | CA 04 30 10 13 | Tennessee Lessor - Additional Insured And Loss Payee |
| | CA 20 39 11 02 | Virginia Lessor - Additional Insured And Loss Payee |
| MM 20 26 10 13 | | Lessor - Additional Insured And Loss Payee Massachusetts |
| | CA 23 13 12 93 | Trailer Interchange Fire And Fire And Theft Coverages |
| | CA 23 90 03 10 | Trailer Interchange Coverage |
| | CA 23 98 10 13 | Trailer Interchange Coverage |
| | CA 23 99 11 11 | New York Trailer Interchange Coverage |

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy -230

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 23 17 03 06 | Truckers - Uniform Intermodal Interchange Endorsement Form UIIE-1 |
| | CA 23 17 10 13 | Truckers - Uniform Intermodal Interchange Endorsement Form UIIE-1 |
| | CA 23 26 10 13 | Washington Truckers - Intermodal Interchange Uniform Endorsement Form UIIE-1 |
| | CA 99 10 09 02 | Drive Other Car Coverage - Broadened Coverage For Named Individuals |
| | CA 99 10 03 10 | Drive Other Car Coverage - Broadened Coverage For Named Individuals |
| | CA 99 10 10 13 | Driver Other Car Coverage - Broadened Coverage For Named Individuals |
| | CA 04 26 10 13 | California Drive Other Car Coverage - Broadened Coverage For Named Individuals |
| MM 99 22 10 13 | | Drive Other Car Coverage Broadened Coverage For Named Individuals - Massachusetts |
| | CA 04 10 12 05 | Virginia Drive Other Car Coverage - Broadened Coverage For Named Individuals |
| | CA 99 16 03 10 | Hired Autos Specified As Covered Autos You Own |
| | CA 99 16 10 13 | Hired Autos Specified As Covered Autos You Own |
| | CA 99 53 03 10 | Hawaii Hired Autos Specified As Covered Autos You Own |
| | CA 99 33 02 99 | Employees As Insureds |
| | CA 99 33 10 13 | Employees As Insureds |
| | CA 20 55 10 01 | Fellow Employee Coverage |

Page 8 of 11

ML 14804 11    Effective 1-1-15 to 1-1-18

## AUTOMOBILE LIABILITY FORMS INDEX

## FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | CA 20 55 10 13 | Fellow Employee Coverage |
| | CA 01 21 02 99 | Limited Mexico Coverage |
| | CA 01 21 10 13 | Limited Mexico Coverage |
| | CA 23 32 09 14 | Alaska Limited Mexico Coverage |
| | IL 01 76 06 11 | Alaska Changes - Appraisal |
| | CA 02 05 05 14 | Arizona Changes - Nonrenewal |
| | IL 09 09 03 98 | Arkansas Notice |
| | IL 01 69 09 07 | Colorado Changes - Concealment, Misrepresentation Or Fraud |
| | CA 01 09 10 13 | Georgia Changes |
| | IL 01 56 09 07 | Indiana Changes - Concealment, Misrepresentation Or Fraud |
| | CA 01 34 10 13 | Maine Changes |
| | IL 01 89 09 07 | Maine Changes - Concealment, Misrepresentation Or Fraud |
| | CA 01 70 10 13 | Maryland Changes |
| MM 99 11 10 13 | | Massachusetts Mandatory Endorsement |
| | CA 01 38 10 13 | Minnesota Changes |
| | IL 01 80 09 07 | Montana Changes - Concealment, Misrepresentation Or Fraud |
| | IL 01 10 09 07 | Nevada Changes - Concealment, Misrepresentation Or Fraud |

Page 9 of 11

ML 14804 11    Effective 1-1-15 to 1-1-18

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| | IL 01 87 09 07 | New Hampshire Changes - Concealment, Misrepresentation Or Fraud |
| | CA 01 88 10 13 | New Jersey Changes |
| | CA 01 12 01 14 | New York Changes In Business Auto, Business Auto Physical Damage, Motor Carrier And Truckers Coverage Forms |
| | IL 01 83 08 08 | New York Changes - Fraud |
| | IL 01 77 10 10 | Oklahoma Changes - Concealment, Misrepresentation Or Fraud |
| | IL 01 20 05 11 | Pennsylvania Changes - Defense Costs |
| | IL 01 84 09 07 | South Dakota Changes - Appraisal |
| | CA 01 96 10 13 | Texas Changes |
| | CA 01 59 10 13 | Utah Changes |
| | CA 01 29 10 13 | Vermont Changes In Business Auto, Truckers And Motor Carrier Coverage Forms |
| | IL 01 70 09 07 | Vermont Changes - Concealment, Misrepresentation Or Fraud |
| | CA 01 16 08 08 | Virginia Changes - Business Auto Coverage Form |
| MC 1622r | | Endorsement For Motor Carrier Policies Of Insurance For Public Liability Under Sections 29 And 30 Of The Motor Carrier Act Of 1980 (MCS-90) |
| MC 1651j | | Endorsement For Motor Carrier Policies Of Insurance For Automobile Bodily Injury And Property Damage Liability Under Section 13906, Title 49 Of The United States Code |

ML 14804 11    Effective 1-1-15 to 1-1-18

O.R. Policy -233

## AUTOMOBILE LIABILITY FORMS INDEX

### FORMS MADE A PART OF THIS POLICY AT TIME OF ISSUANCE:

| Company, Bureau Or Uniform Form No. | ISO Form No. | Description |
|---|---|---|
| MC 1690a | | Form F - Uniform Motor Carrier Bodily Injury And Property Damage Liability Insurance Endorsement |
| MC 2406e | | Insurance Policy Endorsement Motor Carriers Of Property Bodily Injury Liability And Property Damage Liability (CA) |
| OS-32 | | Endorsement To Liability Insurance Policy For Vehicles Operating With A Special Hauling Permit Issued By The Ohio Department Of Transportation (OH) |
| | CA 23 94 10 13 | Silica Or Silica-Related Dust Exclusion For Covered Autos Exposure |

ML 14804 11     Effective 1-1-15 to 1-1-18

O.R. Policy -234

# OLD REPUBLIC INSURANCE COMPANY

## AUTO ASSESSMENTS AND SURCHARGES SUMMARY

| | | |
|---|---|---:|
| California Auto Fraud Assessment | $ | 7,364 |
| California Auto Fraud Interdiction Program Fee | $ | 3,682 |
| California Consumer Automobile Insurance Services Assessment | $ | 1,841 |
| Colorado Auto Theft Prevention Fund | $ | 491 |
| Kentucky Premium Surcharge | $ | 29 |
| New Jersey PLIGA Surcharge | $ | 23 |
| New York Motor Vehicle Law Enforcement Fee | $ | 18,880 |
| Texas ATPA Surcharge | $ | 17,622 |
| West Virginia Policy Surcharge | $ | 1 |
| TOTAL ASSESSMENTS & SURCHARGES | $ | 49,933 |

**ORRM 2013**

#

CA 182
(2-91)

# QUICK REFERENCE
# COMMERCIAL AUTO COVERAGE PART
# BUSINESS AUTO COVERAGE FORM

## READ YOUR POLICY CAREFULLY

The Commercial Auto Coverage Part in your policy consists of Declarations, a Business Auto Coverage Form (CA 00 01), Common Policy Conditions and Endorsements, if applicable. Following is a Quick Reference indexing of the principal provisions contained in each of the components making up the Coverage Part, listed in sequential order.

**DECLARATION PAGES**

Named Insured and Mailing Address

Policy Period

Description of Business

Coverages and Limits of Insurance

**COVERAGE FORM (CA 00 01)**

SECTION I—COVERED AUTOS

Description Of Covered Auto Designation Symbols

Owned Autos You Acquire After The Policy Begins

Certain Trailers, Mobile Equipment And Temporary Substitute Autos

SECTION II—LIABILITY COVERAGE

Coverage

Who Is An Insured

Coverage Extensions

Supplementary Payments

Out Of State

Exclusions

Limit Of Insurance

SECTION III—PHYSICAL DAMAGE COVERAGE

Coverage

Exclusions

Limit Of Insurance

Deductible

SECTION IV—BUSINESS AUTO CONDITIONS

Loss Conditions

Appraisal For Physical Damage Loss

Duties In The Event Of Accident, Claim, Suit Or Loss

Legal Action Against Us

Loss Payment—Physical Damage Coverages

Transfer Of Rights Of Recovery Against Others To Us

General Conditions

Bankruptcy

Concealment, Misrepresentation Or Fraud

Liberalization

No Benefit To Bailee—Physical Damage Coverages

Other Insurance

Premium Audit

Policy Period, Coverage Territory

Two Or More Coverage Forms Or Policies Issued By Us

SECTION V—DEFINITIONS

**COMMON POLICY CONDITIONS**

Cancellation

Changes

Examination Of Your Books And Records

Inspections And Surveys

Premiums

Transfer Of Your Rights And Duties Under This Policy

**ENDORSEMENTS (If Any)**

O.R. Policy -236

# OLD REPUBLIC INSURANCE COMPANY

## SCHEDULE OF APPLICABLE COVERAGE FORMS BY STATE

| State | Form No. | State | Form No. | State | Form No. |
|---|---|---|---|---|---|
| Alabama | CA 0001(10-13) | Louisiana | CA 0001(10-13) | Oklahoma | CA 0001(10-13) |
| Alaska | CA 0001(10-13) | Maine | CA 0001(10-13) | Oregon | CA 0001(10-13) |
| Arizona | CA 0001(10-13) | Maryland | CA 0001(10-13) | Pennsylvania | CA 0001(10-13) |
| Arkansas | CA 0001(10-13) | Massachusetts | CA 0001(10-13) | Puerto Rico | |
| California | CA 0001(10-13) | Michigan | CA 0001(10-13) | Rhode Island | CA 0001(10-13) |
| Colorado | CA 0001(10-13) | Minnesota | CA 0001(10-13) | South Carolina | CA 0001(10-13) |
| Connecticut | CA 0001(10-13) | Mississippi | CA 0001(10-13) | South Dakota | CA 0001(10-13) |
| Delaware | CA 0001(10-13) | Missouri | CA 0001(10-13) | Tennessee | CA 0001(10-13) |
| DC | CA 0001(10-13) | Montana | CA 0001(10-13) | Texas | CA 0001(10-13) |
| Florida | CA 0001(03-06) | Nebraska | CA 0001(10-13) | U.S. Virgin Islands | |
| Georgia | CA 0001(10-13) | Nevada | CA 0001(10-13) | Utah | CA 0001(10-13) |
| Hawaii | CA 0001(03-10) | New Hampshire | CA 0001(10-13) | Vermont | CA 0001(10-13) |
| Idaho | CA 0001(10-13) | New Jersey | CA 0001(10-13) | Virginia | CA 0001(03-06) |
| Illinois | CA 0001(10-13) | New Mexico | CA 0001(10-13) | Washington | CA 0001(10-13) |
| Indiana | CA 0001(10-13) | New York | CA 0001(03-10) | West Virginia | CA 0001(10-13) |
| Iowa | CA 0001(10-13) | North Carolina | CA 0001(10-13) | Wisconsin | CA 0001(10-13) |
| Kansas | CA 0001(10-13) | North Dakota | CA 0001(10-13) | Wyoming | CA 0001(10-13) |
| Kentucky | CA 0001(10-13) | Ohio | CA 0001(10-13) | | |

**ORRM 2014**

#

COMMERCIAL AUTO
CA 00 01 03 06

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

© ISO Properties, Inc., 2005

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |

## B. Owned Autos You Acquire After The Policy Begins

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

## C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos

If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

## SECTION II – LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

### 1. Who Is An Insured

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

© ISO Properties, Inc., 2005

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

2. **Coverage Extensions**

    a. **Supplementary Payments**

    We will pay for the "insured":

    (1) All expenses we incur.

    (2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

    (3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

    (4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

    (5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

    (6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

    These payments will not reduce the Limit of Insurance.

b. **Out-Of-State Coverage Extensions**

    While a covered "auto" is away from the state where it is licensed we will:

    (1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

    (2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

    We will not pay anyone more than once for the same elements of loss because of these extensions.

B. **Exclusions**

    This insurance does not apply to any of the following:

    1. **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

    2. **Contractual**

    Liability assumed under any contract or agreement.

    But this exclusion does not apply to liability for damages:

    a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

    b. That the "insured" would have in the absence of the contract or agreement.

    3. **Workers' Compensation**

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

    4. **Employee Indemnification And Employer's Liability**

    "Bodily injury" to:

    a. An "employee" of the "insured" arising out of and in the course of:

    (1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

**a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

**b.** Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

© ISO Properties, Inc., 2005

CA 00 01 03 06

O.R. Policy -241

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**SECTION III – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

© ISO Properties, Inc., 2005

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Towing**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

a. **Transportation Expenses**

We will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

b. **Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

(1) Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

(2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

(3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

a. **Nuclear Hazard**

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

b. **War Or Military Action**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

3. We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown.

b. Blowouts, punctures or other road damage to tires.

4. We will not pay for "loss" to any of the following:

a. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

© ISO Properties, Inc., 2005

CA 00 01 03 06

b. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

c. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

d. Any accessories used with the electronic equipment described in Paragraph **c.** above.

Exclusions **4.c.** and **4.d.** do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

## C. Limit Of Insurance

1. The most we will pay for "loss" in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## D. Deductible

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

## A. Loss Conditions

1. **Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

O.R. Policy –244

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

© ISO Properties, Inc., 2005      **CA 00 01 03 06**

O.R. Policy -245

**5. Other Insurance**

  **a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

  **(1)** Excess while it is connected to a motor vehicle you do not own.

  **(2)** Primary while it is connected to a covered "auto" you own.

  **b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

  **c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

  **d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

  **a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

  **b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

  Under this Coverage Form, we cover "accidents" and "losses" occurring:

  **a.** During the policy period shown in the Declarations; and

  **b.** Within the coverage territory.

  The coverage territory is:

  **a.** The United States of America;

  **b.** The territories and possessions of the United States of America;

  **c.** Puerto Rico;

  **d.** Canada; and

  **e.** Anywhere in the world if:

  **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

  **(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

  We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

  If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

  **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

© ISO Properties, Inc., 2005

**CA 00 01 03 06**

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

   **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

   **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

   **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**2.** Vehicles maintained for use solely on or next to premises you own or rent;

**3.** Vehicles that travel on crawler treads;

**4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   **a.** Power cranes, shovels, loaders, diggers or drills; or

   **b.** Road construction or resurfacing equipment such as graders, scrapers or rollers.

**5.** Vehicles not described in Paragraph **1., 2., 3.,** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   **a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   **b.** Cherry pickers and similar devices used to raise or lower workers.

**6.** Vehicles not described in Paragraph **1., 2., 3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   **a.** Equipment designed primarily for:

     **(1)** Snow removal;

     **(2)** Road maintenance, but not construction or resurfacing; or

     **(3)** Street cleaning;

   **b.** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   **c.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**L.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**M.** "Property damage" means damage to or loss of use of tangible property.

**N.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**O.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**P.** "Trailer" includes semitrailer.

© ISO Properties, Inc., 2005

**CA 00 01 03 06**

**O.R. Policy -249**

COMMERCIAL AUTO
CA 00 01 03 10

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

 © Insurance Services Office, Inc., 2009

O.R. Policy -250

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|---|---|---|

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this coverage form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner or anyone else from whom you hire or borrow a covered "auto".

   This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

© Insurance Services Office, Inc., 2009

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

## 2. Coverage Extensions

### a. Supplementary Payments

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

### b. Out-of-state Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

## B. Exclusions

This insurance does not apply to any of the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

### 2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

### 3. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

   "Bodily injury" to:

   a. An "employee" of the "insured" arising out of and in the course of:

      (1) Employment by the "insured"; or

      (2) Performing the duties related to the conduct of the "insured's" business; or

   b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

   This exclusion applies:

      (1) Whether the "insured" may be liable as an employer or in any other capacity; and

      (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

   "Bodily injury" to:

   a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

   b. The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

6. **Care, Custody Or Control**

   "Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Handling Of Property**

   "Bodily injury" or "property damage" resulting from the handling of property:

   a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

   b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

8. **Movement Of Property By Mechanical Device**

   "Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

9. **Operations**

   "Bodily injury" or "property damage" arising out of the operation of:

   a. Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

   b. Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

10. **Completed Operations**

    "Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

    In this exclusion, your work means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

    Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

    Your work will be deemed completed at the earliest of the following times:

       (1) When all of the work called for in your contract has been completed.

       (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

       (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

O.R. Policy -254

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

### A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The covered "auto's" collision with another object; or

   (2) The covered "auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft;

   (3) Windstorm, hail or earthquake;

   (4) Flood;

   (5) Mischief or vandalism; or

   (6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   **c. Collision Coverage**

   Caused by:

   (1) The covered "auto's" collision with another object; or

   (2) The covered "auto's" overturn.

2. **Towing**

   We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   **a.** Glass breakage;

   **b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

   **a. Transportation Expenses**

   We will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

   **b. Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   (1) Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

   (2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

   (3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

### B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

© Insurance Services Office, Inc., 2009   CA 00 01 03 10

**b. War Or Military Action**

    **(1)** War, including undeclared or civil war;

    **(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    **(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

**3.** We will not pay for "loss" due and confined to:

    **a.** Wear and tear, freezing, mechanical or electrical breakdown.

    **b.** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**4.** We will not pay for "loss" to any of the following:

    **a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

    **b.** Any device designed or used to detect speed-measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed-measurement equipment.

    **c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

    **d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

**5.** Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

    **a.** Permanently installed in or upon the covered "auto";

    **b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

    **c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

    **d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

**6.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limit Of Insurance**

**1.** The most we will pay for "loss" in any one "accident" is the lesser of:

    **a.** The actual cash value of the damaged or stolen property as of the time of the "loss"; or

    **b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** $1,000 is the most we will pay for "loss" in any one "accident" to all electronic equipment that reproduces, receives or transmits audio, visual or data signals which, at the time of "loss", is:

    **a.** Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

    **b.** Removable from a permanently installed housing unit as described in Paragraph **2.a.** above or is an integral part of that equipment; or

    **c.** An integral part of such equipment.

**3.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**4.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this coverage form until:

**a.** There has been full compliance with all the terms of this coverage form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

 © Insurance Services Office, Inc., 2009 CA 00 01 03 10

O.R. Policy -257

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this coverage form.

### 2. Concealment, Misrepresentation Or Fraud

This coverage form is void in any case of fraud by you at any time as it relates to this coverage form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This coverage form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this coverage form.

### 3. Liberalization

If we revise this coverage form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this coverage form.

### 5. Other Insurance

a. For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this coverage form provides for the "trailer" is:

   (1) Excess while it is connected to a motor vehicle you do not own.

   (2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph a. above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract".

d. When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

### 6. Premium Audit

a. The estimated premium for this coverage form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this coverage form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this coverage form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

(1) The United States of America;

(2) The territories and possessions of the United States of America;

(3) Puerto Rico;

(4) Canada; and

(5) Anywhere in the world if:

   (a) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

   (b) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this coverage form and any other coverage form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the coverage forms or policies shall not exceed the highest applicable Limit of Insurance under any one coverage form or policy. This condition does not apply to any coverage form or policy issued by us or an affiliated company specifically to apply as excess insurance over this coverage form.

## SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

© Insurance Services Office, Inc., 2009
**CA 00 01 03 10**

O.R. Policy -259

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

    **1.** A lease of premises;

    **2.** A sidetrack agreement;

    **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

    **6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

    **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

    **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

    **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    **1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    **2.** Vehicles maintained for use solely on or next to premises you own or rent;

    **3.** Vehicles that travel on crawler treads;

    **4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

        **a.** Power cranes, shovels, loaders, diggers or drills; or

        **b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

    **5.** Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

        **a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

        **b.** Cherry pickers and similar devices used to raise or lower workers; or

6. Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

      **(1)** Snow removal;

      **(2)** Road maintenance, but not construction or resurfacing; or

      **(3)** Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

   However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense";

   to which this insurance applies, are alleged.

   "Suit" includes:

      a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

      b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.

© Insurance Services Office, Inc., 2009

O.R. Policy -261

<div align="right">

COMMERCIAL AUTO
CA 00 01 10 13

</div>

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V –** Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

© Insurance Services Office, Inc., 2011

O.R. Policy -262

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|---|---|---|

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **1**, **2**, **3**, **4**, **5**, **6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto".

      This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

© Insurance Services Office, Inc., 2011

O.R. Policy -263

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**2. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed, we will:

**(1)** Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

   "Bodily injury" to:

   **a.** An "employee" of the "insured" arising out of and in the course of:

      **(1)** Employment by the "insured"; or

      **(2)** Performing the duties related to the conduct of the "insured's" business; or

   **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

   This exclusion applies:

      **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

      **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

   "Bodily injury" to:

   **a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

   **b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

6. **Care, Custody Or Control**

   "Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Handling Of Property**

   "Bodily injury" or "property damage" resulting from the handling of property:

   **a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

   **b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

8. **Movement Of Property By Mechanical Device**

   "Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

9. **Operations**

   "Bodily injury" or "property damage" arising out of the operation of:

   **a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

   **b.** Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

10. **Completed Operations**

   "Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

   In this exclusion, your work means:

   **a.** Work or operations performed by you or on your behalf; and

   **b.** Materials, parts or equipment furnished in connection with such work or operations.

   Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

   Your work will be deemed completed at the earliest of the following times:

      **(1)** When all of the work called for in your contract has been completed;

      **(2)** When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

      **(3)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

   **(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

   **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

   **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts if:

   **(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

   **(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

   **(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

   **(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

### A. Coverage

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Towing**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extensions**

**a. Transportation Expenses**

We will pay up to $20 per day, to a maximum of $600, for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**(1)** Other than collision only if the Declarations indicates that Comprehensive Coverage is provided for any covered "auto";

**(2)** Specified Causes Of Loss only if the Declarations indicates that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

© Insurance Services Office, Inc., 2011

O.R. Policy -267

(3) Collision only if the Declarations indicates that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

## B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   **b. War Or Military Action**

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

3. We will not pay for "loss" due and confined to:

   **a.** Wear and tear, freezing, mechanical or electrical breakdown.

   **b.** Blowouts, punctures or other road damage to tires.

   This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

4. We will not pay for "loss" to any of the following:

   **a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   **b.** Any device designed or used to detect speed-measuring equipment, such as radar or laser detectors, and any jamming apparatus intended to elude or disrupt speed-measuring equipment.

   **c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

   **d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

5. Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

   **a.** Permanently installed in or upon the covered "auto";

   **b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

   **c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

   **d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

6. We will not pay for "loss" to a covered "auto" due to "diminution in value".

## C. Limits Of Insurance

1. The most we will pay for:

   **a.** "Loss" to any one covered "auto" is the lesser of:

   (1) The actual cash value of the damaged or stolen property as of the time of the "loss"; or

   (2) The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

   **b.** All electronic equipment that reproduces, receives or transmits audio, visual or data signals in any one "loss" is $1,000, if, at the time of "loss", such electronic equipment is:

   (1) Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

**(2)** Removable from a permanently installed housing unit as described in Paragraph **b.(1)** above; or

**(3)** An integral part of such equipment as described in Paragraphs **b.(1)** and **b.(2)** above.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

**SECTION IV -- BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment, you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Covered Autos Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option, we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own; or

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

**(1)** The United States of America;

**(2)** The territories and possessions of the United States of America;

**(3)** Puerto Rico;

**(4)** Canada; and

**(5)** Anywhere in the world if a covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less,

provided that the "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada, or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

**O.R. Policy -271**

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

    (1) The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

    (2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    (a) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    (b) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

  **1.** A lease of premises;

  **2.** A sidetrack agreement;

  **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

  **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

  **5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

  **6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

  **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

  **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

  **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

  **1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

  **2.** Vehicles maintained for use solely on or next to premises you own or rent;

  **3.** Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   a. Power cranes, shovels, loaders, diggers or drills; or

   b. Road construction or resurfacing equipment such as graders, scrapers or rollers;

5. Vehicles not described in Paragraph **1., 2., 3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers; or

6. Vehicles not described in Paragraph **1., 2., 3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

     (1) Snow removal;

     (2) Road maintenance, but not construction or resurfacing; or

     (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

   1. Damages because of "bodily injury" or "property damage"; or

   2. A "covered pollution cost or expense";

  to which this insurance applies, are alleged.

  "Suit" includes:

     a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

     b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.

© Insurance Services Office, Inc., 2011

**CA 00 01 10 13**

O.R. Policy -273

## IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### AMENDMENT OF COVERED AUTOS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM/PART

It is agreed **SECTION I - COVERED AUTOS, C. Certain Trailers, Mobile Equipment and Temporary Substitute Autos**, paragraph **1.** is replaced by the following:

1.   "Trailers" designed primarily for travel on public roads.

CA 506 001 0111

# IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## AMENDMENT OF OTHER INSURANCE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM/PART

It is agreed **SECTION IV - BUSINESS AUTO CONDITIONS, B. General Conditions**, paragraph 5. **Other Insurance** is replaced by the following:

5.    **Other Insurance - Owned, Hired And Non-Owned Autos**

a.    For any covered "auto" you own, this coverage form provides primary insurance.  For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance.  However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this coverage form provides for the "trailer" is:

(1)    Excess while it is connected to a motor vehicle you do not own.

(2)    Primary while it is connected to a covered "auto" you own.

b.    Regardless of the provisions of paragraph **a.** above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract."

c.    When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share.  Our share is the proportion that the Limit of Insurance of our coverage forms bears to the total of the limits of all coverage forms and policies covering on the same basis.

d.    If you rent or lease an "auto" to others pursuant to any contract or agreement whereunder there is no provisions requiring you to provide liability insurance, the insurance afforded by the policy shall:

(1)    not apply to any person or organization other than you unless a minimum limit shall be required by state statute; in which case, the limit of our liability (insurance) is the minimum limit required by any compulsory or financial responsibility law with respect to any person or organization other than you;

(2)    be excess over any other collectible insurance applicable to you.

e.    If you rent an "auto" to others under a written rental agreement, issued by you, stating a rental period of less than one year and in which you agree to provide insurance, any difference between the limit contained in this policy and the limit of liability (insurance) specified in such agreement whereunder there is a provision requiring you to provide liability insurance, any difference between the limit contained in this policy and the limit of liability (insurance) specified in such contract or agreement will apply only to you and will be excess over any other collectible insurance.

CA 506 002 0111

O.R. Policy -275

f.    If you hire an "auto" from another, pursuant to a contract or agreement whereunder there is no provision requiring you to provide liability insurance, the insurance afforded by the policy shall:

    (1)    not apply to any person or organization other than you;

    (2)    be excess over any other collectible insurance applicable to you.

g.    In any case where Penske Truck Leasing Co., L.P. or any subsidiary of Penske Truck Leasing Co., L.P. has entered into a written agreement with a customer, whereby the customer has undertaken to provide automobile liability insurance or excess insurance with respect to a vehicle leased, rented or maintained thereunder, it is specifically understood that the automobile Liability Coverage furnished herein shall be excess over any valid and collectible insurance which has been provided for the benefit of Penske Truck Leasing Co., L.P. and subsidiaries, except insurance specifically arranged to be excess of this policy.

h.    It is further understood and agreed that this policy shall not cover claims made against customers of Penske Truck Leasing Co., L.P. and subsidiaries who have agreed to provide coverage under such written agreements unless Penske Truck Leasing Co., L.P. is liable for such claim and then only to the extent of that liability.

O.R. Policy -276

## IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### DELETION OF CONTRACTUAL EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM/PART

It is agreed **SECTION II - LIABILITY COVERAGE, B. Exclusions**, paragraph **2. Contractual** is deleted in its entirety.

CA 506 003 0111

**O.R. Policy -277**

**IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY**

## NOTICE OF LOSS CONDITION

Written notice of loss shall be given to the Company as soon as practicable after the  Risk Manager of the Insured receives notice of such loss.  Notice to Claim Service Agent shall be considered notice to the Company.

CA 506 004 0109

# IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY

### RENT IT HERE - LEAVE IT THERE/DRIVERLESS CARS ENDORSEMENT

It is hereby understood and agreed that such insurance as is afforded by the Policy for Bodily Injury Liability, Property Damage Liability and for Automobile Medical Payments applies, with respect to automobiles rented to others, subject to the following provisions:

1.  Definition of terms used in this Endorsement:

    a.  "Operator" shall mean any person, firm, partnership or corporation engaged in "operations" as defined in this Policy.

    b.  "Rent It Here - Leave It There Automobile" shall mean an automobile rented from an "original operator" and returned to a "temporary operator."

    c.  "Original Operator" shall mean the operator from whom the "Rent It Here - Leave It There Automobile" was originally rented provided that this term shall not include an operator who is also a "temporary operator" as respects said automobile.

    d.  "Temporary Operator" shall mean the operator to whom a 'Rent It Here" - Leave It there Automobile" has been rented by the renter.

2.  With respect to a "Rent It Here - Leave It There Automobile", this policy applies as follows:

    a.  If the Named Insured is the "original operator", this policy is extended to include the "temporary operator" as a Named Insured unless such "temporary operator" has tampered with or disconnected the odometer or speedometer.

    b.  If the Named Insured is the "temporary operator", this policy shall not apply if there is any valid and collectible insurance available to the Named Insured either as a Named Insured or otherwise, whether or not such other insurance is stated to the primary, excess or contributory.  If the full limits of liability of said other insurance have been expended, then this policy shall apply to the extent that the limits of liability, separately for Bodily Injury Liability for Property Damage Liability and for Automobile Medical Payments, may exceed the total limits of liability of all such other insurance.

CA 506 005 0109

## IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### WHO IS AN INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM/PART

It is agreed **SECTION II - LIABILITY COVERAGE, A. Coverage, 1. Who Is An Insured**, paragraph **d.** is added as follows:

**d.**     Both lessees and rentees of covered "autos" as "insureds", but only to the extent and for the limits of liability (insurance) agreed to under contractual agreement with the Named Insured.

CA 506 006 0111

**IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY**

## ADDITIONAL INSURED

It is hereby agreed that the Indiana Department of Highways is an additional insured as their interest may appear.

CA 506 007 0109

**IL 10 (12/06)  OLD REPUBLIC INSURANCE COMPANY**

## FINANCIAL RESPONSIBILITY - VIRGINIA

It is hereby agreed that Coverage afforded under this policy will meet the minimum financial responsibility requirements for any vehicle garaged in the state of Virginia.

CA 506 008 0109

THIS FORM APPLIES IN STATES WHICH USE: CA 00 01 (03-06) AND CA 00 01 (03 10)

## IL 10 (12/06)   OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

### SCHEDULE

**Name of Person or Organization:**   All persons or organizations as required by contract or agreement

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Transfer Of Rights Of Recovery Against Others To Us Condition is changed by adding the following:

We waive any right of recovery we may have against the person(s) or organization(s) shown in the Schedule because of payments we make for injury or damage. This waiver applies only to the person or organization shown in the Schedule.

PCA 024 03 06

THIS FORM APPLIES IN STATES WHICH USE: CA 00 01 (10-13)

# IL 10 (12/06)   OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

> AUTO DEALERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

### SCHEDULE

**Name of Person or Organization:**
All persons or organizations as required by contract or agreement

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The **Transfer Of Rights Of Recovery Against Others To Us** Condition is changed by adding the following:

We waive any right of recovery we may have against the person(s) or organization(s) shown in the Schedule because of payments we make for injury or damage. This waiver applies only to the person or organization shown in the Schedule.

PCA 024 10 13

O.R. Policy -284

**THIS FORM APPLIES IN STATES WHICH USE: CA 00 01 (10-13)**
**THIS FORM IS NOT APPLICABLE IN: AK, MN**

POLICY NUMBER:
**COMMERCIAL AUTO**
**CA 23 30 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MOTOR CARRIER ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

---
**Named Insured:**

**Endorsement Effective Date:**

---

**SCHEDULE**

For those covered "autos" used in your motor carrier operations as a "motor carrier", the liability cost of hire provisions in the Declarations are replaced by the following:

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums – Covered Autos Liability Coverage**

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | |
|---|---|---|
| **Covered Autos Liability Coverage** | **Estimated Annual Cost Of Hire For All States** | **Premium** |
| **Primary Coverage** | $  2,416,500,000 | $   Included |
| **Excess Coverage** | $ | $ |
| **Total Hired Auto Premium** | | $ |

For "autos" used in your motor carrier operations, cost of hire means:

1. The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers) and, if not included therein,

2. The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and

3. The total dollar amount of any other costs (e.g., repair, maintenance, fuel) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

CA 23 30 10 13 © Insurance Services Office, Inc., 2011 Page 1 of 6

O.R. Policy -285

The following provisions apply to those covered "autos" used in your operations as a "motor carrier" if gross receipts is used as a premium basis:

| Schedule For Gross Receipts Or Mileage Rating Basis | |
|---|---|
| Rating Basis (Check one):  ☐ Gross Receipts (Per $100)   ☐ Mileage (Per Mile) | |
| Estimated Yearly (Gross Receipts Or Mileage): | |
| | Premiums |
| Covered Autos Liability Coverage | $ |
| Auto Medical Payments | $ |
| Total Premiums | $ |
| Minimum Premiums | $ |

Gross receipts means the total amount earned by the named insured for shipping or transporting property regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to any person or organization not engaged in the business of transporting property for hire by "auto" and 15% of the total amount received from renting any equipment, with or without drivers, to any person or organization engaged in the business of transporting property for hire by "auto". Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.

2. Advertising revenue.

3. Taxes collected as a separate item and paid directly to the government.

4. C.O.D. collections for cost of merchandise including collection fees.

5. Warehouse storage fees.

| Schedule Of Trailer Interchange Coverage | | |
|---|---|---|
| Coverages | Limit Of Insurance And Deductible | Estimated Premium |
| Comprehensive | Least Of Actual Cash Value, Cost Of Repair Or<br>$ _____ Limit Of Insurance | $ |
| | $ _____ Deductible For Each Covered Trailer | |
| Specified Causes Of Loss | Least Of Actual Cash Value, Cost Of Repair Or<br>$ _____ Limit Of Insurance | $ |
| | $ _____ Deductible For Each Covered Trailer | |
| Collision | Least Of Actual Cash Value, Cost Of Repair Or<br>$ _____ Limit Of Insurance | $ |
| | $ _____ Deductible For Each Covered Trailer | |
| Total Trailer Interchange Premium | | $ |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

© Insurance Services Office, Inc., 2011          CA 23 30 10 13

O.R. Policy -286

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box.

☐ **Comprehensive**
☐ **Specified Causes Of Loss**
☐ **Collision**

For any operations you engage in as a "motor carrier", the policy is changed as follows:

**A. Who Is An Insured** under **Covered Autos Liability Coverage** is replaced by the following:

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

**(2)** Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

**(3)** Someone using a covered "auto" while they are working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

**d.** The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

**e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

**a.** Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

**(1)** If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

**(2)** If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

However, Paragraph **a.** above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

**b.** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

**(1)** Is being transported by the carrier; or

**(2)** Is being loaded on or unloaded from any unit of transportation by the carrier.

© Insurance Services Office, Inc., 2011

O.R. Policy -287

**B.** The following **Trailer Interchange Coverage** provisions are added:

**1. Coverage**

  **a.** We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

  **b.** We will pay for "loss" to the "trailer" under:

    **(1) Comprehensive Coverage**

      From any cause except:

      **(a)** The "trailer's" collision with another object; or

      **(b)** The "trailer's" overturn.

    **(2) Specified Causes Of Loss Coverage**

      Caused by:

      **(a)** Fire, lightning or explosion;

      **(b)** Theft;

      **(c)** Windstorm, hail or earthquake;

      **(d)** Flood;

      **(e)** Mischief or vandalism; or

      **(f)** The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

    **(3) Collision Coverage**

      Caused by:

      **(a)** The "trailer's" collision with another object; or

      **(b)** The "trailer's" overturn.

  **c.** We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any "loss" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

  **d. Coverage Extensions**

    The following applies as **Supplementary Payments.** We will pay for you:

    **(1)** All expenses we incur.

    **(2)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

    **(3)** All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

    **(4)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

    **(5)** All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

    These payments will not reduce the Limit of Insurance.

**2. Exclusions**

  **a.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

    **(1) Nuclear Hazard**

      **(a)** The explosion of any weapon employing atomic fission or fusion; or

      **(b)** Nuclear reaction or radiation, or radioactive contamination, however caused.

    **(2) War Or Military Action**

      **(a)** War, including undeclared or civil war;

      **(b)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

      **(c)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

  **b.** We will not pay for loss of use.

  **c. Other Exclusions**

    We will not pay for "loss" due and confined to:

    **(1)** Wear and tear, freezing, mechanical or electrical breakdown.

© Insurance Services Office, Inc., 2011

**CA 23 30 10 13**

O.R. Policy -288

(2) Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

### 3. Limit Of Insurance

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

a. The actual cash value of the damaged or stolen property at the time of the "loss";

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or

c. The Limit Of Insurance shown in the Schedule.

### 4. Deductible

For each covered "trailer", our obligation to pay:

a. The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

c. The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit Of Insurance shown in the Schedule.

C. **Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

D. The **Other Insurance** Condition is replaced by the following:

### 5. Other Insurance – Primary And Excess Insurance Provisions

a. While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

(2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

b. While any covered "auto" is hired or borrowed by you from another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

(2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

c. While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:

(1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".

(2) Excess if the power unit is not a covered "auto".

d. Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

e. Except as provided in Paragraphs **a.**, **b.**, **c.** and **d.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

f. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

g. Regardless of the provisions of Paragraphs **a.**, **b.**, **c.**, **d.** and **e.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

O.R. Policy -289

**h.** When this Coverage Form and any other Coverage Form or policy cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Motor carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

**2.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

© Insurance Services Office, Inc., 2011
CA 23 30 10 13

O.R. Policy -290

POLICY NUMBER:

**COMMERCIAL AUTO**
**CA 23 31 09 14**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# ALASKA MOTOR CARRIER ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

**Named Insured:**

**Endorsement Effective Date:**

## SCHEDULE

For those covered "autos" used in your motor carrier operations as a "motor carrier", the liability cost of hire provisions in the Declarations are replaced by the following:

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums – Covered Autos Liability Coverage**

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | |
|---|---|---|
| **Covered Autos Liability Coverage** | **Estimated Annual Cost Of Hire For All States** | **Premium** |
| **Primary Coverage** | $ 2,416,500,000 | $  Included |
| **Excess Coverage** | $ | $ |
| **Total Hired Auto Premium** | | $ |

For "autos" used in your motor carrier operations, cost of hire means:

1. The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers) and, if not included therein,

2. The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and

3. The total dollar amount of any other costs (e.g., repair, maintenance, fuel) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner or paid to others.

O.R. Policy -291

The following provisions apply to those covered "autos" used in your operations as a "motor carrier" if gross receipts is used as a premium basis:

| Schedule For Gross Receipts Or Mileage Rating Basis | | |
|---|---|---|
| Rating Basis (Check one): | ☐ Gross Receipts (Per $100) | ☐ Mileage (Per Mile) |
| **Estimated Yearly (Gross Receipts Or Mileage):** | | |
| | Premiums | |
| Covered Autos Liability Coverage | $ | |
| Auto Medical Payments | $ | |
| Total Premiums | $ | |
| Minimum Premiums | $ | |

Gross receipts means the total amount earned by the named insured for shipping or transporting property regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to any person or organization not engaged in the business of transporting property for hire by "auto" and 15% of the total amount received from renting any equipment, with or without drivers, to any person or organization engaged in the business of transporting property for hire by "auto". Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.

2. Advertising revenue.

3. Taxes collected as a separate item and paid directly to the government.

4. C.O.D. collections for cost of merchandise including collection fees.

5. Warehouse storage fees.

| Schedule Of Trailer Interchange Coverage | | |
|---|---|---|
| **Coverages** | **Limit Of Insurance And Deductible** | **Estimated Premium** |
| Comprehensive | Least Of Actual Cash Value, Cost Of Repair Or <br> $      **Limit Of Insurance** | $ |
| | $      **Deductible For Each Covered Trailer** | |
| Specified Causes Of Loss | Least Of Actual Cash Value, Cost Of Repair Or <br> $      **Limit Of Insurance** | $ |
| | $      **Deductible For Each Covered Trailer** | |
| Collision | Least Of Actual Cash Value, Cost Of Repair Or <br> $      **Limit Of Insurance** | $ |
| | $      **Deductible For Each Covered Trailer** | |
| Total Trailer Interchange Premium | $ | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

O.R. Policy -292

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box:

☐ **Comprehensive**

☐ **Specified Causes Of Loss**

☐ **Collision**

For any operations you engage in as a "motor carrier", the policy is changed as follows:

**A.** Paragraph **1. Who Is An Insured** under **Covered Autos Liability Coverage** is replaced by the following:

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

  **(1)** The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

  **(2)** Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

  **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

  **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

  **(5)** A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

**d.** The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

**e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

**a.** Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

  **(1)** If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

  **(2)** If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

  However, Paragraph **a.** above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

**b.** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

  **(1)** Is being transported by the carrier; or

  **(2)** Is being loaded on or unloaded from any unit of transportation by the carrier.

O.R. Policy -293

**B.** The following **Trailer Interchange Coverage** provisions are added:

**1. Coverage**

**a.** We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

**b.** We will pay for "loss" to the "trailer" under:

**(1) Comprehensive Coverage**

From any cause except:

**(a)** The "trailer's" collision with another object; or

**(b)** The "trailer's" overturn.

**(2) Specified Causes Of Loss Coverage**

Caused by:

**(a)** Fire, lightning or explosion;

**(b)** Theft;

**(c)** Windstorm, hail or earthquake;

**(d)** Flood;

**(e)** Mischief or vandalism; or

**(f)** The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

**(3) Collision Coverage**

Caused by:

**(a)** The "trailer's" collision with another object; or

**(b)** The "trailer's" overturn.

**c.** We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any "loss" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

**d. Coverage Extensions**

The following applies as **Supplementary Payments.** We will pay for you:

**(1)** All expenses we incur.

**(2)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

**(3)** All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(4)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(5)** All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**2. Exclusions**

**a.** We will not pay for "loss" caused by or resulting from any of the following:

**(1) Nuclear Hazard**

**(a)** The explosion of any weapon employing atomic fission or fusion; or

**(b)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**(2) War Or Military Action**

**(a)** War, including undeclared or civil war;

**(b)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(c)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**b.** We will not pay for loss of use.

**c. Other Exclusions**

We will not pay for "loss" due and confined to:

**(1)** Wear and tear, freezing, mechanical or electrical breakdown.

**(2)** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**3. Limit Of Insurance**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss";

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or

**c.** The Limit Of Insurance shown in the Schedule.

**4. Deductible**

For each covered "trailer", our obligation to pay:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

**c.** The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit Of Insurance shown in the Schedule.

**C. Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

**D.** The **Other Insurance** Condition is replaced by the following:

**5. Other Insurance – Primary And Excess Insurance Provisions**

**a.** While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

**(2)** Excess if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

**b.** While any covered "auto" is hired or borrowed by you from another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

**(2)** Excess if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

**c.** While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**d.** Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

**e.** Except as provided in Paragraphs **a.**, **b.**, **c.** and **d.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**f.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**g.** Regardless of the provisions of Paragraphs **a.**, **b.**, **c.**, **d.** and **e.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

O.R. Policy -295

h. When this Coverage Form and any other Coverage Form or policy cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

1. "Motor carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

2. "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

O.R. Policy -296

POLICY NUMBER:

**COMMERCIAL AUTO**
**CA 23 40 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MINNESOTA MOTOR CARRIER ENDORSEMENT

For a covered "auto" licensed or principally garaged in Minnesota, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

**Named Insured:**

**Endorsement Effective Date:**

### SCHEDULE

For those covered "autos" used in your motor carrier operations as a "motor carrier", the liability cost of hire provisions in the Declarations are replaced by the following:

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums – Covered Autos Liability Coverage**

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | |
|---|---|---|
| **Covered Autos Liability Coverage** | **Estimated Annual Cost Of Hire For All States** | **Premium** |
| **Primary Coverage** | $ 2,416,500,000 | $   Included |
| **Excess Coverage** | $ | $ |
| **Total Hired Auto Premium** | | $ |

For "autos" used in your motor carrier operations, cost of hire means:

1. The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers) and, if not included therein,

2. The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and

3. The total dollar amount of any other costs (e.g., repair, maintenance, fuel) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

© Insurance Services Office, Inc., 2012

O.R. Policy -297

The following provisions apply to those covered "autos" used in your operations as a "motor carrier" if gross receipts is used as a premium basis:

| Schedule For Gross Receipts Or Mileage Rating Basis | | |
|---|---|---|
| Rating Basis (Check one): | ☐ Gross Receipts (Per $100) | ☐ Mileage (Per Mile) |
| **Estimated Yearly (Gross Receipts Or Mileage):** | | |
| | Premiums | |
| Covered Autos Liability Coverage | $ | |
| Auto Medical Payments | $ | |
| Total Premiums | $ | |
| Minimum Premiums | $ | |

Gross receipts means the total amount earned by the named insured for shipping or transporting property regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to any person or organization not engaged in the business of transporting property for hire by "auto" and 15% of the total amount received from renting any equipment, with or without drivers, to any person or organization engaged in the business of transporting property for hire by "auto". Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.

2. Advertising revenue.

3. Taxes collected as a separate item and paid directly to the government.

4. C.O.D. collections for cost of merchandise including collection fees.

5. Warehouse storage fees.

| Schedule Of Trailer Interchange Coverage | | |
|---|---|---|
| **Coverages** | **Limit Of Insurance And Deductible** | **Estimated Premium** |
| Comprehensive | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $      **Limit Of Insurance** | |
| | $      **Deductible For Each Covered Trailer** | |
| Specified Causes Of Loss | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $      **Limit Of Insurance** | |
| | $      **Deductible For Each Covered Trailer** | |
| Collision | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $      **Limit Of Insurance** | |
| | $      **Deductible For Each Covered Trailer** | |
| Total Trailer Interchange Premium | $ | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

© Insurance Services Office, Inc., 2012
CA 23 40 10 13

O.R. Policy -298

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box.

☐ **Comprehensive**

☐ **Specified Causes Of Loss**

☐ **Collision**

For any operations you engage in as a "motor carrier", the policy is changed as follows:

A. **Who Is An Insured** under **Covered Autos Liability Coverage** is replaced by the following:

1. **Who Is An Insured**

    The following are "insureds":

    **a.** You for any covered "auto".

    **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        **(1)** The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

        **(2)** Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

        **(3)** Someone using a covered "auto" while they are working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

        **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

        **(5)** A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

    **c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

    **d.** The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

    **e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

    However, none of the following is an "insured":

    **a.** Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

        **(1)** If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

        **(2)** If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

    However, Paragraph **a.** above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

    **b.** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

        **(1)** Is being transported by the carrier; or

        **(2)** Is being loaded on or unloaded from any unit of transportation by the carrier.

B. The following **Trailer Interchange Coverage** provisions are added:

**1. Coverage**

   **a.** We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

   **b.** We will pay for "loss" to the "trailer" under:

     **(1) Comprehensive Coverage**

      From any cause except:

      **(a)** The "trailer's" collision with another object; or

      **(b)** The "trailer's" overturn.

     **(2) Specified Causes Of Loss Coverage**

      Caused by:

      **(a)** Fire, lightning or explosion;

      **(b)** Theft;

      **(c)** Windstorm, hail or earthquake;

      **(d)** Flood;

      **(e)** Mischief or vandalism; or

      **(f)** The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

     **(3) Collision Coverage**

      Caused by:

      **(a)** The "trailer's" collision with another object; or

      **(b)** The "trailer's" overturn.

   **c.** We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any "loss" to which this insurance does not apply. We will settle or defend, as we consider appropriate, any claim or "suit" asking for damages which are payable under the terms of this Coverage Form.

   **d. Coverage Extensions**

    The following applies as Supplementary Payments. We will pay for you:

    **(1)** All expenses we incur.

    **(2)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

    **(3)** All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

    **(4)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

    **(5)** All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

    **(6)** Prejudgment interest awarded against the "insured" on that part of the judgment we pay. If we offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

    These payments will not reduce the Limit of Insurance.

**2. Exclusions**

   **a.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

    **(1) Nuclear Hazard**

     **(a)** The explosion of any weapon employing atomic fission or fusion; or

     **(b)** Nuclear reaction or radiation, or radioactive contamination, however caused.

© Insurance Services Office, Inc., 2012

**CA 23 40 10 13**

**O.R. Policy -300**

(2) **War Or Military Action**

    (a) War, including undeclared or civil war;

    (b) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    (c) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**b.** We will not pay for loss of use.

**c. Other Exclusions**

We will not pay for "loss" due and confined to:

(1) Wear and tear, freezing, mechanical or electrical breakdown.

(2) Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

3. **Limit Of Insurance**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss";

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or

**c.** The Limit Of Insurance shown in the Schedule.

4. **Deductible**

For each covered "trailer", our obligation to pay:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

**c.** The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit Of Insurance shown in the Schedule.

C. **Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

D. The **Other Insurance** Condition is replaced by the following:

5. **Other Insurance – Primary And Excess Insurance Provisions**

**a.** While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

(2) Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

**b.** While any covered "auto" is hired or borrowed by you from another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

(1) Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

(2) Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

**c.** While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:

(1) Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".

(2) Excess if the power unit is not a covered "auto".

**d.** Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

**e.** This Coverage Form provides primary insurance for:

(1) A "temporary loaned vehicle" owned by a service or repair facility for "bodily injury" or "property damage" sustained by a third party; or

**(2)** "Property damage" to a "rental vehicle" or "temporary loaned vehicle".

**f.** Except as provided in Paragraphs **a., b., c., d.** and **e.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**g.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**h.** Regardless of the provisions of Paragraphs **a., b., c., d., e.** and **f.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**i.** When this Coverage Form and any other Coverage Form or policy cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Motor carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

**2.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

© Insurance Services Office, Inc., 2012

**CA 23 40 10 13**

O.R. Policy -302

<div align="right">#</div>

**THIS FORM APPLIES IN: FL**

POLICY NUMBER:

<div align="right">COMMERCIAL AUTO<br>CA 23 20 03 06</div>

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# TRUCKERS ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

### SCHEDULE

For those covered "autos" used in your operations as a "trucker" the liability "cost of hire" provisions in the Declarations are replaced by the following:

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS – LIABILITY COVERAGE**

**LIABILITY COVERAGE – RATING BASIS, COST OF HIRE – AUTOS USED IN YOUR TRUCKING OPERATIONS**

| Estimated Cost Of Hire | Rate Per Each $100 Cost Of Hire | Total Estimated Premium |
|---|---|---|
| $  2,416,500,000 | $ | $  Included |

"Cost of hire" means the total cost you incur for the hire of "autos" you don't own (not including "private passenger type autos" you borrow or rent from members of your household, your partners, "employees" or agents or members of their households).

CA 23 20 03 06

<div align="center">© ISO Properties, Inc., 2005</div>

<div align="right">Page 1 of 5</div>

<div align="right">O.R. Policy -303</div>

The following provisions apply to those covered "autos" used in your operations as a "trucker" if Gross Receipts is used as a premium basis:

## SCHEDULE FOR GROSS RECEIPTS RATING BASIS – LIABILITY COVERAGE

| Estimated Yearly Gross Receipts: | |
|---|---|
| Rates (Per $100 Of Gross Receipts) | |
| Liability Coverage | $ |
| Auto Medical Payments | $ |
| Premiums | |
| Liability Coverage | $ |
| Auto Medical Payments | $ |
| Total Premiums | $ |
| Minimum Premiums | $ |

When used as a premium basis:

Gross Receipts means the total amount to which you are entitled for shipping or transporting property during the policy period regardless of whether you or any other carrier originate the shipment or transportation. Gross Receipts includes the total amount received from renting equipment, with or without drivers, to anyone who is not a "trucker" and 15% of the total amount received from renting any equipment to any "trucker". Gross Receipts does not include:

1. Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

2. Advertising Revenue.

3. Taxes which you collect as a separate item and remit directly to a governmental division.

4. C.O.D. collections for cost of mail or merchandise including collection fees.

5. Warehouse storage fees.

## SCHEDULE OF TRAILER INTERCHANGE COVERAGE

| Coverages | Limit Of Insurance | | Daily Rate | Estimated Premium |
|---|---|---|---|---|
| Comprehensive | Actual Cash Value, Cost Of Repair Or<br>$          Whichever Is Less | | $ | $ |
| Specified Causes Of Loss | Actual Cash Value, Cost Of Repair Or<br>$          Whichever Is Less Minus<br>$          Deductible For Each Trailer<br>For Loss Caused By Mischief<br>Or Vandalism | | $ | $ |
| Collision | Actual Cash Value, Cost Of Repair Or<br>$          Whichever Is Less Minus<br>$          Deductible For Each Trailer | | $ | $ |
| | | | Total Premium | $ |

© ISO Properties, Inc., 2005

CA 23 20 03 06

O.R. Policy -304

**PHYSICAL DAMAGE COVERAGE**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "x" in the box.

☐ COMPREHENSIVE
☐ SPECIFIED CAUSES OF LOSS
☐ COLLISION

For any operations you engage in as a "trucker" the policy is changed as follows:

**A. Who Is An Insured** under Liability Coverage is replaced by the following:

  **1. Who Is An Insured**

    **a.** You for any covered "auto".

    **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      **(1)** The owner or anyone else from whom you hire or borrow a covered "private passenger type auto".

      **(2)** Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.

      **(3)** Someone using a covered "auto" while they are working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

      **(4)** Anyone other than your "employees", partners (if you are a partnership), or members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

      **(5)** A partner (if you are a partnership), or member (if you are a limited liability company) for a covered "private passenger type auto" owned by him or her or a member of his or her household.

    **c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected:

      **(1)** Is being used exclusively in your business as a "trucker"; and

      **(2)** Is being used pursuant to operating rights granted to you by a public authority.

    **d.** The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":

      **(1)** Is being used exclusively in your business as a "trucker"; and

      **(2)** Is being used pursuant to operating rights granted to you by a public authority.

    **e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

  **a.** Any "trucker", or his or her agents or "employees", other than you and your "employees":

    **(1)** If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

    **(2)** If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

  **b.** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

    **(1)** Is being transported by the carrier; or

    **(2)** Is being loaded on or unloaded from any unit of transportation by the carrier.

© ISO Properties, Inc., 2005

O.R. Policy -305

B. The following **Trailer Interchange Coverage** Provisions are added:

1. **Coverage**

   a. We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

   b. We will pay for "loss" to the "trailer" under:

      (1) **Comprehensive Coverage**

         From any cause except:

         (a) The "trailer's" collision with another object; or

         (b) The "trailer's" overturn.

      (2) **Specified Causes Of Loss Coverage**

         Caused by:

         (a) Fire, lightning or explosion;

         (b) Theft;

         (c) Windstorm, hail or earthquake;

         (d) Flood;

         (e) Mischief or vandalism; or

         (f) The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

      (3) **Collision Coverage**

         Caused by:

         (a) The "trailer's" collision with another object; or

         (b) The "trailer's" overturn.

   c. We have the right and duty to defend any "suit" asking for these damages. However, we have no duty to defend "suits" for "loss" not covered by this Coverage Form. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

   d. **Coverage Extensions**

      The following applies as Supplementary Payments. We will pay for you:

      (1) All expenses we incur.

      (2) The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

      (3) All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

      (4) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

      (5) All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

      These payments will not reduce the Limit of Insurance.

2. **Exclusions**

   a. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

      (1) **Nuclear Hazard**

         (a) The explosion of any weapon employing atomic fission or fusion; or

         (b) Nuclear reaction or radiation, or radioactive contamination, however caused.

      (2) **War Or Military Action**

         (a) War, including undeclared or civil war;

         (b) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

         (c) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

   b. We will not pay for loss of use.

   c. **Other Exclusions**

      We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

      (1) Wear and tear, freezing, mechanical or electrical breakdown.

      (2) Blowouts, punctures or other road damage to tires.

**3. Limit Of Insurance And Deductible**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts minus any applicable deductible shown in the Schedule:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss".

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**c.** The Limit of Insurance shown in the Schedule.

**C. Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

**D.** The **Other Insurance** Condition is replaced by the following:

**5. Other Insurance – Primary And Excess Insurance Provisions**

**a.** This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker". However, while a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

**(1)** On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**b.** Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

**c.** Except as provided in Paragraphs **a.** and **b.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**d.** For Hired Auto Physical Damage coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**e.** Regardless of the provisions of Paragraphs **a.**, **b.** and **c.** above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

**f.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

**2.** "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pick-up or van type if not used for business purposes.

**3.** "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

**THIS FORM APPLIES IN STATES WHICH USE: CA 00 01 (03-10)**
**THIS FORM IS NOT APPLICABLE IN: HI**

POLICY NUMBER:                                          **COMMERCIAL AUTO**
                                                              **CA 23 20 03 10**

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# TRUCKERS ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

For those covered "autos" used in your operations as a "trucker", the liability "cost of hire" provisions in the Declarations are replaced by the following:

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums – Liability Coverage**

| Liability Coverage – Rating Basis, Cost Of Hire – Autos Used In Your Trucking Operations | | |
|---|---|---|
| **Estimated Cost Of Hire** | **Rate Per Each $100 Cost Of Hire** | **Total Estimated Premium** |
| $   2,416,500,000 | $ | $   Included |

"Cost of hire" means the total cost you incur for the hire of "autos" you don't own (not including "private passenger type autos" you borrow or rent from members of your household, your partners, "employees" or agents or members of their households).

O.R. Policy -308

The following provisions apply to those covered "autos" used in your operations as a "trucker" if gross receipts is used as a premium basis:

| Schedule For Gross Receipts Rating Basis – Liability Coverage | |
|---|---|
| **Estimated Yearly Gross Receipts:** | |
| Rates (Per $100 Of Gross Receipts) | |
| **Liability Coverage** | $ |
| **Auto Medical Payments** | $ |
| Premiums | |
| **Liability Coverage** | $ |
| **Auto Medical Payments** | $ |
| **Total Premiums** | $ |
| **Minimum Premiums** | $ |

When used as a premium basis:

Gross receipts means the total amount to which you are entitled for shipping or transporting property during the policy period regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to anyone who is not a "trucker" and 15% of the total amount received from renting any equipment to any "trucker". Gross receipts does not include:

1. Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

2. Advertising revenue.

3. Taxes which you collect as a separate item and remit directly to a governmental division.

4. C.O.D. collections for cost of mail or merchandise including collection fees.

5. Warehouse storage fees.

| Schedule Of Trailer Interchange Coverage | | |
|---|---|---|
| **Coverages** | **Limit Of Insurance And Deductible** | **Estimated Premium** |
| Comprehensive | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $                     **Limit Of Insurance** | |
| | $                     **Deductible For Each Trailer** | |
| Specified Causes Of Loss | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $                     **Limit Of Insurance** | |
| | $                     **Deductible For Each Trailer** | |
| Collision | Least Of Actual Cash Value, Cost Of Repair Or | $ |
| | $                     **Limit Of Insurance** | |
| | $                     **Deductible For Each Trailer** | |
| **Total Premium** | $ | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

O.R. Policy -309

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box.

☐ **Comprehensive**
☐ **Specified Causes Of Loss**
☐ **Collision**

For any operations you engage in as a "trucker", the policy is changed as follows:

**A. Who Is An Insured** under **Liability Coverage** is replaced by the following:

**1. Who Is An Insured**

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner or anyone else from whom you hire or borrow a covered "private passenger type auto".

**(2)** Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.

**(3)** Someone using a covered "auto" while they are working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), or members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "private passenger type auto" owned by him or her or a member of his or her household.

**c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected:

**(1)** Is being used exclusively in your business as a "trucker"; and

**(2)** Is being used pursuant to operating rights granted to you by a public authority.

**d.** The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":

**(1)** Is being used exclusively in your business as a "trucker"; and

**(2)** Is being used pursuant to operating rights granted to you by a public authority.

**e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

**a.** Any "trucker", or his or her agents or "employees", other than you and your "employees":

**(1)** If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

**(2)** If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

**b.** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

**(1)** Is being transported by the carrier; or

**(2)** Is being loaded on or unloaded from any unit of transportation by the carrier.

B. The following **Trailer Interchange Coverage** Provisions are added:

1. **Coverage**

   a. We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

   b. We will pay for "loss" to the "trailer" under:

      **(1) Comprehensive Coverage**

      From any cause except:

      (a) The "trailer's" collision with another object; or

      (b) The "trailer's" overturn.

      **(2) Specified Causes Of Loss Coverage**

      Caused by:

      (a) Fire, lightning or explosion;

      (b) Theft;

      (c) Windstorm, hail or earthquake;

      (d) Flood;

      (e) Mischief or vandalism; or

      (f) The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

      **(3) Collision Coverage**

      Caused by:

      (a) The "trailer's" collision with another object; or

      (b) The "trailer's" overturn.

   c. We have the right and duty to defend any "suit" asking for these damages. However, we have no duty to defend "suits" for "loss" not covered by this coverage form. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

   d. **Coverage Extensions**

      The following applies as Supplementary Payments. We will pay for you:

      (1) All expenses we incur.

      (2) The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

(3) All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

(4) All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

(5) All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

2. **Exclusions**

   a. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

      **(1) Nuclear Hazard**

         (a) The explosion of any weapon employing atomic fission or fusion; or

         (b) Nuclear reaction or radiation, or radioactive contamination, however caused.

      **(2) War Or Military Action**

         (a) War, including undeclared or civil war;

         (b) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

         (c) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

   b. We will not pay for loss of use.

   c. **Other Exclusions**

      We will not pay for "loss" due and confined to:

      (1) Wear and tear, freezing, mechanical or electrical breakdown.

      (2) Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

### 3. Limit Of Insurance

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss".

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**c.** The Limit of Insurance shown in the Schedule.

### 4. Deductible

For each covered "trailer", our obligation to pay:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

**c.** The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit of Insurance shown in the Schedule.

### C. Physical Damage Coverage is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

### D. The Other Insurance Condition is replaced by the following:

### 5. Other Insurance – Primary And Excess Insurance Provisions

**a.** This coverage form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This coverage form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker". However, while a covered "auto" which is a "trailer" is connected to a power unit, this coverage form's Liability Coverage is:

**(1)** On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**b.** Any Trailer Interchange Coverage provided by this coverage form is primary for any covered "auto".

**c.** Except as provided in Paragraphs **a.** and **b.** above, this coverage form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**d.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**e.** Regardless of the provisions of Paragraphs **a., b.** and **c.** above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract".

f. When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

1. "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

2. "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pickup or van type if not used for business purposes.

3. "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

**O.R. Policy -313**

POLICY NUMBER:                                                      **COMMERCIAL AUTO**
                                                                   **CA 23 06 12 11**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAWAII TRUCKERS ENDORSEMENT

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Hawaii, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

## SCHEDULE

For those covered "autos" used in your operations as a "trucker", the liability "cost of hire" provisions in the Declarations are replaced by the following:

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums – Liability Coverage**

| Liability Coverage – Rating Basis, Cost Of Hire – Autos Used In Your Trucking Operations | | |
|---|---|---|
| **Estimated Cost Of Hire** | **Rate Per Each $100 Cost Of Hire** | **Total Estimated Premium** |
| $ 2,416,500,000 | $ | $ Included |

"Cost of hire" means the total cost you incur for the hire of "autos" you don't own (not including "private passenger type autos" you borrow or rent from members of your household, your partners, "employees" or agents or members of their households).

The following provisions apply to those covered "autos" used in your operations as a "trucker" if gross receipts is used as a premium basis:

| Schedule For Gross Receipts Rating Basis – Liability Coverage | |
|---|---|
| **Estimated Yearly Gross Receipts:** | |
| **Rates (Per $100 Of Gross Receipts)** | |
| **Liability Coverage** | $ |
| **Personal Injury Protection** | $ |
| **Premiums** | |
| **Liability Coverage** | $ |
| **Personal Injury Protection** | $ |
| **Total Premiums** | $ |
| **Minimum Premiums** | $ |

        Copyright, Hawaii Insurance Bureau, Inc., 2011
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

When used as a premium basis:

Gross receipts means the total amount to which you are entitled for shipping or transporting property during the policy period regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to anyone who is not a "trucker" and 15% of the total amount received from renting any equipment to any "trucker". Gross receipts does not include:

1. Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

2. Advertising revenue.

3. Taxes which you collect as a separate item and remit directly to a governmental division.

4. C.O.D. collections for cost of mail or merchandise including collection fees.

5. Warehouse storage fees.

| Schedule Of Trailer Interchange Coverage | | |
|---|---|---|
| Coverages | Limit Of Insurance And Deductible | Estimated Premium |
| Comprehensive | **Least Of Actual Cash Value, Cost Of Repair Or** | $ |
| | $            **Limit Of Insurance** | |
| | $            **Deductible For Each Trailer** | |
| Specified Causes Of Loss | **Least Of Actual Cash Value, Cost Of Repair Or** | $ |
| | $            **Limit Of Insurance** | |
| | $            **Deductible For Each Trailer** | |
| Collision | **Least Of Actual Cash Value, Cost Of Repair Or** | $ |
| | $            **Limit Of Insurance** | |
| | $            **Deductible For Each Trailer** | |
| | **Total Premium** | $ |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box.

☐ **Comprehensive**

☐ **Specified Causes Of Loss**

☐ **Collision**

For any operations you engage in as a "trucker", the policy is changed as follows:

**A. Who Is An Insured** under **Liability Coverage** is replaced by the following:

  **1. Who Is An Insured**

    **a.** You for any covered "auto".

    **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      **(1)** The owner or anyone else from whom you hire or borrow a covered "private passenger type auto".

      **(2)** Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.

      **(3)** Someone using a covered "auto" while they are working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

Copyright, Hawaii Insurance Bureau, Inc., 2011
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

**CA 23 06 12 11**

O.R. Policy -315

(4) Anyone other than your "employees", partners (if you are a partnership), or members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or member (if you are a limited liability company) for a covered "private passenger type auto" owned by him or her or a member of his or her household.

c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected:

(1) Is being used exclusively in your business as a "trucker"; and

(2) Is being used pursuant to operating rights granted to you by a public authority.

d. The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":

(1) Is being used exclusively in your business as a "trucker"; and

(2) Is being used pursuant to operating rights granted to you by a public authority.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

a. Any "trucker", or his or her agents or "employees", other than you and your "employees":

(1) If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

(2) If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

b. Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

(1) Is being transported by the carrier; or

(2) Is being loaded on or unloaded from any unit of transportation by the carrier.

B. The following **Trailer Interchange Coverage** Provisions are added:

1. **Coverage**

a. We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

b. We will pay for "loss" to the "trailer" under:

(1) **Comprehensive Coverage**

From any cause except:

(a) The "trailer's" collision with another object; or

(b) The "trailer's" overturn.

(2) **Specified Causes Of Loss Coverage**

Caused by:

(a) Fire, lightning or explosion;

(b) Theft;

(c) Windstorm, hail or earthquake;

(d) Flood;

(e) Mischief or vandalism; or

(f) The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

(3) **Collision Coverage**

Caused by:

(a) The "trailer's" collision with another object; or

(b) The "trailer's" overturn.

c. We have the right and duty to defend any "suit" asking for these damages. However, we have no duty to defend "suits" for "loss" not covered by this coverage form. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

Copyright, Hawaii Insurance Bureau, Inc., 2011
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

O.R. Policy -316

**d. Coverage Extensions**

The following applies as Supplementary Payments. We will pay for you:

**(1)** All expenses we incur.

**(2)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

**(3)** All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(4)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(5)** All interest on the full amount of any judgment that accrues after entry of the judgment, but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**2. Exclusions**

**a.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**(1) Nuclear Hazard**

**(a)** The explosion of any weapon employing atomic fission or fusion; or

**(b)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**(2) War Or Military Action**

**(a)** War, including undeclared or civil war;

**(b)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(c)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**b.** We will not pay for loss of use.

**c. Other Exclusions**

We will not pay for "loss" due and confined to:

**(1)** Wear and tear, freezing, mechanical or electrical breakdown.

**(2)** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**3. Limit Of Insurance**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss".

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**c.** The Limit Of Insurance shown in the Schedule.

**4. Deductible**

For each covered "trailer", our obligation to pay:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

**b.** The cost of repairing or replacing the damaged or stolen property of other property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

**c.** The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit Of Insurance shown in the Schedule.

**C. Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

Copyright, Hawaii Insurance Bureau, Inc., 2011
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

CA 23 06 12 11

O.R. Policy -317

**D.** The **Other Insurance** Condition is replaced by the following:

**5. Other Insurance – Primary And Excess Insurance Provisions**

**a.** This coverage form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This coverage form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker". However, while a covered "auto" which is a "trailer" is connected to a power unit, this coverage form's Liability Coverage is:

**(1)** On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**b.** Any Trailer Interchange Coverage provided by this coverage form is primary for any covered "auto".

**c.** Except as provided in Paragraphs **a.** and **b.** above, this coverage form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**d.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**e.** Regardless of the provisions of Paragraphs **a.**, **b.** and **c.** above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract".

**f.** When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

**2.** "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pickup or van type if not used for business purposes.

**3.** "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

Copyright, Hawaii Insurance Bureau, Inc., 2011
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

O.R. Policy -318

POLICY NUMBER:                                                                  **COMMERCIAL AUTO**
                                                                               **CA 23 23 03 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# VIRGINIA – TRUCKERS ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

**SCHEDULE**

For those covered "autos" used in your operations as a "trucker" the liability "cost of hire" provisions in the Declarations of the policy are replaced by the following:

**SCHEDULE OF HIRED OR BORROWED COVERED "AUTO" COVERAGE AND PREMIUMS – LIABILITY COVERAGE**

**LIABILITY COVERAGE – RATING BASIS, "COST OF HIRE" – "AUTOS" USED IN YOUR TRUCKING OPERATIONS**

| Estimated Cost Of Hire | Rate Per Each $100 Cost Of Hire | Total Estimated Premium |
|---|---|---|
| $  2,416,500,000 | $ | $  Included |

"Cost of hire" means the total cost you incur for the hire of "autos" you don't own (not including "private passenger types" you borrow or rent from members of your household, your partners, your "employees" or agents or members of their households).

CA 23 23 03 06                     © ISO Properties, Inc., 2005                     Page 1 of 5

O.R. Policy -319

The following provisions apply to those covered "autos" used in your operations as a "trucker" if "gross receipts" is used as a premium basis:

**SCHEDULE FOR "GROSS RECEIPTS" RATING BASIS – LIABILITY COVERAGE**

| Estimated Yearly Gross Receipts: | |
|---|---|
| Rates (Per $100 Of Gross Receipts) | |
| Liability Coverage | $ |
| Medical Expense Benefits | $ |
| Premiums | |
| Liability Coverage | $ |
| Medical Expense Benefits | $ |
| Total Premiums | |
| Minimum Premiums | |

When used as a premium basis:

"Gross Receipts" means the total amount to which you are entitled for shipping or transporting property during the policy period regardless of whether you or any other carrier originate the shipment or transportation. "Gross Receipts" includes the total amount received from renting equipment, with or without drivers, to anyone who is not a "trucker" and 15% of the total amount received from renting any equipment to any "trucker". "Gross Receipts" does not include:

1. Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

2. Advertising Revenue.

3. Taxes which you collect as a separate item and remit directly to a governmental division.

4. C.O.D. collections for cost of mail or merchandise including collection fees.

5. Warehouse storage fees.

This endorsement provides only those coverages where a charge is shown in the premium column below.

**SCHEDULE OF TRAILER INTERCHANGE INSURANCE**

| Coverages | Limit Of Insurance | Daily Rate | Estimated Premium |
|---|---|---|---|
| Comprehensive | Actual Cash Value, Cost Of Repair Or $ Whichever Is Less | $ | $ |
| Specified Causes Of Loss | Actual Cash Value, Cost Of Repair Or $ Whichever Is Less Minus $ Deductible For Each Trailer For Loss Caused By Mischief Or Vandalism | $ | $ |
| Collision | Actual Cash Value, Cost Of Repair Or $ Whichever Is Less Minus $ Deductible For Each Trailer | $ | $ |
| | | Total Premium | $ |

**Physical Damage Coverage**

The **Physical Damage Coverage** Exclusion in Paragraph **C.** of this endorsement is removed for each of the following coverages indicated by an "X" in the box.

☐ COMPREHENSIVE

☐ SPECIFIED CAUSES OF LOSS

☐ COLLISION

© ISO Properties, Inc., 2005                **CA 23 23 03 06**

**O.R. Policy -320**

For any operations you engage in as a "trucker" the policy is changed as follows:

A. **Who Is An Insured** under Liability Coverage is changed to read as follows:

1. **Who Is An Insured**

   The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "private passenger type".

      (2) Your "employee" or agent if the covered "auto" is a "private passenger type" and is owned by that "employee" or agent or member of his or her household.

      (3) Someone using a covered "auto" while they are working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

      (4) Anyone other than your "employees", partners, a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

      (5) A partner of yours for a covered "private passenger type" owned by him or her or a member of his or her household.

   c. The owner or anyone else from whom you hire or borrow a covered "auto" which is a "trailer" while the "trailer" is connected to another covered "auto" which is a power unit, or, if not connected:

      (1) Is being used exclusively in your business as a "trucker"; and

      (2) Is being used pursuant to operating rights granted to you by a public authority.

   d. The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":

      (1) Is being used exclusively in your business as a "trucker"; and

      (2) Is being used pursuant to operating rights granted to you by a public authority.

   e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

   However, none of the following is an "insured":

   a. Any "trucker", or his or her agents or "employees", other than you and your "employees":

      (1) If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

      (2) If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "trucker's" business and pursuant to operating rights granted to the "trucker" by a public authority.

   b. Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" occurs while the "trailer" is detached from a covered "auto" you are using and:

      (1) Is being transported by the carrier; or

      (2) Is being loaded on or unloaded from any unit of transportation by the carrier.

B. The following **Trailer Interchange Coverage** Provisions are added:

1. **Coverage**

   a. We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment. The "trailer" must be in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailer" while in your possession.

b. We will pay for "loss" to the "trailer" under:

(1) **Comprehensive Coverage**

From any cause except:

(a) The "trailer's" collision with another object; or

(b) The "trailer's" overturn.

(2) **Specified Causes Of Loss Coverage**

Caused by:

(a) Fire, lightning or explosion;

(b) Theft;

(c) Windstorm, hail or earthquake;

(d) Flood;

(e) Mischief or vandalism; or

(f) The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

(3) **Collision Coverage**

Caused by:

(a) The "trailer's" collision with another object; or

(b) The "trailer's" overturn.

c. We have the right and duty to defend any "suit" for these damages, even if the "suit" is groundless, false or fraudulent. However, we have no duty to defend "suits" for any "loss" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit Of Insurance for that coverage has been exhausted by payment of judgments or settlements.

d. **Coverage Extensions**

**SUPPLEMENTARY PAYMENTS**

The following applies as Supplementary Payments. We will pay for you:

(1) All expense we incur.

(2) The cost of bonds to release attachments, but only for bond amounts within our Limit Of Insurance.

(3) All reasonable expenses incurred at our request, including actual loss of earning up to $250 a day because of time off from work.

(4) All costs taxed against the "insured" in any "suit" we defend.

(5) All interest on the full amount of any judgment that accrues after entry of the judgment; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit Of Insurance.

(6) Prejudgment interest awarded against the "insured" on that part of the judgment we pay. If we make an offer to pay the applicable Limit Of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

These payments will not reduce the Limit of Insurance.

**2. Exclusions**

a. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributed concurrently or in any sequence to the "loss".

(1) **Nuclear Hazard**

(a) The explosion of any weapon employing atomic fusion or fission; or

(b) Nuclear reaction or radiation, or radioactive contamination, however caused.

(2) **War Or Military Action**

(a) War, including undeclared or civil war;

(b) Warlike action by a military force, including action in hindering or defending against an actual or expected attack by any government, sovereign or other authority using military personnel or other agents; or

(c) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

b. We will not pay for loss of use.

c. Other Exclusions

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance.

(1) Wear and tear, freezing, mechanical or electrical breakdown.

(2) Blowouts, punctures or other road damage to tires.

© ISO Properties, Inc., 2005 **CA 23 23 03 06**

**3. Limit Of Insurance And Deductible**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts minus any applicable deductible shown in the Schedule:

**a.** The actual cash value of the damaged or stolen property at the time of the "loss".

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**c.** The Limit Of Insurance shown in the Schedule.

**C. Physical Damage Coverage** is changed by adding the following exclusion:

We will not pay for "loss" to:

Any covered "auto" while in anyone else's possession under a written trailer interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

**D.** The **Other Insurance** Condition is replaced by the following:

**1. Other Insurance – Primary And Excess Insurance Provisions**

**a.** This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker". However, while a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

**(1)** On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**b.** Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

**c.** Except as provided in Paragraphs **a.** and **b.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**d.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is deemed to be a covered "auto" you don't own.

**e.** Regardless of the provisions of Paragraphs **a., b.** and **c.** above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

**f.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit Of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.

**2.** "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pick-up or van type if not used for business purposes.

**3.** "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

THIS FORM APPLIES IN STATES WHICH USE: CA 00 01 (03-10) AND CA 00 01 (03-06)
THIS FORM IS NOT APPLICABLE IN: NY, VA

COMMERCIAL AUTO
CA 99 48 03 06

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# POLLUTION LIABILITY – BROADENED COVERAGE
# FOR COVERED AUTOS – BUSINESS AUTO,
# MOTOR CARRIER AND TRUCKERS COVERAGE FORMS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Liability Coverage** is changed as follows:

   **1.** Paragraph **a.** of the **Pollution** Exclusion applies only to liability assumed under a contract or agreement.

   **2.** With respect to the coverage afforded by Paragraph **A.1.** above, Exclusion **B.6. Care, Custody Or Control** does not apply.

**B. Changes In Definitions**

For the purposes of this endorsement, Paragraph **D.** of the **Definitions** Section is replaced by the following:

   **D.** "Covered pollution cost or expense" means any cost or expense arising out of:

   **1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

   **2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **a.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

   **b.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraphs **a.** and **b.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

   **(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

   **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

CA 99 48 03 06                    © ISO Properties, Inc., 2005                    Page 1 of 1

THIS FORM APPLES IN STATES WHICH USE: CA 00 01 (10-13)
THIS FORM IS NOT APPLICABLE IN: MA

COMMERCIAL AUTO
CA 99 48 10 13

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# POLLUTION LIABILITY – BROADENED COVERAGE FOR COVERED AUTOS – BUSINESS AUTO AND MOTOR CARRIER COVERAGE FORMS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Covered Autos Liability Coverage** is changed as follows:

1. Paragraph **a.** of the **Pollution** Exclusion applies only to liability assumed under a contract or agreement.

2. With respect to the coverage afforded by Paragraph **A.1.** above, Exclusion **B.6. Care, Custody Or Control** does not apply.

**B. Changes In Definitions**

For the purposes of this endorsement, Paragraph **D.** of the **Definitions** Section is replaced by the following:

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraphs **a.** and **b.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

O.R. Policy -325

MM 99 55 10 13

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## POLLUTION LIABILITY - BROADENED COVERAGE
## FOR COVERED AUTOS - BUSINESS AUTO
## AND MOTOR CARRIER COVERAGE FORMS - MASSACHUSETTS

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A.  Covered Autos Liability Coverage is changed as follows:

 1. Except for liability assumed under a contract or agreement, this insurance also applies to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" that are, or that are contained in any property that is:
    a. Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

    b. Otherwise in the course of transit by or on behalf of the "insured."

 2. For the purposes of this endorsement, Exclusion B.6. Care, Custody or Control is replaced by the following:
    "Property damage" to or "covered pollution cost or expense" involving property owned by the "insured".

B. Changes in Definitions

 For the purpose of this endorsement, Paragraph D. of the Definition Section is replaced by the following:

 D.  "Covered pollution cost or expense" means any cost or expense arising out of:

    1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or
    2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Includes copyrighted material of Insurance Services Office,
with its permission.
Copyright, Insurance Services Office, Inc., 2005

Page 1 of 2

O.R. Policy -326

MM 99 55 10 13

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a.  That are, or that are contained in any property that is being stored, disposed of, treated or processed in or upon "the covered auto"; or

b.  Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c.  After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured."

Paragraphs b and c above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1)  The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2)  The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

Includes copyrighted material of Insurance Services Office,
with its permission.
Copyright, Insurance Services Office, Inc., 2005

# OLD REPUBLIC INSURANCE COMPANY

## SCHEDULE OF PERSONAL INJURY PROTECTION (PIP) AND MEDICAL PAYMENTS (MP)

| STATE | PIP | MP | STATE | PIP | MP | STATE | PIP | MP |
|-------|-----|-----|-------|-----|-----|-------|-----|-----|
| AL | NA | RC | LA | NA | RC | OK | NA | RC |
| AK | NA | RC | ME | NA | RC | OR | MC | RC |
| AZ | NA | RC | MD | RC | RC | PA | MC | NA |
| AR | RC | NA | MA | MC | RC | PR | NA | RC |
| CA | NA | RC | MI | MC | NA | RI | NA | RC |
| CO | NA | RC | MN | MC | NA | SC | NA | RC |
| CT | NA | RC | MS | NA | RC | SD | NA | RC |
| DE | MC | NA | MO | NA | RC | TN | NA | RC |
| DC | RC | RC | MT | NA | RC | TX | RC | RC |
| FL | MC | RC | NE | NA | RC | UT | MC | RC |
| GA | NA | RC | NV | NA | RC | VT | NA | RC |
| HI | MC | NA | NH | NA | RC | VA | NA | RC |
| ID | NA | RC | NJ | MC | RC | WA | NA | RC |
| IL | NA | RC | NM | NA | RC | WV | NA | RC |
| IN | NA | RC | NY | MC | RC | WI | NA | RC |
| IA | NA | RC | NC | NA | RC | WY | NA | RC |
| KS | MC | NA | ND | MC | NA | | | |
| KY | MC | NA | OH | NA | RC | | | |

MC  =  Mandatory Coverage

AC  =  Accepted Coverage

RC  =  Rejected Coverage

NA  =  Not Available

NOTE:  Refer to the state endorsement forms for more specific coverage information.

**ORRM 2015**

POLICY NUMBER:                                                      **COMMERCIAL AUTO**
                                                                   **CA 22 08 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# DELAWARE PERSONAL INJURY PROTECTION ENDORSEMENT

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Delaware, this endorsement modifies insurance provided under the following:

> AUTO DEALERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

## SCHEDULE

| | | | |
|---|---|---|---|
| The following Limit of Compensation shall apply as indicated below: | | | |
| | **Personal Injury Protection For "Bodily Injury"** | **Limit Of Compensation** | **Premium** |
| X | Single Limit | $30,000 Each "Accident" | $   Included |
| ☐ | Or Split Limits | $15,000 Each Person $30,000 Each "Accident" | $ |
| | A Personal Injury Protection coverage deductible of  $           applies to you or you and "family members" as indicated below: | | |
| ☐ | You | | |
| ☐ | You And "Family Members" | | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

## A. Coverage

### 1. Personal Injury Protection

We will pay, in accordance with Del. Code Ann. Tit. 21, Chapter 21, Subchapter 1, Personal Injury Protection benefits to or for the benefit of the "injured person" who sustains "bodily injury" caused by an "accident" arising out of the ownership, maintenance or use of a "motor vehicle" as a motor vehicle and incurred within two years from the date of the "accident".

Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of:

a. Medical expenses. Reasonable expenses for necessary medical, hospital, dental, surgical, x-ray, ambulance, and professional nursing services, prosthetic devices and nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

b. Funeral expenses. Reasonable and necessary expenses for professional funeral services and all customary charges, which may include a burial plot.

c. Loss of earnings. Any amount actually lost, net of taxes on income which would have applied, by reason of inability to work and earn wages or salary or their equivalents that would otherwise have been earned in the normal course of an "injured person's" employment but not other income, but loss of earnings does not include any loss after the death of an "injured person".

d. Substitute service expenses. Reasonable and necessary extra expense for personal services which would have been performed by the "injured person" had he or she not been injured.

### 2. Damage To Property Other Than A Motor Vehicle

We will pay in accordance with Del. Code Ann. Tit. 21, Chapter 21, Subchapter 1, for accidental damage which occurs during the policy period to property damaged in an "accident" involving the "insured motor vehicle", other than damage to a "motor vehicle".

## B. Who Is An Insured

1. You.

2. If you are an individual, any "family member".

3. Any person while occupying the "insured motor vehicle".

4. Any person injured in an "accident" involving the "insured motor vehicle", other than an occupant of another "motor vehicle".

## C. Exclusions

### 1. Personal Injury Protection

We will not pay Personal Injury Protection benefits for "bodily injury" sustained by:

a. Any person while the "motor vehicle" is used as a public or livery conveyance to the extent that the limits of liability for this coverage exceed the limits of liability required by the Financial Responsibility Law of the State of Delaware, unless such use is specifically declared and described in the Coverage Part.

b. Any person while occupying a "motor vehicle" located for use as a residence or premises.

c. Any person resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

d. Any person due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing.

e. Any person while operating the "insured motor vehicle" without your express or implied consent.

f. Any person if such person's conduct contributed to his or her "bodily injury" under any of the following circumstances:

(1) Causing "bodily injury" to himself or herself intentionally; or

(2) While committing a felony.

g. Any person, other than you or any "family member", while a pedestrian, if the accident occurs outside the State of Delaware.

h. You or any "family member" while occupying or while a pedestrian arising out of the ownership, maintenance or use of any "motor vehicle" (other than the "insured motor vehicle") with respect to which the insurance required by the Delaware Motorists Protection Act is in effect.

i. You or any "family member" while "occupying" or while a pedestrian arising out of the ownership, maintenance or use of any "motor vehicle" owned by or furnished or available for the regular use of you or any "family member" if such "motor vehicle" is not an "insured motor vehicle".

© Insurance Services Office, Inc., 2012

O.R. Policy -330

**2. Damage To Property Other Than A Motor Vehicle**

We will not pay benefits for:

**a.** Damage to any property while the "insured motor vehicle" is being used as a public or livery conveyance to the extent that the limits of liability for this coverage exceed the limits of liability required by the Financial Responsibility Law of the State of Delaware, unless such use is specifically declared and described in the Coverage Part.

**b.** Damage to any property while the "insured motor vehicle" is located for use as a residence or premises.

**c.** Damage to any property resulting from radioactive contamination.

**d.** Damage to any property due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to the foregoing.

**e.** Damage to any property while the "insured motor vehicle" is used without your express or implied consent.

**f.** Damage to aircraft, watercraft, self-propelled mobile equipment and to any property in or upon any of the aforementioned.

**g.** Damage to any property in or upon any "motor vehicle".

**h.** Damage to any property owned by, rented to or leased by you or any "family member".

**D. Limit Of Insurance**

**1. Personal Injury Protection**

Regardless of the number of persons insured, policies applicable, claims made, premiums paid or "insured motor vehicles" to which this coverage applies, the total limit of compensation payable by us under this coverage is as follows, provided that, the payment for funeral expenses included in the following shall in no event exceed $5,000 for any one person:

**a.** If the Schedule indicates a single limit of compensation, the total limit of compensation payable by us under this coverage for all loss and expense arising out of "bodily injury" as a result of any one "accident" shall be $30,000. We will apply the limit of compensation to provide any separate limits required by law for personal injury protection benefits.

**b.** If the Schedule indicates an "each person" and "each accident" limit of compensation, the total limit of compensation payable by us under this coverage for all loss and expense arising out of "bodily injury" sustained by one "injured person" as the result of any one "accident" shall be $15,000 and, subject to the above provision respecting one "injured person", the total limit of compensation payable by us for all loss and expense arising out of "bodily injury" sustained by two or more "injured persons" as the result of any one "accident" shall be $30,000.

The total amount of any applicable deductible shall be deducted from the total amount of all sums which we are obligated to pay for all loss and expense arising out of "bodily injury" sustained by one or more "injured persons" to whom such deductible applies as the result of any one "accident" and, subject to the foregoing, the total limit of compensation payable by us with respect to loss and expense of such "injured person" or persons shall be the difference between such deductible amount and the limit of compensation specified in the Coverage Part.

**2. Damage To Property Other Than A Motor Vehicle**

Regardless of the number of persons insured, policies applicable, claims made, premiums paid or "insured motor vehicles" to which this coverage applies, the total limit of compensation payable by us under this coverage for all damage to property as the result of any one "accident" shall be $10,000.

**E. Changes In Conditions**

The Conditions are changed for Delaware Personal Injury Protection Coverage as follows:

**1. Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are replaced by the following:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt written notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

(2) The "injured person's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "injured person" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "injured person's" own cost.

(2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical reports, copies of records and loss of earnings information or other pertinent information.

(5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

(6) As promptly as practical and in no event more than two years after expenses are incurred, give us written proof of claim, under oath if required.

**c.** If an "injured person" or his or her legal representative institutes legal action for damages for "bodily injury", he or she must promptly give us a copy of the summons and complaint or other process served in connection with the legal action.

**d.** If there is "loss" to an "insured motor vehicle" or its equipment, you must also do the following:

(1) Promptly notify the police if the "insured motor vehicle" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the "insured motor vehicle" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the "insured motor vehicle" and records proving the "loss" before its repair or disposition.

(4) Agree to examinations under oath at our request and give us a signed statement of your answers.

**e.** In the event of loss to property other than a motor vehicle:

(1) The property shall be protected and any further loss due to failure to protect shall not be recoverable under this coverage; reasonable expenses incurred affording such protection shall be deemed incurred at our request; and

(2) Within 91 days after loss, sworn proof of loss in such form and including such information as we may reasonably require shall be filed with us and, upon our request, the damaged property shall be exhibited and the owner or bailee thereof shall submit to examination under oath.

**2. Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are amended by the addition of the following:

For damage to property other than a "motor vehicle", this coverage does not apply if there is other valid and collectible property coverage covering a loss which would otherwise be covered by this coverage unless the owner or operator of the "insured motor vehicle" would be legally liable for such damage under applicable principles of tort law. The question of whether such owner or operator would be legally liable shall be resolved by arbitration.

**3. Policy Period, Coverage Territory** is amended by the addition of the following:

For damage to property other than a "motor vehicle", we cover "accidents" and "losses" occurring during the policy period shown in the Declarations and in the State of Delaware.

The following conditions are added:

**Coordination And Nonduplication**

**1.** For Personal Injury Protection benefits, no "injured person" shall recover duplicate Personal Injury Protection payments for the same elements of loss under this or any other similar automobile coverage or for any benefits provided under any workers' compensation law.

2. For Personal Injury Protection benefits, this coverage is excess to any other similar automobile coverage available:

   a. To an "injured person" as a result of "bodily injury" sustained while "occupying", or while a pedestrian arising out of the ownership, maintenance or use of any vehicle other than a "motor vehicle" with respect to which the security required under the Delaware Motorists Protection Act is in effect; or

   b. To an "injured person", other than a resident of the State of Delaware, as a result of "bodily injury" sustained while "occupying" the "insured motor vehicle" if the "accident" occurs outside the State of Delaware.

3. Any automobile medical payments coverage and any uninsured motorists coverage provided under this policy are excess over any benefits available, or which would be available but for the application of a deductible, under the coverage provided for Personal Injury Protection and for Damage To Property Other Than A Motor Vehicle.

**Dental Or Surgical Procedures, Medical Expense And Loss Of Earnings**

For Personal Injury Protection benefits, any expenses for dental or surgical procedures, medical expenses including related treatment and "loss of earnings", the necessity of which have been medically ascertained and verified in writing as being necessary by a qualified medical practitioner within two years from the date of the "accident", which are impossible or impractical to perform during that period, shall be treated as if incurred within two years from the date of the "accident". We shall have the option to pay such expenses either at the time such expenses are ascertained or at the time they are incurred. The amount of loss of earnings payable in connection with such dental or surgical procedures shall be limited to the period of time that is reasonably necessary to recover from such procedures but not to exceed 90 days.

**Arbitration**

We shall submit to arbitration any claim for Personal Injury Protection benefits provided by this endorsement, and any claim for damage to a "motor vehicle", including loss of use of such vehicle; provided the person claiming loss or damage shall make a written request for arbitration to the Insurance Commissioner of the State of Delaware within 90 days from the date an offer of settlement or denial of coverage or liability has been made by us.

**Statutory Provision**

Notwithstanding any of the terms and conditions of the policy, the coverage afforded under this insurance is, subject to its terms and conditions, at least as extensive as the minimum coverage required by Del. Code Ann. Tit. 21, Chapter 21, Subchapter 1.

F. **Additional Definitions**

   1. The definition of "auto" in the **Definitions** section does not apply. The following definition of "motor vehicle" applies instead:

      a. **Personal Injury Protection**

         "Motor vehicle" means a land motor vehicle, including a trailer or semitrailer used therewith, designed to travel upon public roads in, upon or by which any person or property is or may be transported or drawn upon a public highway, except devices moved by human or animal power or used exclusively upon stationary rails or tracks.

      b. **Damage To Property Other Than A Motor Vehicle**

         "Motor vehicle" means a land motor vehicle, including a trailer or semitrailer used therewith, designed to travel upon public roads in, upon or by which any person or property is or may be transported or drawn upon a public highway, except devices moved by human or animal power or used exclusively upon stationary rails or tracks. "Motor vehicle" also includes self-propelled mobile equipment.

**2.** The definition of "insured" in the **Definitions** section does not apply. The following definition of "injured person" applies instead:

"Injured person" means:

**a.** Any person injured while occupying the "insured motor vehicle";

**b.** Any person injured in an "accident" involving the "insured motor vehicle"; or

**c.** You or any "family member" injured while a pedestrian or while occupying any "motor vehicle", other than the "insured motor vehicle".

**3.** As used in this endorsement:

**a.** "Family member" means members of your immediate family not having a separate household and persons actually residing with and economically dependent upon you.

**b.** "Insured motor vehicle" means:

**(1)** For Personal Injury Protection, a "motor vehicle" owned by you to which the bodily injury Covered Autos Liability Coverage of the Coverage Part applies and which is registered in the State of Delaware.

**(2)** For Damage To Property Other Than A Motor Vehicle, a "motor vehicle" owned by you to which the property damage Covered Autos Liability Coverage of the Coverage Part applies and which is registered in the State of Delaware.

POLICY NUMBER:

**COMMERCIAL AUTO**
**CA 22 10 01 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Florida, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

We agree with the "named insured", subject to all the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows that:

**SCHEDULE**

| Any Personal Injury Protection deductible shown in the Declarations of **$** | |
|---|---|
| is applicable to ☐ the following "named insured" only: | |
| ☐ each "named insured" and each dependent "family member". | |
| X   Work loss for "named insured" does not apply. | |
| X   Work loss for "named insured" and dependent "family member" does not apply. | |
| **Benefits** | **Limit Per Person** |
| Total Aggregate Limit for all Personal Injury Protection Benefits, except Death Benefits | $10,000 |
| Death Benefits | $5,000 |
| Medical Expenses | 80% of medical expenses subject to the total aggregate limit and the provisions of Paragraphs **D.2.a.** and **b.** under Limit Of Insurance. |
| Work Loss | 60% of work loss subject to the total aggregate limit |
| Replacement Services Expenses | subject to the total aggregate limit |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

O.R. Policy -335

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Florida Motor Vehicle No-fault Law to or for an "insured" who sustains "bodily injury" in an "accident" arising out of the ownership, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

### 1. Medical Expenses

a. All reasonable "medically necessary" expenses for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and rehabilitative services, including prosthetic devices. However, we will pay for these benefits only if the "insured" receives initial services and care within 14 days after the "motor vehicle" "accident" that are:

(1) Lawfully provided, supervised, ordered or prescribed by a licensed physician, dentist or chiropractic physician;

(2) Provided in a hospital or in a facility that owns, or is wholly owned by, a hospital; or

(3) Provided by a person or entity licensed to provide emergency transportation and treatment;

as authorized by the Florida Motor Vehicle No-fault Law.

b. Upon referral by a licensed health care provider described in Paragraph **A.1.a.(1)**, **(2)** or **(3)**, follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to Paragraph **A.1.a.**, if provided, supervised, ordered or prescribed only by a licensed:

(1) Physician, osteopathic physician, chiropractic physician or dentist; or

(2) Physician assistant or advanced registered nurse practitioner, under the supervision of such physician, osteopathic physician chiropractic physician or dentist;

as authorized by the Florida Motor Vehicle No-fault Law.

Follow-up services and care may also be provided by:

(3) A licensed hospital or ambulatory surgical center;

(4) An entity wholly owned by one or more licensed physicians, osteopathic physicians, chiropractic physicians or dentists; or by such practitioners and the spouse, parent, child, or sibling of such practitioners;

(5) An entity that owns or is wholly owned, directly or indirectly, by a hospital or hospitals;

(6) A licensed physical therapist, based upon referral by a provider described in Paragraph **A.1.b**; or

(7) A health care clinic licensed under the Florida Health Care Clinic Act:

(a) Which is accredited by the Joint Commission on Accreditation of Healthcare Organizations, the American Osteopathic Association, the Commission on Accreditation of Rehabilitation Facilities or the Accreditation Association for Ambulatory Health Care, Inc.; or

(b) Which:

(i) Has a licensed medical director;

(ii) Has been continuously licensed for more than three years or is a publicly traded corporation that issues securities traded on an exchange registered with the United States Securities and Exchange Commission as a national securities exchange; and

(iii) Provides at least four of the following medical specialties:

i. General medicine;

ii. Radiography;

iii. Orthopedic medicine;

iv. Physical medicine;

v. Physical therapy;

vi. Physical rehabilitation;

vii. Prescribing or dispensing outpatient prescription medication; or

viii. Laboratory services;

as authorized by the Florida Motor Vehicle No-fault Law.

However, with respect to Paragraph **A.1.**, medical expenses do not include massage or acupuncture, regardless of the person, entity or licensee providing the massage or acupuncture;

© Insurance Services Office, Inc., 2013

CA 22 10 01 13

O.R. Policy -336

**2. Replacement Services Expenses**

With respect to the period of disability of the injured person, all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his or her household;

**3. Work Loss**

With respect to the period of disability of the injured person, any loss of income and earning capacity from inability to work proximately caused by the injury sustained by the injured person; and

**4. Death Benefits**

**B. Who Is An Insured**

1. The "named insured".

2. If the "named insured" is an individual, any "family member".

3. Any other person while "occupying" a covered "motor vehicle" with the "named insured's" consent.

4. A "pedestrian" if the "accident" involves the covered "motor vehicle".

**C. Exclusions**

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by the "named insured" or any "family member" while "occupying" any "motor vehicle" owned by the "named insured" that is not a covered "motor vehicle";

2. Sustained by any person while operating the covered "motor vehicle" without the "named insured's" expressed or implied consent;

3. Sustained by any person, if such person's conduct contributed to his or her "bodily injury" under any of the following circumstances:

   a. Causing "bodily injury" to himself or herself intentionally; or

   b. While committing a felony;

4. To the "named insured" or any "family member" for work loss if an entry in the Schedule or Declarations indicates that coverage for work loss does not apply;

5. To any "pedestrian", other than the "named insured" or any "family member", not a legal resident of the state of Florida;

6. To any person, other than the "named insured", if that person is the "owner" of a "motor vehicle" for which security is required under the Florida Motor Vehicle No-fault Law;

7. To any person, other than the "named insured", or any "family member", who is entitled to personal injury protection benefits from the owner of a "motor vehicle" that is not a covered "motor vehicle" under this insurance or from the "owner's" insurer; or

8. To any person who sustains "bodily injury" while "occupying" a "motor vehicle" located for use as a residence or premises.

**D. Limit Of Insurance**

1. Regardless of the number of persons insured, policies or bonds applicable, premiums paid, vehicles involved or claims made, the total aggregate limit of personal injury protection benefits, available under the Florida Motor Vehicle No-fault Law from all sources combined, including this policy, for or on behalf of any one person who sustains "bodily injury" as the result of any one "accident", shall be:

   a. $10,000 for medical expenses, work loss and replacement services; and

   b. $5,000 for death benefits.

2. Subject to Paragraph **D.1.a.**, we will pay:

   a. Up to $10,000 for medical expenses, if a licensed physician, dentist, physician assistant or an advanced registered nurse practitioner authorized by the Florida Motor Vehicle No-fault Law has determined that the "insured" had an "emergency medical condition"; or

   b. Up to $2,500 for medical expenses, if any health care provider described in Paragraph **A.1.a.** or **A.1.b.** has determined that the "insured" did not have an "emergency medical condition".

3. Any amount paid under this coverage will be reduced by the amount of benefits an injured person has been paid or is entitled to be paid for the same elements of "loss" under any workers' compensation law.

4. If personal injury protection benefits, under the Florida Motor Vehicle No-fault Law, have been received from any insurer for the same elements of loss and expense benefits available under this policy, we will not make duplicate payments to or for the benefit of the injured person. The insurer paying the benefits shall be entitled to recover from us its pro rata share of the benefits paid and expenses incurred in handling the claim.

5. The deductible amount shown in the Schedule will be deducted from the total amount of expenses and losses listed in Paragraphs **A.1.**, **A.2.** and **A.3.** of this endorsement before the application of any percentage limitation for each "insured" to whom the deductible applies. The deductible does not apply to the death benefit.

6. Any amount paid under this coverage for medical expenses may be limited by the medical fee schedule prescribed by the Florida Motor Vehicle No-fault Law.

E. **Changes In Conditions**

The **Conditions** are changed for **Personal Injury Protection** as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is replaced by the following:

   Compliance with the following duties is a condition precedent to receiving benefits:

   In the event of an "accident", the "named insured" must give us or our authorized representative prompt written notice of the "accident".

   If any injured person or his or her legal representative institutes a legal action to recover damages for "bodily injury" against a third party, a copy of the summons, complaint or other process served in connection with that legal action must be forwarded to us as soon as possible by the injured person or his or her legal representative.

   A person seeking personal injury protection benefits must, as soon as possible, give us written proof of claim, under oath if required, containing full particulars concerning the injuries and treatment received and/or contemplated, and send us any other information that will assist us in determining the amount due and payable.

A person seeking personal injury protection benefits must submit to an examination under oath. The scope of questioning during the examination under oath is limited to relevant information or information that could reasonably be expected to lead to relevant information.

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   a. No legal action may be brought against us until there has been full compliance with all terms of this policy. In addition, no legal action may be brought against us:

      (1) Until the claim for benefits is overdue in accordance with Paragraph **F.2.** of this endorsement; and

      (2) Until we are provided with a demand letter in accordance with the Florida Motor Vehicle No-fault Law sent to us via U.S. certified or registered mail; and

      (3) With respect to the overdue claim specified in the demand letter, if, within 30 days of receipt of the demand letter, we:

         (a) Pay the overdue claim; or

         (b) Agree to pay for future treatment not yet rendered;

         in accordance with the requirements of the Florida Motor Vehicle No-fault Law.

   b. If legal action is brought against us, all claims related to the same health care provider or facility shall be brought in a single action, unless good cause can be shown why such claims should be brought separately.

O.R. Policy -338

3. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

**Transfer Of Rights Of Recovery Against Others To Us**

Unless prohibited by the Florida Motor Vehicle No-fault Law, in the event of payment to or for the benefit of any injured person under this coverage:

a. We will be reimbursed for those payments, not including reasonable attorneys' fees and other reasonable expenses, from the proceeds of any settlement or judgment resulting from any right of recovery of the injured person against any person or organization legally responsible for the "bodily injury" from which the payment arises. We will also have a lien on those proceeds.

b. If any person to or for whom we pay benefits has rights to recover benefits from another, those rights are transferred to us. That person must do everything necessary to secure our rights and must do nothing after loss to impair them.

c. The insurer providing personal injury protection benefits on a private passenger "motor vehicle", as defined in the Florida Motor Vehicle No-fault Law, shall be entitled to reimbursement to the extent of the payment of personal injury protection benefits from the "owner" or the insurer of the "owner" of a commercial "motor vehicle", as defined in the Florida Motor Vehicle No-fault Law, if such injured person sustained the injury while "occupying", or while a "pedestrian" through being struck by, such commercial "motor vehicle". However, such insurer's right of reimbursement under this Paragraph **c.** does not apply to an "owner" or registrant of a "motor vehicle" used as a taxicab.

4. **Concealment, Misrepresentation Or Fraud** is replaced by the following:

**Concealment, Misrepresentation Or Fraud**

We do not provide coverage under this endorsement for an "insured" if that "insured" has committed, by a material act or omission, insurance fraud relating to personal injury protection coverage under this form, if fraud is admitted to in a sworn statement by the "insured" or if the fraud is established in a court of competent jurisdiction. Any insurance fraud voids all personal injury protection coverage arising from the claim with respect to the "insured" who committed the fraud. Any benefits paid prior to the discovery of the fraud are recoverable from that "insured".

5. **Policy Period, Coverage Territory** is replaced by the following:

**Policy Period, Coverage Territory**

The insurance under this section applies only to "accidents" which occur during the policy period:

a. In the state of Florida;

b. As respects the "named insured" or any "family member", while "occupying" the covered "motor vehicle" outside the state of Florida but within the United States of America, its territories or possessions or Canada; and

c. As respects the "named insured", while "occupying" a "motor vehicle" of which a "family member" is the "owner" and for which security is maintained under the Florida Motor Vehicle No-fault Law outside the state of Florida but within the United States of America, its territories or possessions or Canada.

O.R. Policy -339

**F. Additional Conditions**

The following conditions are added:

**1. Mediation**

  **a.** In any claim filed by an "insured" with us for:

    **(1)** "Bodily injury" in an amount of $10,000 or less, arising out of the ownership, operation, use or maintenance of a covered "auto";

    **(2)** "Property damage" in any amount, arising out of the ownership, operation, maintenance or use of a covered "auto"; or

    **(3)** "Loss" to a covered "auto" or its equipment, in any amount,

    either party may make a written demand for mediation of the claim prior to the institution of litigation.

  **b.** A written request for mediation must be filed with the Florida Department of Financial Services on an approved form, which may be obtained from the Florida Department of Financial Services.

  **c.** The request must state:

    **(1)** Why mediation is being requested.

    **(2)** The issues in dispute, which are to be mediated.

  **d.** The Florida Department of Financial Services will randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference. The mediation conference will be held within 45 days of the request for mediation. The conference will be held by telephone, if feasible. Participants in the mediation conference must have the authority to make a binding decision, and must mediate in good faith. Each party will bear the expenses of the mediation equally, unless the mediator determines that one party has not mediated in good faith.

  **e.** Only one mediation may be requested for each claim unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

  **f.** The mediation shall be conducted as an informal process and formal rules of evidence and procedures need not be observed.

**2. Payment Of Benefits**

Personal injury protection benefits payable under this Coverage Form, whether the full or partial amount, may be overdue if not paid within 30 days after we are furnished with written notice of the covered loss and the amount of the covered loss in accordance with the Florida Motor Vehicle No-fault Law.

However, if we have a reasonable belief that a fraudulent insurance act has been committed relating to personal injury protection coverage under this Coverage Form, we will notify the "insured" in writing, within 30 days after the submission of the claim, that the claim is being investigated for suspected fraud. No later than 90 days after the submission of the claim, we will either deny or pay the claim, in accordance with the Florida Motor Vehicle No-fault Law.

If we pay only a portion of a claim or reject a claim due to an alleged error in the claim, we, at the time of the partial payment or rejection, will provide an itemized specification or explanation of benefits due to the specified error. Upon receiving the specification or explanation, the person making the claim, at the person's option and without waiving any other legal remedy for payment, has 15 days to submit a revised claim, which will be considered a timely submission of written notice of a claim.

**3. Modification Of Policy Coverages**

Any Automobile Medical Payments Coverage and any Uninsured Motorists Coverage afforded by the policy shall be excess over any personal injury protection benefits paid or payable.

Regardless of whether the full amount of personal injury protection benefits has been exhausted, any Medical Payments Coverage afforded by the policy shall pay the portion of any claim for personal injury protection medical expenses which are otherwise covered but not payable due to the limitation of 80% of medical expense benefits but shall not be payable for the amount of the deductible selected.

© Insurance Services Office, Inc., 2013
CA 22 10 01 13

O.R. Policy -340

**4. Medical Reports And Examinations; Payment Of Claim Withheld**

As soon as practicable, the person making the claim shall submit to mental and physical examinations at our expense when and as often as we may reasonably require and a copy of the medical report shall be forwarded to such person if requested. If the person unreasonably refuses to submit to, or fails to appear at, an examination, we will not be liable for subsequent personal injury protection benefits. Such person's refusal to submit to, or failure to appear at, two examinations, raises a rebuttable presumption that such person's refusal or failure was unreasonable.

Whenever a person making a claim as a result of an injury sustained while committing a felony is charged with committing that felony, we shall withhold benefits until, at the trial level, the prosecution makes a formal entry on the record that it will not prosecute the case against the person, the charge is dismissed or the person is acquitted.

**5. Provisional Premium**

In the event of any change in the rules, rates, rating plan, premiums or minimum premiums applicable to the insurance afforded, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-fault Law providing for the exemption of persons from tort liability, the premium stated in the Declarations for any Liability, Medical Payments and Uninsured Motorists insurance shall be deemed provisional and subject to recomputation. If this policy is a renewal policy, such recomputation shall also include a determination of the amount of any return premium previously credited or refunded to the "named insured" pursuant to the Florida Motor Vehicle No-fault Law with respect to insurance afforded under a previous policy.

If the final premium thus recomputed exceeds the premium shown in the Declarations, the "named insured" shall pay to us the excess as well as the amount of any return premium previously credited or refunded.

**6. Special Provisions For Rented Or Leased Vehicles**

Notwithstanding any provision of this coverage to the contrary, if a person is injured while "occupying", or through being struck by, a "motor vehicle" rented or leased under a rental or lease agreement which does not specify otherwise in language required by FLA. STAT. SECTION 627.7263(2) in at least 10-point type on the face of the agreement, the personal injury protection benefits available under the Florida Motor Vehicle No-fault Law and afforded under the lessor's policy shall be primary.

**7. Insured's Right To Personal Injury Protection Information**

a. In a dispute between us and an "insured", or between us and an assignee of the "insured's" personal injury protection benefits, we will, upon request, notify such "insured" or assignee that the limits for Personal Injury Protection have been reached. We will provide such information within 15 days after the limits for Personal Injury Protection have been reached.

b. If legal action is commenced, we will, upon request, provide an "insured" with a copy of a log of personal injury protection benefits paid by us on behalf of the "insured". We will provide such information within 30 days of receipt of the request for the log from the "insured".

© Insurance Services Office, Inc., 2013

O.R. Policy -341

**G. Additional Definitions**

As used in this endorsement:

1. "Emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

   a. Serious jeopardy to "insured's" health;

   b. Serious impairment to bodily functions; or

   c. Serious dysfunction of any bodily organ part.

2. "Motor vehicle" means any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of Florida and any trailer or semitrailer designed for use with such vehicle.

   However, "motor vehicle" does not include:

   a. A mobile home;

   b. Any "motor vehicle" which is used in mass transit, other than public school transportation, and designed to transport more than five passengers exclusive of the operator of the motor vehicle and which is owned by a municipality, a transit authority or a political subdivision of the state.

3. "Family member" means a person related to the "named insured" by blood, marriage or adoption, including a ward or foster child, who is a resident of the same household as the "named insured".

4. "Named insured" means the person or organization named in the Declarations of the policy and, if an individual, shall include the spouse if a resident of the same household.

5. "Occupying" means in or upon or entering into or alighting from.

6. "Owner" means a person or organization who holds the legal title to a "motor vehicle" and also includes:

   a. A debtor having the right to possession, in the event a "motor vehicle" is the subject of a security agreement;

   b. A lessee having the right to possession, in the event a "motor vehicle" is the subject of a lease with option to purchase and such lease agreement is for a period of six months or more; and

   c. A lessee having the right to possession, in the event a "motor vehicle" is the subject of a lease without option to purchase, and such lease is for a period of six months or more, and the lease agreement provides that the lessee shall be responsible for securing insurance.

7. "Pedestrian" means a person while not an occupant of any self-propelled vehicle.

8. "Medically necessary" refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing or treating an illness, injury, disease or symptom in a manner that is:

   a. In accordance with generally accepted standards of medical practice;

   b. Clinically appropriate in terms of type, frequency, extent, site and duration; and

   c. Not primarily for the convenience of the patient, physician or other health care provider.

**O.R. Policy -342**

POLICY NUMBER:                                                    **COMMERCIAL AUTO**
                                                                 **CA 22 65 09 09**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# HAWAII PERSONAL INJURY PROTECTION COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Hawaii, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| Benefit: Medical Expenses | Limit Of Insurance: $10,000 per person per "accident" |
|---|---|
| **Deductible** | |
| ☐ **If indicated to the left or in the Declarations, Personal Injury Protection benefits shall be subject to a deductible of   $** | |
| This deductible shall apply to the total of all Personal Injury Protection benefits paid to the total number of "insureds", other than those described in Paragraph **b.** of the definition of "insured". | |
| **Copayment** | |
| ☐ **If indicated to the left or in the Declarations, Personal Injury Protection benefits shall be subject to a copayment of   $                                    applicable to you or any "family member".** | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

CA 22 65 09 09                    Copyright, Hawaii Insurance Bureau, Inc., 2009           Page 1 of 5    ☐
                                       Includes copyrighted material of
                                  Insurance Services Office, Inc., with its permission.

O.R. Policy -343

## A. Personal Injury Protection

We will pay, in accordance with the Hawaii Motor Vehicle Insurance Law, personal injury protection benefits for medical expenses incurred with respect to "bodily injury" sustained by an "insured" and caused by an "auto accident" arising out of the operation, maintenance or use of a covered "auto".

These benefits are subject to the provisions of the Hawaii Motor Vehicle Insurance Law. Benefits consist of the following:

All appropriate and reasonable treatment and expenses necessarily incurred as a result of accidental harm to an "insured" and which are substantially comparable to the requirements for prepaid health care plans, including medical, hospital, surgical, professional, nursing, advanced practice nursing recognized pursuant to Chapter 457, dental, optometric, chiropractic, naturopathy, acupuncture, ambulance, prosthetic services, medical equipment and supplies, products and accommodations furnished, x-ray, psychiatric, occupational therapy, rehabilitation, and if prescribed by a medical doctor, physical therapy and therapeutic massage by a licensed massage therapist.

Benefits under this section may be with copayment, and will be subject to and apply the utilization requirements applicable under prepaid health care plans, under Chapter 393 and rules of the Department of Labor and Industrial Relations, pertaining to the Prepaid Health Care Act, as of January 1, 1998. This reference to the Prepaid Health Care Act is only for purposes of describing the coverages and exclusions, without regard to any specific insurer or plan, and will not be construed to transfer coverage to prepaid health care plans.

## B. Exclusions

We will not pay personal injury protection benefits for "bodily injury":

1. Sustained by any "family member" who is a Named Insured under another motor vehicle insurance policy, except while "occupying" a covered "auto".

2. Sustained by you or any "family member" while "occupying" an "auto" "owned by" you which is not a covered "auto".

3. Sustained by any "family member" while "occupying" an "auto" "owned by" that "family member" and for which the security required under the Hawaii Motor Vehicle Insurance Law is not in effect.

4. Sustained by any "insured" using or operating an "auto" which causes any loss:

   a. While engaged in "criminal conduct"; or

   b. While seeking to avoid lawful arrest by a law enforcement officer.

5. Sustained by you or any "family member" while "occupying", or while a pedestrian caused by, an insured "auto" other than "your covered auto".

6. Sustained outside Hawaii by any "insured" other than you or a "family member" resulting from the operation, maintenance or use of an "auto" which is:

   a. Regularly used in the business of transporting persons or property; and

   b. One of five or more autos under common ownership.

7. Resulting from hazardous properties of nuclear materials.

8. To any "insured" receiving public assistance benefits when a motor vehicle insurance policy is issued to certified public assistance recipients at no cost under the Hawaii Joint Underwriting Plan.

   "'Insured' receiving public assistance benefits" means an "insured" receiving:

   a. Direct cash payments through the Department of Human Resources; or

   b. Benefits from the Social Security Supplemental Security Insurance Program.

9. To any "insured" occupying a motorcycle or motor scooter at the time of accident.

10. Arising directly or indirectly out of:

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## C. Limit Of Insurance

1. The Limit of Insurance shown in the Schedule or Declarations for this coverage is our maximum Limit of Insurance for each "insured" injured in any one "auto accident". This is the most we will pay regardless of the number of:

   a. "Insureds";

Copyright, Hawaii Insurance Bureau, Inc., 2009
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

CA 22 65 09 09    □

O.R. Policy -344

b. Claims made;

c. "Autos" or premiums shown in the Declarations;

d. "Autos" involved in the "auto accident"; or

e. Insurers providing personal injury protection benefits.

2. Subject to our maximum Limit of Insurance for this coverage, our Limit of Insurance for each person for:

a. Chiropractic treatments shall not exceed the lesser of:

   (1) Thirty visits at not more than $75 a visit, plus five x-rays at no more than $50 each; or

   (2) Treatment as defined by the Hawaii State Chiropractic Association guidelines.

b. Acupuncture treatments shall not exceed 30 visits at no more than $75 a visit.

c. Naturopathic treatments shall not exceed 30 visits at no more than $75 a visit.

However, the combined total of naturopathic, chiropractic and acupuncture treatments shall not exceed 30 visits.

3. Any amount payable under this insurance will be limited by the workers' compensation supplemental medical fee schedule.

4. Any amount payable under this insurance will be reduced by amounts paid, payable, or required to be provided under any workers' compensation law.

However, if an "insured's" right to collect these workers' compensation benefits is contested, resulting in a delay of these payments, we will pay personal injury protection benefits.

5. If the Schedule or Declarations indicates that:

a. The medical expenses deductible option applies, any amounts payable for the sum of medical expenses for you or any "family member" as a result of any one "auto accident" will be reduced by the amount of such deductible.

b. The medical expenses copayment option applies, any amounts payable for the sum of medical expenses for you or any "family member" as a result of any one "auto accident" will be reduced by such copayment after the application of any deductible.

**D. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. Paragraph **b.** of the **Duties In the Event Of Accident, Claim, Suit Or Loss** Condition is replaced by the following:

b. A person seeking coverage must:

   (1) Cooperate with us in the investigation or settlement of any claim.

   (2) Submit, as often as we reasonably require, to physical or mental examinations by health care providers we select or are acceptable to us.

   (3) Authorize us to obtain:

      (a) Medical reports;

      (b) Statements of earnings; and

      (c) Other pertinent records.

   (4) Submit a written proof of claim under oath when required by us, including full information on the nature of treatment received and planned.

   (5) Promptly send us copies of the legal papers if a suit is brought.

2. The **Transfer Of Rights Of Recovery Against Others To Us** Condition is amended by the addition of the following:

If we make payment under this policy and the person to or for whom payment is made recovers damages from another, we will have a lien on the proceeds of recovery and that person shall:

a. Hold in trust for us the proceeds of the recovery; and

b. Reimburse us to the extent of our payment.

For any recovery subject to this provision, which results in duplication of personal injury protection benefits already paid under this policy, we are entitled to recover 50% of the basic statutory requirement for Personal Injury Protection benefits. However, this 50% recovery does not apply to workers' compensation.

3. The following conditions are added:

a. **Arbitration**

   If we and an "insured" do not agree on any matter to a claim, either party may request arbitration as prescribed in Section 431:10C-213 of the Hawaii Motor Vehicle Insurance Law.

Copyright, Hawaii Insurance Bureau, Inc., 2009
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

**b. Nonduplication Of Benefits**

No one will be entitled to duplicate payments for the same elements of loss under this coverage regardless of the number of:

**(1)** "Autos" covered; or

**(2)** Insurers (including self-insurers) providing security in accordance with the Hawaii Motor Vehicle Insurance Law.

If an "insured" is entitled to similar benefits under more than one policy, the maximum recovery under all policies will not exceed the amount payable under the policy with the highest dollar limits of benefits.

If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

If you or a "family member" is driving a "temporary loaner vehicle" and you are in an "auto accident", this insurance is primary and any similar insurance covering the "temporary loaner vehicle" will be excess coverage.

If there is an "auto accident" while an employee of a registered repair shop or licensed motor vehicle dealer is driving or road-testing "your covered auto", this insurance is excess to any primary coverage for personal injury protection benefits available to the repair shop or dealer.

**c. Excess Provision**

In consideration of the coverage afforded under Personal Injury Protection benefits and the adjustment of any applicable rates, any amount payable under Uninsured Motorists Coverage will be excess to the amount of personal injury protection benefits paid or payable to an "insured" whose claim for such benefits meets the requirements of the Hawaii Motor Vehicle Law.

**d. Constitutionality Provision**

If a court of competent jurisdiction declares, or enters a judgment which renders the provisions of the Hawaii Motor Vehicle Insurance Law providing for abolition of tort liability invalid or unenforceable, we are subrogated to all rights of an "insured" to whom or for whose benefit any personal injury protection benefits have been paid under this policy to the full extent of such payments.

The "insured" shall do:

**(1)** Whatever is necessary to enable us to exercise our rights; and

**(2)** Nothing after loss to prejudice them.

**E. Additional Definitions**

As used in this endorsement:

**1.** "Auto" means a vehicle of the type required to be registered under Chapter 286 of Hawaii Revised Statutes or a trailer attached to an "auto" but not including motorcycles or motor scooters.

**2.** "Auto accident" means an accident resulting from:

**a.** The "operation, maintenance or use" of an "auto" as an "auto".

**b.** Movement of an object propelled by an "auto".

**3.** "Criminal conduct" means:

**a.** Committing an offense punishable by more than a year's imprisonment.

**b.** Operating or using an "auto" to intentionally cause "bodily injury" or "property damage".

**c.** Operating or using an "auto" as a converter without a good faith belief by the operator or user that he or she is entitled to operate or use the vehicle.

**4.** "Insured" means:

**a.** You or any "family member" injured in an "auto accident":

**(1)** While "occupying" an "auto"; or

**(2)** As a "pedestrian" when struck by an "auto".

**b.** Anyone else injured in an "auto accident" while "occupying" or when struck as a "pedestrian" by "your covered auto" or a temporary loaner vehicle".

**5.** "Occupying" means in, upon, getting in, on, out or off.

**6.** "Operation, maintenance or use" includes "occupying" but does not include:

**a.** Loading or unloading unless "bodily injury" occurs next to the vehicle; or

**b.** Work done in the business of repairing, servicing or otherwise maintaining vehicles unless these are done outside the premises of this business.

**7.** "Owned by" means that a person:

**a.** Holds a legal title; or

**b.** Is a debtor who has legal possession while buying a vehicle on installments; or

**c.** Has legal possession and has an agreement or lease of one year or more; or

**d.** Is the owner of an "auto" until on selling the "auto", title is delivered to the buyer.

**8.** "Pedestrian" means anyone not "occupying" an "auto".

**9.** "Temporary loaner vehicle" means an "auto":

    **a.** Available to you as a customer of a repair shop or a dealer licensed by one or more appropriate state agencies.

**b.** Used by you while the garage or dealer is servicing "your covered auto".

**10.** "Your covered auto" means an "auto":

    **a.** For which you are required to maintain security under the Hawaii Motor Vehicle Insurance Law.

    **b.** To which "bodily injury" liability coverage under this policy applies.

Copyright, Hawaii Insurance Bureau, Inc., 2009
Includes copyrighted material of
Insurance Services Office, Inc., with its permission.

POLICY NUMBER:

**COMMERCIAL AUTO**
**CA 22 14 10 13**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Kansas, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| Benefits | Limits |
|---|---|
| A. Medical Expenses | Up to $4,500 |
| B. Rehabilitation Expenses | Up to $4,500 |
| C. Work Loss | $900 per month maximum, up to one year maximum |
| D. Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| E. Funeral Expenses | Up to $2,000 per person |
| F. Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum* |
| * Survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

O.R. Policy -348

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. Medical Expenses. All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. Rehabilitation Expenses. All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. Work Loss. Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. Essential Service Expenses. Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. Funeral Expenses. Funeral, burial or cremation expenses incurred.

6. Survivor's Loss. Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings"; and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally;

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained;

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises; or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

© Insurance Services Office, Inc., 2012      CA 22 14 10 13

O.R. Policy -349

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for Personal Injury Protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity; and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed 365 days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative Personal Injury Protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of Personal Injury Protection benefits otherwise actually paid and recovered which is in excess of the amount of Personal Injury Protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said Personal Injury Protection benefits.

b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within 18 months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of Personal Injury Protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorneys' fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

If two or more insurers or self-insurers are liable to pay Personal Injury Protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|---|---|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |

| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |
|---|---|

5. The **Policy Period, Coverage Territory** Condition is replaced by the following:

This Coverage Part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas; and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**Payment Of Benefits**

Personal Injury Protection benefits payable under this Coverage Form shall be overdue if not paid within 30 days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this Coverage Form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within 30 days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**Coordination And Nonduplication**

a. Any "auto" medical payments coverage provided under this Coverage Part shall be excess insurance over any Personal Injury Protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the Coverage Form to which it is attached, the provisions of the Coverage Form are superseded by the provisions of this endorsement.

c. Terms of this Coverage Form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

## F. Additional Definitions

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

   a. The "bodily injury" Covered Autos Liability Coverage of the policy applies and for which a specific premium is charged; and

   b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

   a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed;

   b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the Declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of 18 years, where such person's death resulted from a "bodily injury".

© Insurance Services Office, Inc., 2012

O.R. Policy -352

COMMERCIAL AUTO
CA 22 16 10 13

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# KENTUCKY PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Kentucky, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to the coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## A. Coverage

The company will pay Personal Injury Protection benefits in accordance with Kentucky Revised Statutes Chapter 304, Subtitle 39, incurred with respect to "bodily injury" sustained by an "insured" and caused by an "accident" arising out of the operation, maintenance or use of a "motor vehicle" as a vehicle. These Personal Injury Protection benefits consist of the following:

### 1. Medical Expense

Reasonable charges incurred for reasonably needed products, services and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, licensed ambulance services and other remedial treatment and care, any nonmedical remedial treatment rendered in accordance with a recognized religious method of healing, and any healing arts professions of a type licensed by the Commonwealth of Kentucky, provided that medical expense shall not include that portion of a charge for a room in a hospital, clinic, convalescent or nursing home or any other institution engaged in providing nursing care and related services, in excess of a reasonable and customary charge for semiprivate accommodations, unless intensive care is medically required.

### 2. Work Loss

Loss of income from work the "insured" would probably have performed if he or she had not been injured, and expenses reasonably incurred by him or her in obtaining services in lieu of those he or she would have performed for income, reduced by any income from substitute work actually performed by him or her.

### 3. Replacement Services Loss

Expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the "insured" would have performed, not for income, but for the benefit of himself or his family if he had not been injured.

### 4. Survivor's Economic Loss

Loss after the "insured's" death of contributions of things of economic value to his "survivors", not including services they would have received from the "insured" had he not suffered the fatal injury, less expenses of the "survivors" avoided by reason of the eligible injured person's death.

### 5. Survivor's Replacement Services Loss

Expenses reasonably incurred by "survivors" after the "insured's" death in obtaining ordinary and necessary services in lieu of those the "insured" would have performed for their benefit had he not suffered the fatal injury, less expenses of the "survivors" avoided by reason of the "insured's" death and not subtracted in calculating survivor's economic loss.

O.R. Policy -353

### 6. Funeral Expense

Reasonable charges incurred for expenses in any way related to funeral, cremation or burial.

### B. Who Is An Insured

1. The "named insured" or any "relative" who sustains "bodily injury" while "occupying" or while a "pedestrian" through being struck by any "motor vehicle", provided that, if such person has rejected the limitation upon his tort rights pursuant to Kentucky Revised Statutes Chapter 304, Subtitle 39, he shall not be an "insured", unless personal injury protection coverage has subsequently been purchased for such person under this policy; or

2. Any other person who sustains "bodily injury" while "occupying" or while a "pedestrian" through being struck by the "insured motor vehicle", provided that, if such person has rejected the limitation upon his tort right pursuant to Kentucky Revised Statutes Chapter 304, Subtitle 39, he shall not be an "insured".

### C. Exclusions

We will not pay personal injury protection benefits for "bodily injury":

1. Sustained by the "named insured" or any "relative", who has not rejected his tort limitation pursuant to Kentucky Revised Statutes Chapter 304, Subtitle 39, while "occupying" or while a "pedestrian" through being struck by any "motor vehicle", other than the "insured motor vehicle", with respect to which the security required under Kentucky Revised Statutes Chapter 304, Subtitle 39, is in effect unless the provider of such security fails to make payment for loss within 30 days of reasonable proof of the fact and the amount of loss sustained.

2. Sustained by any person if such injury arises from his conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurs off the business premises.

3. Sustained by any person arising from conduct in the course of loading or unloading any "motor vehicle" unless such conduct occurs while "occupying" such "motor vehicle".

4. With respect to any benefits any person would otherwise be entitled to receive hereunder for "bodily injury" intentionally caused by such person or arising out of his intentionally attempting to cause "bodily injury", and, if any person dies as a result of intentionally causing or attempting to cause "bodily injury" to himself, his survivors are not entitled to any survivor's economic loss or survivor's replacement services loss benefits.

5. Sustained by any "pedestrian", other than the "named insured" or any "relative", outside the Commonwealth of Kentucky.

6. Sustained by any person, other than the "named insured" or any "relative", while "occupying" a "motor vehicle" which is regularly used in the course of the business of transporting persons or property and which is one of five or more "motor vehicles" under common ownership, or a "motor vehicle" owned by a government other than the Commonwealth of Kentucky, its political subdivisions, municipal corporations or public agencies, if the accident occurs outside the Commonwealth of Kentucky.

This exclusion does not apply to "bodily injury" sustained by any occupant of a bus if such occupant is a Kentucky resident, boarded the bus in Kentucky and the bus is registered in Kentucky with the security required under Kentucky Revised Statutes Chapter 304, Subtitle 39. However, this exception does not apply if the bus is owned by a government other than the Commonwealth of Kentucky, its political subdivisions, municipal corporations or public agencies.

7. Sustained by any person arising out of the use of any "motor vehicle" while located as a residence or premises.

8. Arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

9. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

© Insurance Services Office, Inc., 2012   **CA 22 16 10 13**

O.R. Policy -354

10. Sustained by any person while "occupying" a motorcycle, unless the Declarations indicates a premium for Motorcycle Personal Injury Protection Coverage.

11. Sustained by any person other than the "named insured" or any "relative" which arises from the operation, maintenance or use of a "motor vehicle" without a good faith belief that he or she is legally entitled to do so.

**D. Limit Of Insurance**

1. Regardless of the number of persons insured, policies or approved plans of self-insurance applicable, premiums paid, claims made or "insured motor vehicles" to which this coverage applies, the company's liability for personal injury protection benefits with respect to "bodily injury" sustained by any one "insured" in any one "motor vehicle" "accident" shall not exceed $10,000 in the aggregate, and subject to such aggregate limit:

   a. The maximum amount payable for work loss, replacement services loss, survivor's economic loss and survivor's replacement services loss shall not exceed $200 per week in the aggregate prorated for any lesser period, provided that, if the "insured's" earnings or work is seasonal or irregular, the weekly limit shall be equitably adjusted or apportioned on an annual basis;

   b. The maximum amount payable for funeral expense shall not exceed $1,000.

2. Any amount payable by the company under the terms of this coverage shall be reduced by any applicable deductible set forth in the Declarations, but only with respect to "bodily injury" sustained by the "named insured" or any "relative", provided that, if two or more such persons sustain "bodily injury" in the same "motor vehicle" "accident", such deductible applicable to all of them shall not exceed such deductible amount and such amount shall be allocated equally among them. Provided further that a "named insured" or "relative" is entitled to receive under this coverage the difference between this deductible and a greater deductible applicable under another policy applying to personal injury protection coverage pursuant to Kentucky Revised Statutes Chapter 304, Subtitle 39.

3. In calculating loss or expense for which personal injury protection benefits are payable under this coverage, a reduction shall be made in the amount of:

   a. All benefits or advantages a person receives or is entitled to receive from workmen's compensation, unless these benefits or advantages have not been received before personal injury protection benefits are overdue or the claim is paid.

   b. Any income tax saving resulting from benefits or advantages received for loss of income under this coverage or from like benefits or advantages received under workmen's compensation which are not considered taxable income, provided that the maximum reduction may not exceed 15% of the loss of income and shall be in lesser amount if the claimant furnishes to the company reasonable proof of a lower value of the income tax advantage.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

   a. In the event of an "accident", written notice containing particulars sufficient to identify the "insured" and also reasonably obtainable information respecting the time, place and circumstances of the "accident" shall be given by or on behalf of each "insured" to the company or any of its authorized agents as soon as practicable.

   b. As soon as practicable, the "insured" or someone on his behalf shall give the company written proof of claim, under oath if required, including full particulars of the nature and extent of the "bodily injury" treatment and rehabilitation received and contemplated and such other information as may assist the company in determining the amount due and payable. The "insured" shall submit, when required by order of a court, to a physical or mental examination by a physician specified in the court order.

2. The **Transfer Of Rights Of Recovery Against Others To Us** Condition is replaced by the following:

**Transfer Of Rights Of Recovery Against Others To Us**

Subject to the provisions of the Kentucky Revised Statutes Chapter 304, Subtitle 39, in the event of any payment under this coverage, the Company is subrogated to the rights of the person to whom or for whose benefit such payments were made to the extent of such payments. Such person shall execute and deliver the instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

3. The **Other Insurance** Condition in the Auto Dealers and Business Auto Coverage Forms and the **Other Insurance – Primary And Excess Insurance Provisions** Condition in the Motor Carrier Coverage Form are replaced by the following:

In the event an "insured" has other similar insurance, including approved self-insurance plans, available and applicable to the "accident", the maximum recovery under all such insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limit of liability of this coverage and such other insurance.

4. The following conditions are added:

**Excess Coverages**

a. Any amount payable under the uninsured motorists coverage shall be excess insurance over any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of "bodily injury" sustained by an "insured";

b. Any automobile medical payments or expense coverages afforded under this policy shall be excess insurance over any personal injury protection benefits paid or payable but for the application of a deductible under this or any other automobile insurance policy because of "bodily injury" sustained by an "insured".

**Nonduplication Of Benefits**

No "insured" shall recover duplicate benefits for the same elements of loss under this or any similar insurance, including approved self-insurance plans.

**Constitutionality Clause**

The premium for and the coverages of the policy have been established in reliance upon the provisions of the Kentucky Revised Statutes Chapter 304, Subtitle 39. In the event a court of competent jurisdiction declares, or enters a judgment the effect of which is to render, the provisions of such statutes invalid or unenforceable in whole or in part, the company shall have the right to recompute the premium payable for the policy, and the provisions of this endorsement shall be voidable or subject to amendment at the option of the company.

**Notice To Policyholders**

Acceptance of the coverage described in Kentucky Revised Statutes Chapter 304, Subtitle 39, places some limitations on your right to bring suit for "bodily injury". Kentucky Revised Statutes Section 304.39-060 provides in part that:

(1) Any person who registers, operates, maintains or uses a "motor vehicle" on the public roadways of this Commonwealth shall, as a condition of such registration, operation, maintenance or use of such "motor vehicle" and use of the public roadways, be deemed to have accepted the provisions of this subtitle, and in particular those provisions which are contained in this section.

(2)(a) Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance or use of a "motor vehicle" is 'abolished' for damages because of "bodily injury", sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under Subsection (2)(b) hereof.

**(b)** In any action of tort brought against the owner, registrant, operator or occupant of a "motor vehicle" with respect to which security has been provided as required in this subtitle, or against any person or organization legally responsible for his or her acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of "bodily injury", sickness or disease arising out of the ownership, maintenance, operation or use of such "motor vehicle" only in the event that the benefits which are payable for such injury as 'medical expense' or which would be payable but for any exclusion or deductible authorized by this subtitle exceed $1,000, or the injury or disease consists in whole or in part of permanent disfigurement, a fracture to a bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of bodily function or death.

Any person who is entitled to receive free medical and surgical benefits shall be deemed in compliance with the requirements of this subsection upon a showing that the medical treatment received has an equivalent value of at least $1,000.

**(c)** Tort liability is not so limited for injury to a person who is not an owner, operator, maintainer or user of a "motor vehicle" within Subsection **(1)** of this section, nor for injury to the passenger of a motorcycle arising out of the maintenance or use of such motorcycle.

**(3)** Any person may refuse to consent to the limitations of his or her tort rights and liabilities as contained in this section. Such rejection must be completed in writing or electronically in a form to be prescribed by the Department of Insurance and must have been executed and filed with the Department at a time prior to any "motor vehicle" accident for which such rejection is to apply.

These are some of the exceptions to the limitations on your right to sue and are not intended to comprise a complete enumeration of all circumstances under which suit may be brought for "bodily injury".

**F. Additional Definitions**

As used in this endorsement:

1. "Named insured" means the person or organization named in the Declarations.

2. "Motor vehicle" means a vehicle as defined in Kentucky Revised Statutes Chapter 304, Subtitle 39.

3. "Insured motor vehicle" means a "motor vehicle" with respect to which:

   **a.** The "bodily injury" Covered Autos Liability insurance of the policy applies and for which a specific premium is charged; and

   **b.** The "named insured" is required to maintain security under the provisions of Kentucky Revised Statutes Chapter 304, Subtitle 39.

4. "Occupying" means in or upon, entering into or alighting from.

5. "Pedestrian" means a person who is not "occupying" a "motor vehicle" at the time the injury occurs.

6. "Relative" means the spouse and any person related to the "named insured" by blood, marriage or adoption, including a minor in the custody of the "named insured", spouse or such related person who is a resident of the same household as the "named insured", whether or not temporarily residing elsewhere, but does not include any such person who is a "named insured" under any other policy providing the security under Kentucky Revised Statutes Chapter 304, Subtitle 39.

7. "Survivor" means a person identified in Kentucky Revised Statutes Section 411.130 as one entitled to receive benefits by reason of the death of another person.

POLICY NUMBER:                                                **COMMERCIAL AUTO**
                                                             **CA 22 19 10 13**

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# MARYLAND PERSONAL INJURY
# PROTECTION ENDORSEMENT

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Maryland, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| Personal Injury Protection Benefits | Total Aggregate Amount | |
|---|---|---|
| Medical expense benefits, income continuation benefits and essential services benefits | [X]  $ 2,500 | Per "Insured" |
| In consideration of a reduction in premium, the following Personal Injury Protection waiver option applies as indicated below or in the Declarations: | | |
| [ ] If you are an individual, all Personal Injury Protection benefits provided under this endorsement are excluded for: | | |
| **1.**     You; | | |
| **2.**     Any "family member" aged 16 or over; and | | |
| **3.**     All drivers shown on the Coverage Form. | | |
| [X] If you are other than an individual, all Personal Injury Protection benefits provided under this endorsement are excluded for: | | |
| **1.**     You; and | | |
| **2.**     All drivers shown on the Coverage Form. | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

O.R. Policy -358

## A. Coverage

We will pay Personal Injury Protection benefits for loss and expense incurred because of "bodily injury" sustained by an "insured" and caused by an "accident" involving an "auto" as follows:

1. Medical expense benefits to or on behalf of each "insured". All reasonable expenses arising from the "accident" and incurred within three years from the date of the "accident" for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital and professional nursing services and funeral services (including funeral, burial or cremation services).

2. Income continuation benefits to or on behalf of each "insured" who, at the time of the "accident", was an "income producer". Payment for 85% of the loss of gross income incurred within three years from the date of the "accident".

3. Essential services benefits to or on behalf of each "insured" who, at the time of the "accident", was not an "income producer". Reimbursement for necessary and reasonable payment made to others, not members of the "insured's" household, incurred within three years from the date of the "accident" for essential services ordinarily performed by the "insured" for care and maintenance of his or her family household.

## B. Who Is An Insured

1. You.

2. If you are an individual, any "family member".

3. Any other person while:

   a. "Occupying" the covered "auto" as a guest or passenger;

   b. Using the covered "auto" with your consent; or

   c. A "pedestrian" through being struck by the covered "auto".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury" sustained by:

1. Any person who intentionally causes the "auto" "accident";

2. Any person while operating or voluntarily riding in an "auto" known by him or her to be stolen;

3. Any person while in the commission of a felony or fleeing or attempting to elude a police officer;

4. Any person arising out of the ownership, maintenance or use of a motorcycle, moped or motor scooter by such person;

5. Any person who is a pedestrian injured in an "accident" outside of Maryland and who is not a resident of Maryland;

6. You or any "family member" while "occupying" or struck by any "auto" owned by you or any "family member" that is not a covered "auto";

7. Any person while "occupying" an "auto" other than the covered "auto" under this Coverage Part or while a "pedestrian" struck by any "auto" other than the covered "auto" if such "auto" has the coverage required under § 19-505 of the Insurance Article of the Annotated Code of Maryland;

8. Any person while "occupying" an "auto" you own which is rented or borrowed from you for use as a "replacement vehicle" for a vehicle not in use if the vehicle not in use has the coverage required under § 19-505 of the Insurance Article of the Annotated Code of Maryland. This exclusion applies only if this Coverage Form is used with the Auto Dealers Coverage Form;

9. (If you are an individual), you, any "family members" aged 16 or over and all drivers shown on the Coverage Form, if the Schedule indicates that the Personal Injury Protection waiver has been selected; or

10. (If you are other than an individual), you and all drivers shown on the Coverage Form, if the Schedule indicates that the Personal Injury Protection waiver has been selected.

## D. Limit Of Insurance

1. Regardless of the numbers of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for Personal Injury Protection benefits to or for any one "insured" as the result of any one "accident" is the total aggregate amount per "insured" shown in the Schedule.

2. Any amount paid under this coverage to or on behalf of an "insured" will be reduced by any amount paid to or on behalf of that "insured" under any workers' compensation law of any state or the federal government. However, this applies only to that amount for which the provider of the workers' compensation benefits has not been reimbursed.

© Insurance Services Office, Inc., 2011        CA 22 19 07 13

## E. Changes In Conditions

The **Conditions** are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

   If an "insured" is injured, that "insured" or someone on his or her behalf must promptly give us, within a period not to exceed 12 months after the date of the "accident":

   **a.** Written proof of claim;

   **b.** Full particulars of the nature and extent of the injuries and treatment received and contemplated; and

   **c.** Such other information that will help us determine the amount due and payable.

   If benefits for loss of wages or salary (or, in the case of a self-employed "insured", their equivalent) are claimed, the person presenting such claim shall authorize us to obtain details of all wage and salary payments (or their equivalent) paid to him or her by any employer or earned by him or her since the time of the "bodily injury" or during the year immediately preceding the date of the "accident".

   In the event of the "insured's" death or incapacity, his or her legal representative shall, upon each request by us, execute authorization to enable us to obtain medical records and copies of records.

   Proof of claim shall be made upon forms furnished by us, unless we have failed to furnish such forms within 15 days after receiving notice of claim. The person making claim shall submit to examination under oath if required, by any person named by us as often as reasonably required.

   If a lapse occurs in the period of disability or medical treatment of an "insured" who has received benefits under this coverage and he or she subsequently claims a recurrence of the "bodily injury" for which the original claim was made, such "insured" or someone on his or her behalf shall be required to submit to us reasonable medical proof of such recurrence.

   Payment of Personal Injury Protection benefits shall be made promptly and within 30 days after satisfactory proof of claim has been submitted to us.

2. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are amended by the addition of the following:

   With respect to you or any "family member" who sustains "bodily injury" while "occupying", or while a "pedestrian" through being struck by, an "auto" not insured as required under §§ 19-505 and 19-509 of the Insurance Article of the Annotated Code of Maryland:

   **a.** If there is no other available personal injury protection coverage, the benefits payable under this Coverage Part will be reduced by any medical or disability benefits coverage applicable to such "auto" and collectible from the insurer of such "auto".

   **b.** If there is other available personal injury protection coverage, the aggregate maximum amount payable for Personal Injury Protection benefits under this and all other policies shall not exceed the highest applicable limit of insurance for such coverage under any one of such policies, provided that such aggregate maximum amount will be reduced by any medical or disability benefits coverage applicable to such "auto" and collectible from the insurer of such "auto". This reduction shall not apply to benefits paid or payable under any uninsured motorists coverage or by the Maryland Unsatisfied Claim and Judgment Fund.

   In addition, any automobile medical payments coverage provided under the Coverage Part is excess over any medical expense benefits paid or payable under this or any other automobile insurance policy because of "bodily injury" to an "insured".

## F. Additional Definitions

As used in this endorsement:

1. "Auto" means an automobile and any other vehicle, including a trailer, operated or designed for operation upon a public road by any power other than animal or muscular power.

2. "Bodily injury" means bodily injury, sickness or disease, including death resulting therefrom, but the term "bodily injury" shall not include:

   **a.** Bodily injury due to war, declared or not, civil war, insurrection, rebellion, revolution, or to any act or condition incident to any of the foregoing; and

O.R. Policy -360

**b.** Bodily injury resulting from radioactive, toxic, explosive or other hazardous properties of nuclear material.

**3.** "Family member" means a person related to you by blood, marriage or adoption, who is a resident of the same household, and includes your unmarried and unemancipated children, while away from your household attending school or while in military service.

**4.** "Income" means wages, salary, tips, commissions, professional fees, and other earnings from business or farms owned individually or jointly or in partnership with others, and to the extent that any such earnings are paid or payable in property or services other than cash, income means the reasonable value of such property or services.

**5.** "Income producer" means a person who at the time of the "accident" was in an occupational status where he or she was earning or producing "income".

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Pedestrian" means any person not "occupying" an "auto", including an individual in, on, or alighting from any other vehicle operated by animal or muscular power, or on or alighting from an animal.

**8.** "Replacement vehicle" means a vehicle that is loaned by or rented from an auto repair facility or dealer to use while a vehicle owned by your customer is not in use because of its breakdown, repair, servicing or damage.

© Insurance Services Office, Inc., 2013

**CA 22 19 10 13**

**O.R. Policy -361**

## IL 10 (12/06)   OLD REPUBLIC INSURANCE COMPANY

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## MARYLAND PERSONAL INJURY PROTECTION (PIP) – EXCLUSION
## OF DRIVERS ENDORSEMENT

It is agreed that Maryland Personal Injury Coverage has been waived (excluded) for the Drivers listed in the Schedule:

### Schedule Of Individual Drivers

| Insured Entity | Name Of Driver |
|---|---|
| Penske Logistics, LLC | Barnes,Robert |
| | Booth Jr,Wesley |
| | Bottesi,Marvin |
| | Brightful,Darrell |
| | Byrum,Jeffrey G |
| | Dorsey,Christopher G |
| | Eichelberger,Leroy |
| | Fernandez,George |
| | Gardner,William S |
| | Grissitte,William |
| | Harris,Corey |
| | Hayes,Eric E |
| | Heintz,Thomas C |
| | Izzard,Herbert |
| | Jones,Rodney |
| | Lascola,Wayne B |
| | Lawson,Johnie R |
| | Lewis,Robert |
| | Mazan,David E |
| | McLean,Gerard |
| | Mende Jr.,James T |
| | Miller,Litt O |
| | Minor,Tyron M |
| | Moore,Phillip E |
| | Nigrin,Gordon J |
| | Odendhal III,Clifton |
| | Panzer,Larry R |
| | Pavalok,Robert L |
| | Roe,Brian J |
| | Scribner,Edward |
| | Shepherd,Mark A |
| | Smith,Larmont M |
| | Spence,Nicholas J |
| | Stokes,Antoine D |
| | Thomas,Edward |
| | Vail,Charles P |
| | Vanstory,Myron O |
| | Weaver,Jensen |
| | Wiley,John B |

PCA 108 04 13

O.R. Policy -362

Williams Sr.,Quontay W
Williams,Herman K

Penske Truck Leasing Co., L.P.

Aaron,Bradley J
Agres,Jason
Allen Jr.,Arnold V
Allshouse,Susan
Almeda,Carlos A
Amspacher,Nicole A
Anderson,Willie C
Angle,Eugene P
Antonelli,Mark J
Apostolou,Jordan D
Arthur,Lonszie J
Ashburn,Ronald W
Augustyniak,Matthew
Babcock,Robert D
Baker,Earl R
Baker,William B
Baldelli,Anthony
Barb Sr,Robert W
Barnett,Jacob D
Barnett,Ryan M
Barrett,Alfonso
Baseman,Grant
Basil,Kevin
Bazemore,Rodriguez A
Beckett,William T
Beckman,Matt H
Berkeridge Jr,John J
Billups,Marcus M
Boarman,Joseph F
Bobo,Ronald
Bollinger,Brandon M
Bollinger,Herbert L
Bonham,Brandon J
Boone Jr,James M
Borgoyn,Brian J
Bouthillette,Cory M
Bowman,Jimmy L
Brooks,Keeyan O
Broseker,Sandra
Broughton,Phil
Brown,Jimmy L
Brown,Steven D
Budny,Ian F
Burns,James W
Burton,Brandon
Bye,Michael C
Byer,Shawn K
Campbell,Robert Gc
Cativo,Marcelo M
Chappell,Douglas E
Charles,Darion
Cheatham,Stanley
Clark,Kyle A
Clark,Vance H

O.R. Policy -363

Clements,Kourtnee
Coleman II,Michael A
Coley,Zachary M
Collins,Jason M
Collins,Stephen J
Colon,Crystal
Colson,Arthur J
Conrad,Austin K
Cook,Clifton P
Cook,Gary E
Cooksey,Jeff K
Cooksey,Joshua W
Cooling,Ryan A
Cooper,Michael A
Corbin,Robert L
Crist,Brad W
Crofoot,Michael A
Cross,Paul R
Crum,Anthony S
Curry,Darenell
Curtis,Marcus A
Cuthrell,Charles M
Daniel,Arron A
Davis,Glenn
Davis,James
Davis,Robert J
Davis,Sean E
DeTello,Dominic P
Dias,Richard L
Dilley,Charles C
Dillon,Oscar L
Dipompo,Joseph A
Drake,James A
Drury,John N
Duhaney,Donovan O
Dunkley,Junior C
Dunwell,Warren Walpert
Durbin,Jake D
Dyson,Gary L
Earls,John B
Eatough,Nancy L
Ecton,Clement A
Edwards Jr,James
Eidman,Glenn F
Eley,Dwayne
Ellison,Willie Lee
Emge,Scott
Evans,David M
Evans,Maurice
Farrow,Christopher C
Felder,Chanel
Fillmann,Corey J
Finneyfrock,David N
Fleming,Henry I
Fogus,William T
Ford,David R
Freeman,Joseph E

Page 3 of 7

Friers,Sandra D
Gales,Levi
Gardner Jr,Wilmer E
Gerber,Rod K
Gillin III,Charles E
Gini,Shawn
Giurlando,Brian
Goldfarb,Mark D
Goldsmith,Jerard
Goodluck,Reynold
Grantham,Garry S
Grantham,Linda G
Grantham,Wayne Lee
Green,Brian
Green,Steven A
Greene,Michael T
Gutierrez,Michael J
Gwinnutt,Thomas R
Haden,Joshua B
Hammond,Jaquetta
Haney,Aaron J
Harbeson,Shawn G
Hayes,Devin A
Hicks,Patrice
Highkin,Eddie Lee L
Highkin,Kenneth L
Hinton,Justin W
Hobbs,Ryan J
Hodge Jr,Joseph C
Hollingsworth,Frank D
Holsinger,James R
Holt,Marvin P
Holtzople,Robert C
Hooe,Gerard M
Hough,Chad
Hughes,Horace A
Huntzberry,Ken D
Hutschenreuter,Leonard H
Italiano,Joseph
Jackson,Patrick N
Jackson,Tyrell
James,Brian P
Janicki,Michael P
Jett,Terrence L
Johnson,Donald E
Johnson,Dwayne B
Johnson,Vicki S
Jolliffe,Pamela S
Jones,Davon T
Jones,Kevin L
Jones,Ronnie A
Jurs,David
Kake,Mohamed
Keller,Carla G
Kilbourne,Harvey R
Kilgore,Ernest E
King,Lewis J

O.R. Policy -365

Kirby,Jamie
Kordonski,Stanley W
Kraft,Jason M
Kurgan,Carl K
Laird,Robert M
Lane,Dairell C
Lasanta,Monica L
Layne,Vicroy A
Lee,William C
Lewis,Cleveland K
Lewis,Reuben C
Lippmann,Christopher D
Lippmann,William
Lissefeld,Brian
Longenbach,Danielle M
Lugo-Fernandez,Patricia T
Lyons,Christopher
Maas,Karen L
Mack,Michael
Mackall,James L
Mackereth,Ronald J
Mahoney,Alexander S
Malcolm,Patrick G
Margowski-Williams,Heather M
Marshall Jr,Bruce E
Marshall,Vinton C
Martz,Steven E
Maxwell,Andrew B
Mayta,John J
McClung,Wesley
McDowell,Rosalyn T
McNeilly,Colin D
Mcnish,Brensly
Meister,Samuel A
Menet,Daniel J
Meyers Jr.,William N
Minor,Charles A
Mitchell,Eldon C
Monaghan,Brian A
Monn,Kenneth G
Moses,Brandon
Moyer,Michael T
Mueses,Juan P
Mustafa,Jihad
Nestor,Matthew S
Nicholson III,George H
Nixon,Jean M
Norris,James E
Norris,Jasmine O
Northcraft,Steven C
Nyarko,Mensah
Odagbodo,Samuel
Orendorff,David
Owusu,Nana Y
Page,Daniel A
Parker,Jenaya D
Payne,James L

Page 5 of 7

O.R. Policy -366

Persaud,Nigel
Petrosky Jr.,Kenneth W
Phillippi,David M
Phillips,Brock
Planinsek,Christophe Le L
Plews,Michael P
Porter,Robert E
Proctor,Domonique L
Protack,Robert
Quick,Brian G
Quinn Jr.,Michael J
Ramsahoye,Fredrick G
Ramsahoye,Mark
Regan,Eric Allan
Reynolds,Allen S
Rhodes,Frank J
Rhoten,Rene L
Ricci Jr.,Raymond A
Richards,Clinton
Richie  Jr. Jr,Louis
Rindos,Kaitlyn M
Robinson,Paul D
Ross,Eric L
Roye,Errol
Russell,Dennis A
Rutherford,Curtis D
Saffran,Bryan C
Saffran,Christopher J
Sanders,Kristin N
Sanders,Malcolm
Sartwell,Judy M
Sauerberger,Brett D
Schreiber,Bryan J
Scott,Christopher K
Scottodifrega,Stefano G
Seabrook,Andre D
Seitler,Raymond Todd
Shaffer,Kevin C
Shaw,Winston A
Sheetz,Steven E
Shevock,Deanne L
Shlikas,Gregory M
Shryock,Jerry L
Smith,Billy R
Smith,James
Smith,James W
Smith,Michael S
Smith,Renardo A
Smith,Robert M
Snowden,Maurice R
Snyder,Ken F
Socks,Nathan E
Soule,Angela M
Sparrow,Leroy
Stansbury,Andrew S
Steel,Alexander J
Stevens,Tim B

O.R. Policy -367

Stith,Shatiera
Stock,Jennifer M
Stokes,Terek
Stoll Jr.,Kenneth N
Sutera,Kevin
Sylvester,Craig
Taylor,David E
Teter,Wayne
Thomas,Bradley
Todd,Robert N
Tucker,Cory
Tynes,Tyrell
Udoh,Henry U
Uhrin,Richard F
Uhrin,Steve J
Utz II,Richard S
Utz,Richard S
Vana,Ross
Vargas,Benny
Veney,Alphonso
Vermette,Joshua J
Villeneuve,Ryan P
Waldvogel,Donald W
Ward,Glenn
Ward,Jimmie R
Watkins,John A
Watson,Walter L
Waugh,Josephine
Webb,Marcus A
Wheeler,Albert C
Wicker,Carl J
Wileman,Randy C
Williams,Olander T
Wills,Jeffrey L
Winkler,Michael T
Wong,Vincent T
Yale,Cameron
Young,Patrick W
Youngblood,Nelson N
Yu,Sergey
Zang,Robert M
Zimmerman,Nickolas T

O.R. Policy -368

POLICY NUMBER:                                                    **COMMERCIAL AUTO**
                                                                 **CA 22 20 08 14**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# MICHIGAN PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Michigan, this endorsement modifies insurance provided under the following:

  AUTO DEALERS COVERAGE FORM
  BUSINESS AUTO COVERAGE FORM
  MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| Coverage | Limit Of Insurance |
|---|---|
| **Medical Expenses** | No specific dollar amount |
| **Funeral Expenses** | Up to $1,750 per person |
| **Work Loss** | Up to $5,282* for any 30-day period |
| **Replacement Services** | $20 per day maximum |
| **Survivors Loss Benefits Consisting Of Income Loss Benefits And Replacement Services** | Up to $5,282* for any 30-day period subject to a $20 per day maximum for replacement services |
| * Or whatever maximum amount is established by the Michigan Insurance Commissioner for accidents occurring on or after the date of the change in maximum. | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

O.R. Policy -369

## A. Coverage

We will pay Personal Injury Protection benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of an "auto" as an "auto". These benefits are subject to the provisions of Chapter 31 of the Michigan Insurance Code. Personal Injury Protection benefits consist of the following benefits:

### 1. Medical Expenses

Reasonable and necessary medical expenses for an "insured's" care, recovery or rehabilitation. Charges for a hospital room are limited to those customary for a semiprivate room, unless special or intensive care is required.

### 2. Funeral Expenses

Reasonable funeral and burial expenses.

### 3. Work Loss

Up to 85% of an "insured's" actual loss of income from work. We will pay a higher percentage if the "insured" gives us reasonable proof that net income is more than 85% of gross income. The most we will pay in any 30-day period for this benefit is the amount shown in the Schedule or Declarations unless another amount is established by law. Any income an "insured" earns during the 30-day period is included in determining the income benefit we will pay. This benefit is payable for loss sustained during the three years after the accident. It does not apply after an "insured" dies. We will prorate this benefit for any period less than 30 days.

### 4. Replacement Services

Reasonable expenses for obtaining services to replace those an "insured" would normally have performed without pay for himself or herself or dependents. This benefit is payable for loss sustained during the three years after the accident. It does not apply after an "insured" dies.

### 5. Survivors loss benefits consisting of:

#### a. Income Loss

The contributions a deceased "insured's" spouse and dependents would have received, as dependents, if the "insured" had not died as a result of the "accident".

#### b. Replacement Services

Reasonable expenses for obtaining services to replace those a deceased "insured" would have performed without pay for his or her spouse and dependents.

The most we will pay in any 30-day period for the total of survivors loss benefits is the amount shown in the Schedule unless another amount is established by law. Any income an "insured" earns during the 30-day period is included in determining the income benefits we will pay. These benefits are payable during the three years after the "accident" but do not apply to any loss or expense incurred after an "insured" dies. We will prorate these benefits for any period of less than 30 days.

Survivors loss benefits are payable during the three years after the "accident". A deceased "insured's" spouse must have either resided with or been dependent on the "insured" at the time of death. The benefits cease for a spouse at remarriage or death. Any other dependent qualifies for benefits if, at the time of the "insured's" death, the person is under age 18, physically or mentally unable to earn a living or a full-time student.

## B. Who Is An Insured

1. You or any "family member".

2. Anyone else who sustains "bodily injury":

   a. While "occupying" a covered "auto";

   b. As the result of an "accident" involving any other "auto" operated by you or a "family member" if that "auto" is a covered "auto" under the policy's Covered Autos Liability Coverage; or

   c. While not "occupying" any "auto" as a result of an "accident" involving a covered "auto".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. To anyone causing intentional "bodily injury" to himself, herself or anyone else.

2. To anyone using an "auto" he or she has taken unlawfully, unless that person reasonably believed he or she was entitled to use the "auto".

3. To anyone not "occupying" an "auto", if the "accident" takes place outside Michigan. This exclusion does not apply to you or any "family member".

4. To you while "occupying" or struck by any "auto" owned or registered by you which is not a covered "auto".

5. To the owner or registrant of an "auto" for which the coverage required by the Michigan no-fault law is not in effect.

© Insurance Services Office, Inc., 2014   **CA 22 20 08 14**

**O.R. Policy -370**

6. To anyone entitled to Michigan no-fault benefits as a Named Insured under another policy. This exclusion does not apply to you or anyone "occupying" a motorcycle.

7. To anyone entitled to Michigan no-fault benefits as a "family member" under another policy. This exclusion does not apply to you or any "family member" or anyone "occupying" a motorcycle.

8. To anyone while "occupying" or struck by an "auto" (other than a covered "auto") operated by you or a "family member" if the owner or registrant has the required Michigan no-fault coverage. This exclusion does not apply to you or any "family member".

9. To anyone while "occupying" an "auto" located for use as a residence or premises.

10. To anyone while "occupying" a public "auto" (other than a covered "auto") for which the required Michigan no-fault coverage is in effect. This exclusion does not apply to "bodily injury" to you or a "family member" while a passenger in a:

   a. School bus;

   b. Certified common carrier;

   c. Bus operated under a government sponsored transportation program;

   d. Bus operated by or servicing a nonprofit organization;

   e. Bus operated by a watercraft, bicycle or horse livery used only to transport passengers to or from a destination point; or

   f. Taxicab.

11. To you or any "family member" while "occupying" an "auto" which is owned or registered by your or any "family member's" employer and for which the required Michigan no-fault coverage is in effect.

12. To anyone while "occupying" an "auto" for which the owner or registrant is not required to provide Michigan no-fault benefits and which is operated by you or a "family member" outside Michigan. This exclusion does not apply to you or a "family member", nor does it apply under medical or funeral expense benefits.

13. To any person resulting from the ownership, operation, maintenance or use of a parked "auto". This exclusion does not apply if:

   a. The "auto" was parked in such a way as to cause unreasonable risk of the "bodily injury"; or

b. The "bodily injury" results from physical contact with:

   (1) Equipment permanently mounted on the "auto" while the equipment is being used; or

   (2) Property being lifted onto or lowered from the "auto"; or

c. The "bodily injury" is sustained while "occupying" the "auto".

However, Exceptions b. and c. to this exclusion do not apply to any "employee" who has Michigan workers' disability compensation benefits available and who sustains "bodily injury" in the course of employment while loading, unloading or doing mechanical work on an "auto", unless the injury arises from the use or operation of another vehicle.

14. To you or any "family member" while "occupying" a motorcycle if the owner, registrant or operator of the "auto" involved in the "accident" has the required Michigan no-fault coverage.

15. Arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made, vehicles involved in the "accident" or insurers providing no-fault benefits, the most we will pay for "bodily injury" for each "insured" injured in any one "accident" are the amounts shown in the Schedule.

2. Any amount payable under this insurance shall be reduced by any benefits paid, payable or required to be provided by state or federal law except any benefits paid, payable or required to be provided by Medicare, provided:

   a. The benefits serve the same purpose as personal injury protection benefits; and

**b.** The benefits are provided or required to be provided as the result of the same "accident" for which this insurance is payable. However, this insurance shall not be reduced if any amount of workers' compensation benefits that are required to be provided are not available to the "insured".

**3.** Any amount payable under this insurance shall be reduced by any deductible you elect. However, the deductible applies only to you and any "family member".

## E. Changes In Conditions

The **Conditions** are changed for Personal Injury Protection as follows:

**1.** **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

### Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, and that other person is an uninsured motorist, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**2.** **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

If requested by us, the "insured" shall furnish a sworn statement of earnings since the "accident" and for a reasonable time prior to the "accident".

**3.** **Legal Action Against Us** is amended by the addition of the following:

No claimant may bring a legal action for Personal Injury Protection benefits against us more than a year after the "accident". There are two exceptions. The action may be brought if we have been given notice within a year after the "accident" or have made a payment of benefits. In these cases, a claimant may bring the action within a year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any part of a loss incurred more than a year before the action was brought.

**4.** The following conditions are added:

### Reimbursement And Trust

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid. This requirement is subject to any applicable limitations of Michigan law.

### Coordination And Nonduplication

**a.** If an "insured" is entitled to Personal Injury Protection benefits under more than one policy, the maximum recovery under all policies shall not exceed the amount payable under the policy providing the highest dollar limit.

**b.** No person may recover duplicate benefits for the same expenses or loss.

### Premium Recomputation

Chapter 31 of the Michigan Insurance Code places certain limitations on a person's right to sue for damages. The premium for the policy reflects these limitations. If a court from which there is no appeal declares any of these limitations unenforceable, we will have the right to recompute the premium. The rates we use to recompute the premium will be subject to review by the Commissioner of Insurance. If you choose to delete any coverage as the result of the court's decision, we will compute any refund of premium on a pro rata basis.

## F. Additional Definitions

As used in this endorsement:

**1.** "Auto" means a motor vehicle or trailer operated or designed for use on public roads but does not include a vehicle operated by muscular power, a vehicle with fewer than three wheels, a motorcycle, or a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan Vehicle Code. This definition replaces the definition in the policy.

**2.** "Family member" means a person related to you by blood, marriage or adoption, who is a resident of your household, including a ward or foster child.

**3.** "Occupying" means in, upon, getting in, on, out or off.

POLICY NUMBER:                                                    **COMMERCIAL AUTO**
                                                                 **CA 22 25 10 13**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# MINNESOTA PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Minnesota, this endorsement modifies insurance provided under the following:

  AUTO DEALERS COVERAGE FORM
  BUSINESS AUTO COVERAGE FORM
  MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| |
|---|
| In consideration of an increase in premium, the following Personal Injury Protection Coverage option applies as indicated below or in the Declarations: |
| ☐ The Named Insured elects to add together two or more Personal Injury Protection Coverages. (Refer to Paragraph **3.** of the Limit Of Insurance Provision.) |
| In consideration of a reduction in premium, exclusion of work loss applies as indicated below or in the Declarations: |
| ☐ Work loss will not be provided for the Named Insured age 65 or older, or age 60 or older, if retired and receiving a pension. |
| ☐ Work loss will not be provided for the Named Insured and any "family member" age 65 or older, or age 60 or older, if retired and receiving a pension. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

CA 22 25 10 13              © Insurance Services Office, Inc., 2012              **Page 1 of 8**

POLICY NUMBER:                                                                 COMMERCIAL AUTO
                                                                              CA 22 25 10 13

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### A. Coverage

The company will pay, in accordance with the Minnesota No-Fault Automobile Insurance Act, Personal Injury Protection benefits incurred with respect to "bodily injury" sustained by an "insured" caused by an "accident" arising out of the maintenance or use of a "motor vehicle" as a vehicle, or through being struck by a motorcycle. These Personal Injury Protection benefits consist of the following:

**1. Medical Expenses**

Means all reasonable expenses incurred for necessary:

a. Medical, surgical, x-ray, optical, dental, chiropractic and rehabilitative services, including prosthetic devices;

b. Prescription drugs;

c. Ambulance and all other transportation expenses incurred in traveling to receive other covered medical expense benefits;

d. Sign interpreting and language translation services, other than such services provided by a member of the "insured's" family, related to the receipt of medical expenses provided under Paragraph **A.1.** of this provision; and

e. Hospital, extended care and nursing services, including necessary remedial treatment and services recognized and permitted under the laws of Minnesota for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with his or her religious belief; however, it does not include expenses in excess of those for a semiprivate room, unless more intensive care is medically required.

**2. Work Loss**

Means:

a. 85% of loss of gross income resulting from the "insured's" inability to work on a regular basis including the costs incurred by an "insured" who is self-employed in hiring substitute "employees" to perform tasks which are necessary to maintain his or her income, which he or she normally performs himself or herself, and which he or she cannot perform because of his or her injury; or

b. Lost unemployment benefits in an amount equal to the unemployment benefits otherwise payable, if the "insured":

(1) Is unemployed at the time of the injury and is receiving or is eligible to receive unemployment benefits; and

(2) Loses eligibility for unemployment benefits because of his or her inability to work caused by injury;

reduced by any income from work actually performed by the "insured", or by any income he or she would have earned in available appropriate substitute work which he or she was capable of performing but unreasonably failed to undertake.

**3. Essential Services Expenses**

Expenses reasonably incurred during a period commencing eight days after the date of the accident and during the "insured's" lifetime, in obtaining usual and necessary substitute services in lieu of those that, had he or she not been injured, he or she would have performed not for income but for the direct benefit of himself or herself or his or her household; if the non-fatally injured "insured" normally, as a full-time responsibility, provides care and maintenance of a home, with or without children, the benefit is the reasonable value of such care and maintenance, if greater than the expense incurred.

**4. Funeral Expenses**

Reasonable expenses for professional funeral and burial services, including expense for cremation, or delivery under the Minnesota Uniform Anatomical Gift Act.

**5. Survivors' Loss**

Means:

a. "Loss", in the event of the death of an "insured" occurring within one year from the date of the "accident", of contributions of money or tangible things of economic value, not including services, that his or her surviving dependents would have received from him or her for their support during their dependency had he or she not suffered the fatal "bodily injury"; and

**b.** Expenses reasonably incurred by surviving dependents after the death of an "insured" in obtaining ordinary and necessary substitute services in lieu of those he or she would have performed for their benefit had he or she not suffered the fatal "bodily injury", minus expenses of the surviving dependents avoided by reason of such death,

provided that the dependency of the surviving spouse shall be terminated in the event such surviving spouse remarries or dies, and the dependency of a child who is not physically or mentally incapacitated from earning shall be terminated in the event he or she attains majority, marries or becomes otherwise emancipated, or dies.

### B. Who Is An Insured

1. The Named Insured or any "family member" who sustains "bodily injury" while "occupying" a "motor vehicle", or while a pedestrian as a result of an "accident" involving any "motor vehicle" or motorcycle.

2. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle", or while a pedestrian as a result of an "accident" involving the "insured motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" a "motor vehicle" not owned by, but operated by the Named Insured or "family member", other than a public or livery conveyance, if the "bodily injury" results from the operation of the "motor vehicle" by the Named Insured or "family member".

### C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by any "family member" if such "family member" is entitled to Personal Injury Protection Coverage as a self-insured or as a Named Insured under the terms of any other Coverage Form or policy with respect to such coverage.

2. Sustained by any person, other than the Named Insured or "family member", if such person is entitled to Personal Injury Protection Coverage as a self-insured or as a Named Insured or "family member" under the terms of any other Coverage Form or policy with respect to such coverage.

3. Sustained by any person arising out of the maintenance or use of a "motor vehicle":

   **a.** Being used in the business of transporting persons or property; or

   **b.** Furnished by the employer of the Named Insured or "family member";

if with respect to such vehicle, the security required by the Minnesota No-Fault Automobile Insurance Act is in effect, provided that such "bodily injury" is sustained while not "occupying" another involved "motor vehicle"; however, this exclusion does not apply to **(i)** the "insured motor vehicle", **(ii)** a commuter van as defined in the Minnesota No-Fault Automobile Insurance Act, **(iii)** a vehicle being used to transport children to school or to a school sponsored activity, **(iv)** a vehicle being used to transport children as part of a family or group family day care program, **(v)** any bus, other than a bus included as a vehicle described in **(ii)**, **(iii)**, or **(iv)** above, while in operation within the state of Minnesota as to any Minnesota resident who is an insured as defined in the Minnesota No-Fault Automobile Insurance Act, or **(vi)** a passenger in a taxi.

4. To any benefits any person would otherwise be entitled to receive hereunder for "bodily injury" intentionally caused by such person or arising out of his or her intentionally attempting to cause "bodily injury", and, if any person dies as a result of intentionally causing or attempting to cause "bodily injury" to himself or herself, his or her survivors are not entitled to any survivors' loss benefits.

5. Sustained by any person in the course of an officiated racing or speed contest, or in practice or preparation therefor, other than a rally held in whole or in part upon public roads.

6. Sustained by any person if such injury arises out of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurs off the business premises.

7. Sustained by any person if such injury arises out of conduct in the course of loading or unloading any "motor vehicle" unless the conduct occurs while such person is "occupying" such "motor vehicle".

8. Sustained by any person while "occupying" a motorcycle.

9. To Personal Injury Protection benefits otherwise payable in the event that a lapse of one year or more occurs in the period of disability and medical treatment of an "insured" as a result of any one "accident".

© Insurance Services Office, Inc., 2012

O.R. Policy -375

**10.** Sustained by any person, other than the Named Insured or any "family member", arising out of the maintenance or use by such person of a "motor vehicle" without a good faith belief that he or she is legally entitled to use such "motor vehicle".

**11.** Sustained by any person, other than the Named Insured or any "family member", while a pedestrian through being struck by the "insured" "motor vehicle", if the "accident" occurs outside the state of Minnesota.

**12.** Sustained by any person arising out of the maintenance or use of a "motor vehicle" while located for use as a residence or premises.

**13.** Arising directly or indirectly out of:

   **a.** War, including undeclared or civil war;

   **b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   **c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**14.** Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

**15.** With respect to work loss, essential services expenses and survivors' loss benefits, sustained by any person, other than the Named Insured or "family member", while "occupying" any "motor vehicle", not owned by the Named Insured or "family member", which is being operated by the Named Insured or "family member".

**16.** Sustained by any person, other than the Named Insured or any "family member", while "occupying" a vehicle which is regularly used in the course of the business of transporting persons or property and which is one of five or more vehicles under common ownership or a vehicle owned by a government other than the state of Minnesota, its political subdivisions, municipal corporations or public agencies, if the "accident" occurs outside the state of Minnesota.

**D. Limit Of Insurance**

**1.** Except as provided in Paragraph **3.**, regardless of the number of persons insured, policies or plans of self-insurance applicable, premiums paid, claims made or "insured motor vehicles" to which this coverage applies, our liability for Personal Injury Protection benefits with respect to "bodily injury" sustained by any one "insured" in any one "motor vehicle" "accident" shall not exceed $40,000 in the aggregate and subject to such aggregate:

   **a.** The maximum amount payable for "medical expenses" shall not exceed $20,000.

   **b.** The maximum aggregate amount payable for work loss, essential services expenses, funeral expenses and survivors' loss benefits shall not exceed $20,000. Subject to this maximum aggregate:

      **(1)** The maximum amount payable for work loss shall not exceed $250 per week.

      **(2)** The maximum amount payable for essential services expenses shall not exceed $200 per week.

      **(3)** The maximum amount payable for funeral expenses shall not exceed $2,000.

      **(4)** The maximum amount payable for survivors' loss benefits:

         **(a)** With respect to Paragraph **A.5.a.** of the definition of survivors' loss benefits shall not exceed $200 per week; and

         **(b)** With respect to Paragraph **A.5.b.** of the definition of survivors' loss benefits shall not exceed $200 per week.

**2.** Any amount payable by the company under the terms of this coverage shall be reduced by:

   **a.** Any amounts paid, payable or required to be provided on account of such "bodily injury" under any workers' compensation law; except that if the "accident" involves a "motor vehicle" used in a "ridesharing arrangement", this coverage shall be primary.

© Insurance Services Office, Inc., 2012   **CA 22 25 10 13**

O.R. Policy -376

b. The amount of any deductible applicable to "medical expenses" set forth in this Coverage Form, but only with respect to "bodily injury" sustained by the Named Insured or by a "family member", provided that, if two or more such persons sustain "bodily injury" in the same "motor vehicle" "accident", the total amount of the deductible applicable to all of them shall not exceed the deductible amount stated in this Coverage Form, and such amount shall be allocated equally among them.

c. The amount of any deductible applicable to work loss set forth in this Coverage Form, but only with respect to "bodily injury" sustained by the Named Insured or any "family member".

3. If the Schedule or Declarations indicates that the Named Insured elected to add together two or more Personal Injury Protection Coverages, regardless of the number of persons insured, premiums paid or claims made, our liability for Personal Injury Protection benefits with respect to "bodily injury" sustained by any one "insured" in any one "motor vehicle" "accident" shall not exceed $40,000 in the aggregate, per "insured motor vehicle", and subject to each such aggregate:

a. The maximum amount payable for "medical expenses" shall not exceed $20,000 per "insured motor vehicle".

b. The maximum amount payable for work loss, essential services expenses, funeral expenses and survivors' loss benefits shall not exceed $20,000 per "insured motor vehicle". Subject to this maximum aggregate:

(1) The maximum amount payable for work loss shall not exceed $250 per week per "insured motor vehicle".

(2) The maximum amount payable for essential services expenses shall not exceed $200 per week per "insured motor vehicle".

(3) The maximum amount payable for funeral expenses shall not exceed $2,000 per "insured motor vehicle".

(4) The maximum amount payable for survivors' loss benefits:

(a) With respect to Paragraph **A.5.a.** of the definition of survivors' loss benefits shall not exceed $200 per week per "insured motor vehicle"; and

(b) With respect to Paragraph **A.5.b.** of the definition of survivors' loss benefits shall not exceed $200 per week per "insured motor vehicle".

E. **Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are replaced by the following:

a. In the event of any "accident", written notice containing particulars sufficient to identify the "insured", and also reasonably obtainable information respecting the time, place and circumstances of the "accident" shall be given by or on behalf of each "insured" to us or any of our authorized agents within six months from the date of the "accident". Failure to provide such written notice shall not render an "insured" ineligible to receive benefits unless actual prejudice is shown by us and then only to the extent of the prejudice. If an "insured", his or her legal representative or his or her surviving dependents shall institute legal action to recover damages for "bodily injury" against a person or organization who is or may be liable in tort therefor, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such "insured", his or her legal representative or his or her surviving dependents.

O.R. Policy -377

b. As soon as practicable, the "insured" or someone on his or her behalf shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated, and such other information as may assist us in determining the amount due and payable. The "insured" shall submit to physical and mental examination by physicians selected by us when and as often as we may reasonably require. An "insured" who has undertaken a procedure or treatment for rehabilitation or a course of rehabilitative occupational training, other than medical rehabilitation procedure or treatment, shall notify us that he or she has undertaken the procedure, treatment or training within 60 days after a rehabilitation expense exceeding $1,000 has been incurred for the procedure, treatment or training, unless we know or have reason to know of the undertaking. If the "insured" does not give the required notice within the prescribed time, we are responsible only for $1,000 or the expense incurred after the notice is given and within 60 days before the notice, whichever is greater, unless failure to give timely notice is the result of excusable neglect.

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   **Transfer Of Rights Of Recovery Against Others To Us**

   Subject to any applicable limitations set forth in the Minnesota statutes, in the event of any payment under this coverage, we are subrogated to the rights of the person to whom or for whose benefit such payments were made, to the extent of such payments, and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

   a. Our rights under this condition do not apply against:

      (1) The person or organization legally responsible for damages, if we also insure that person or organization for the same "loss" or damages; or

      (2) Any "insured".

b. Our rights under this condition do not apply against a person who is 21 years of age or older who:

   (1) Had control over the premises and, being in a reasonable position to prevent the consumption of alcoholic beverages, knowingly or recklessly permitted the consumption of alcoholic beverages that caused the intoxication of a person under 21 years of age; or

   (2) Sold, bartered, furnished or gave to, or purchased alcoholic beverages for a person under 21 years of age that caused the intoxication of a person under 21 years of age;

   and that intoxicated person caused the injury, "loss" or damage for which payment was made under this policy.

3. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are amended by the following:

   In the event the "insured" has other similar insurance including self-insurance available and applicable to the "accident", we shall not be liable for a greater proportion of any loss to which this coverage applies than the Limit of Insurance hereunder bears to the sum of the applicable Limits of Insurance of this coverage and such other insurance.

   However, if the driver or occupant of a "motor vehicle" sustains "bodily injury" while using the vehicle in the business of transporting persons or property, this insurance is primary.

4. The **Two Or More Coverage Forms Or Policies Issued By Us** Policy Condition is replaced by the following:

   **Two Or More Coverage Forms Or Policies Issued By Us**

   If the Schedule indicates that the Named Insured elected to add together two or more Personal Injury Protection Coverages, the Two Or More Coverage Forms Or Policies Issued By Us provision in the Policy Conditions section of the Coverage Form does not apply to coverage afforded under this endorsement. However, no one will be entitled to receive duplicate payments for the same elements of "loss".

© Insurance Services Office, Inc., 2012
CA 22 25 10 13

O.R. Policy -378

**5.** The following conditions are added:

**Coordination, Nonduplication And Priority Of Payments**

**a.** No "insured" shall recover duplicate benefits for the same elements of "loss" under this or any similar insurance including self-insurance.

**b.** Any amount payable under any Uninsured Motorists Coverage afforded under this Coverage Form or policy shall be reduced by the amount of any Personal Injury Protection benefits paid or payable or which would be paid or payable but for the application of a deductible under this or any other motor vehicle insurance Coverage Form or policy because of "bodily injury" sustained by an "insured".

**Coordination, Nonduplication And Priority Of Payments**

Subject to any applicable limitations set forth in the Minnesota statutes, in the event of any payment to any person under this coverage:

**a.** We shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the "bodily injury" because of which such payment is made; and we shall have a lien to the extent of such payment, notice of which may be given to the person or organization causing such "bodily injury", his or her agent, his or her insurer or a court having jurisdiction in the matter;

**b.** Such person shall hold in trust for our benefit all rights of recovery which he or she shall have against such other person or organization because of such "bodily injury";

**c.** Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such right; and

**d.** Such person shall execute and deliver to us instruments and papers as may be appropriate to secure the rights and obligations of such person and us established by this provision.

**Constitutionality Clause**

The premium for and the coverages of the policy have been established in reliance upon the provisions of the Minnesota No-Fault Automobile Insurance Act. In the event a court of competent jurisdiction declares, or enters a judgment the effect of which is to render the provisions of such act invalid or unenforceable in whole or in part, we shall have the right to recompute the premium payable for the policy and the provisions of this endorsement shall be voidable or subject to amendment at our option.

**Arbitration**

If you and we disagree on the amount of "loss" under Personal Injury Protection and the disputed amount is:

**a.** $10,000 or less, both parties must submit to arbitration; or

**b.** More than $10,000, we will advise the "insured" whether we will submit the claim to arbitration.

Arbitration will be conducted in accordance with the Rules of Procedure For No-Fault Arbitration contained in the Minnesota Insurance Laws.

In the event of arbitration, each party will select a competent arbitrator. The two arbitrators will select a competent and impartial umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen arbitrator; and

**b.** Bear the other expenses of the arbitration and umpire equally.

If we submit to arbitration, we still retain our right to deny the claim.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means the spouse or any person related to the Named Insured by blood, marriage or adoption, including a minor in the custody of the Named Insured, spouse or such related person, who is a resident of the same household as the Named Insured whether or not temporarily residing elsewhere.

**2.** "Insured motor vehicle" means a "motor vehicle" with respect to which:

**a.** The "bodily injury" liability insurance of the Coverage Form or policy applies and for which a specific premium is charged; and

**b.** The Named Insured is required to maintain security under the provisions of the Minnesota No-Fault Automobile Insurance Act.

**3.** "Motor vehicle" means every vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which:

**a.** Is required to be registered pursuant to Minnesota Statutes, Chapter 168, and

**b.** Is designed to be self-propelled by an engine or motor for use primarily upon public roads, highways or streets in the transportation of persons or property, and includes a "trailer" with one or more wheels, when the "trailer" is connected to or being towed by a "motor vehicle".

**4.** "Occupying" means in or upon, entering into or alighting from.

**5.** "Ridesharing arrangement" means the transportation of persons, for a fee or otherwise, in a "motor vehicle" when the transportation is incidental to another purpose of the driver. The term includes the forms of shared transportation known as car pools, commuter van pools and bus pools whether or not furnished by an employer. It does not include transportation of "employees" by an employer from one place to another.

© Insurance Services Office, Inc., 2012

CA 22 25 10 13

O.R. Policy -380

POLICY NUMBER:                                                      **COMMERCIAL AUTO**
**CA 22 30 11 13**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# NEW JERSEY PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, New Jersey, this endorsement modifies insurance provided under the following:

    AUTO DEALERS COVERAGE FORM
    BUSINESS AUTO COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

---

**Named Insured:**

**Endorsement Effective Date:**

---

### SCHEDULE

| Extended Medical Expense Benefits | |
|---|---|
| **Benefits** | **Limit Of Insurance** |
| Medical Expenses | $ 1,000                             **Per Person Per "Accident"** |

| **Medical Expense Benefits Deductible** |
|---|
| Unless otherwise indicated to the left, medical expense benefits are subject to a deductible of $250 per "accident". |
| When indicated to the left, medical expense benefits applicable to: |
|   **A.** The "named insured" and, if the "named insured" is an individual, any "family members" will be subject to a deductible of $ _____ per "accident" instead of the $250 deductible. |
|   **B.** "Insured person" other than the "named insured" and, if the "named insured" is an individual, any "family members" shall be subject to a separate deductible of $250 per "accident". |
| **Medical Expense Benefits Copayment** |
| Medical expense benefits are subject to a copayment of 20% per "accident" for amounts payable between the applicable deductible and $5,000. |
| **Deletion Of Benefits Other Than Medical Expenses Option** |
| All Personal Injury Protection benefits other than medical expense benefits are deleted with respect to the "named insured" and, if the "named insured" is an individual, any "family members", when indicated to the left. Refer to the Deletion Of Benefits Other Than Medical Expenses Provision. |
| **Medical Expense Benefits-As-Secondary Option** |
| If the "named insured" is an individual, medical expense benefits with respect to the "named insured" and "family members", are secondary to the health benefits plans under which the "named insured" and "family members" are insured, when indicated to the left. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

---

O.R. Policy -381

## A. Coverages

### 1. Personal Injury Protection

We will pay personal injury protection benefits for "bodily injury" sustained by an "eligible injured person" or an "insured person" caused by an "accident" occurring during the policy period and arising out of the ownership, maintenance or use, including loading or unloading, of a "private passenger auto" as an auto.

These Personal Injury Protection Benefits consist of:

#### a. Medical Expense Benefits

An amount not exceeding $250,000 per person per "accident" for reasonable and necessary expenses incurred for medical, surgical, rehabilitative and diagnostic treatments and services, hospital expenses, ambulance or transportation services, medication and nonmedical expenses that are prescribed by a treating "health care provider" for a permanent or significant brain, spinal cord or disfiguring injury.

Nonmedical expense means charges for products and devices, not exclusively used for medical purposes or as durable medical equipment, such as vehicles, durable goods, equipment, appurtenances, improvements to real or personal property, fixtures and services and activities such as recreational activities, trips and leisure activities.

All medical expenses must be rendered by a "health care provider", be "clinically supported" and consistent with the symptoms, diagnosis or indications of the "insured". They must also be consistent with the most appropriate level of service that is in accordance with the standards of good practice and standard professional treatment protocols, including care paths for an "identified injury". They must not be rendered primarily for the convenience of the "insured" or "health care provider" nor may they involve unnecessary testing or treatment.

However, medical expenses include any nonmedical remedial treatment rendered in accordance with recognized religious methods of healing.

#### b. Income Continuation Benefits

An amount not exceeding a limit of $100 per week and a total limit of $5,200 payable for the loss of income of an "income producer" during his or her lifetime, as a result of "bodily injury" disability, not to exceed net "income" normally earned during the period in which benefits are payable.

#### c. Essential Services Benefits

An amount not exceeding a limit of $12 per day and a total limit of $4,380 payable to an "eligible injured person" as reimbursement for payments made to others, for substitute essential services of the type actually rendered during his or her lifetime and which he or she would ordinarily have performed not for "income" but for the care and maintenance of himself or herself and persons related to the "eligible injured person" by blood, marriage or adoption (including a ward or foster child) who are residents of the same household as the "eligible injured person".

#### d. Death Benefits

The amount or amounts payable in the event of the death of an "eligible injured person" as determined below:

(1) If the "eligible injured person" was an "income producer" at the time of the "accident", an amount equal to the difference between $5,200 and all basic income continuation benefits paid for any loss of "income" resulting from his or her injury prior to his or her death;

(2) If the "eligible injured person" ordinarily performed essential services for the care and maintenance of himself or herself, his or her family or family household, an amount equal to the difference between $4,380 and all basic essential services benefits paid with respect to his or her injury prior to death.

#### e. Funeral Expense Benefits

An amount not exceeding $1,000 for reasonable funeral, burial and cremation expenses incurred.

© Insurance Services Office, Inc., 2013          CA 22 30 11 13

**2. Extended Medical Expense Benefits**

We will pay extended medical expense benefits for "bodily injury" sustained by an "insured person" caused by an "accident" occurring during the policy period and arising out of the ownership, maintenance or use, including loading and unloading, of a "highway vehicle" not owned by or furnished or available for the regular use of the "named insured" or any "family member".

Subject to the limits shown in the Schedule or Declarations, Extended Medical Expense Benefits consist of the following:

Reasonable expenses incurred for medical, surgical, rehabilitative and diagnostic treatments and services, hospital expenses, ambulance or transportation services, medication and nonmedical expenses that are prescribed by a treating "health care provider" for a permanent or significant brain, spinal cord or disfiguring injury.

Nonmedical expense means charges for products and devices, not exclusively used for medical purposes or as durable medical equipment, such as vehicles, durable goods, equipment, appurtenances, improvements to real or personal property, fixtures and services and activities such as recreational activities, trips and leisure activities.

All medical expenses must be rendered by a "health care provider", be "clinically supported" and consistent with the symptoms, diagnosis or indications of the "insured". They must also be consistent with the most appropriate level of service that is in accordance with the standards of good practice and standard professional treatment protocols, including care paths for an "identified injury". They must not be rendered primarily for the convenience of the "insured" or "health care provider" nor may they involve unnecessary testing or treatment.

However, medical expenses include any nonmedical remedial treatment rendered in accordance with recognized religious methods of healing.

**B. Exclusions**

**1. Personal Injury Protection**

We will not pay Personal Injury Protection benefits for "bodily injury":

a. To a person whose conduct contributed to the "bodily injury" in any of the following ways:

   (1) While committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer; or

   (2) While acting with specific intent to cause injury or damage to himself or herself or others;

b. To any person who, at the time of the "accident", was the owner or registrant of a "private passenger auto" registered or principally garaged in New Jersey that was being operated without Personal Injury Protection Coverage;

c. To any person other than the "named insured" or any "family member" or a resident of New Jersey, if the "accident" occurs outside of New Jersey;

d. Arising out of the ownership, maintenance or use, including loading or unloading, of any vehicle while located for use as a residence or premises other than for transitory recreational purposes;

e. Arising directly or indirectly out of:

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

© Insurance Services Office, Inc., 2013

f. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material;

g. To any person, other than the "named insured" or any "family member", if such person is entitled to New Jersey Personal Injury Protection Coverage as a "named insured" or "family member" under the terms of any other policy with respect to such coverage;

h. To any "family member", if such person is entitled to New Jersey Personal Injury Protection Coverage as a "named insured" under the terms of another policy; or

i. To any person operating or occupying a "private passenger auto" without the permission of the owner or the "named insured" under the Policy insuring that "auto".

j. For the following "diagnostic tests":

(1) Brain mapping, when not done in conjunction with appropriate neurodiagnostic testing;

(2) Iridology;

(3) Mandibular tracking and simulation;

(4) Reflexology;

(5) Spinal diagnostic ultrasound;

(6) Surface electromyography (surface EMG);

(7) Surrogate arm mentoring; or

(8) Any other "diagnostic test" that is determined to be ineligible for coverage under Personal Injury Protection Coverage by New Jersey law or regulation.

k. For the following "diagnostic tests" when used to treat temporomandibular joint disorder (TMJ/D):

(1) Doppler ultrasound;

(2) Electroencephalogram (EEG);

(3) Needle electromyography (needle EMG);

(4) Sonography;

(5) Thermograms/thermographs; or

(6) Videofluoroscopy.

2. **Extended Medical Expense Benefits**

The exclusions that apply to Personal Injury Protection also apply to Extended Medical Expense Benefits. In addition, the following exclusions are added to Extended Medical Expense Benefits:

a. We will not pay Extended Medical Expense Benefits for "bodily injury" to any "insured" who is entitled to benefits for the "bodily injury" under:

(1) Personal Injury Protection Coverage; or

(2) Any:

(a) Workers' compensation law; or

(b) Medicare provided under federal law.

b. We will not pay Extended Medical Expense Benefits for "bodily injury" to any "insured" who would be entitled to benefits for the "bodily injury" under Personal Injury Protection Coverage, except for the application of a:

(1) Deductible;

(2) Copayment; or

(3) Medical fee schedule promulgated by the New Jersey Department of Banking and Insurance.

C. **Limit Of Insurance**

1. Any amount payable by us as Personal Injury Protection benefits for "bodily injury" shall be reduced by:

a. All amounts paid, payable or required to be provided under any workers' compensation or employees' temporary disability law.

b. Medicare provided under federal law.

c. Benefits actually collected that are provided under federal law to active and retired military personnel.

2. Any amount payable by us as medical expense benefits will be limited by medical fee schedules, as promulgated by the New Jersey Department of Banking and Insurance for specific injuries or services, or the usual, customary and reasonable fee, whichever is less.

© Insurance Services Office, Inc., 2013

CA 22 30 11 13

O.R. Policy -384

3. Any amounts payable for medical expense benefits as the result of any one "accident" shall be:

    a. Reduced by the applicable deductible indicated in the Schedule or in the Declarations; and

    b. Subject to the copayment of 20% for the amount between the applicable deductible and $5,000.

4. The applicable limit of income continuation benefits applies separately to each full regular and customary work week of an "eligible injured person". If this disability from work or employment consists of or includes only a part of such a week, we shall be liable for only that proportion of such weekly limit that the number of days lost from work or employment during the partial week bears to the number of days in his or her full work week.

5. If the Schedule or Declarations indicates that the "named insured" has elected the Medical Expense Benefits-As-Secondary Option, the following provisions apply to medical expense benefits:

    a. **Priority Of Benefits**

        (1) The health benefits plans under which the "named insured" and any "family member" are insured shall provide primary coverage for "allowable expenses" incurred by the "named insured" and any "family member" before any medical expense benefits are paid by us.

        (2) This insurance shall provide secondary coverage for medical expense benefits for "allowable expenses", which remained uncovered.

        (3) The total benefits paid by the health benefits plans and this insurance shall not exceed the total amount of "allowable expenses".

    b. **Determination Of Medical Expense Benefits Payable**

        (1) To calculate the amount of "actual benefits" to be paid by us, we will first determine the amount of "eligible expenses" which would have been paid by us, after application of the deductible and copayment indicated in the Schedule or Declarations, had the "named insured" not elected the Medical Expense Benefits-As-Secondary Coverage Option.

    (2) If the remaining "allowable expenses" are:

        (a) Less than the benefits calculated in Paragraph **(1)** above, we will pay "actual benefits" equal to the remaining "allowable expenses", without reducing the remaining "allowable expenses" by the deductible or copayment.

        (b) Greater than the benefits calculated in Paragraph **(1)** above, we will pay "actual benefits" equal to the benefits calculated in Paragraph **1.** above, without reducing the remaining "allowable expenses" by the deductible or copayment.

    (3) We will not reduce the "actual benefits" determined in Paragraph **2.**:

        (a) By any deductibles or copayments of the health benefits plans which have provided primary coverage for medical expense benefits; or

        (b) For any "allowable expense" remaining uncovered which otherwise would not be an "eligible expense" under Personal Injury Protection Coverage, except as set forth in Paragraph **(4)** below.

    (4) In determining remaining uncovered "allowable expenses", we shall not consider any amount for items of expense which exceed the dollar or percent amounts recognized by the medical fee schedules promulgated by the New Jersey Department of Banking and Insurance.

    (5) The total amount of medical expense benefits for the "named insured" or any "family member" per "accident" shall not exceed the maximum amount payable for medical expense benefits under this Policy.

© Insurance Services Office, Inc., 2013

c. **Health Benefits Plan Ineligibility**

(1) If, after the "named insured" has elected the Medical Expense Benefits-As-Secondary Coverage Option, it is determined that the "named insured" or any "family member" did not have a health benefits plan in effect at the time an "accident" occurred which resulted in "bodily injury" to the "named insured" or any "family member", medical expense benefits shall be provided to the "named insured" or any "family member", subject to the following:

(a) Only Paragraph **1.** of the Limit Of Insurance provision will apply with respect to medical expense benefits.

(b) Any amount payable for medical expense benefits for the "named insured" and any "family member" as a result of any one "accident" shall:

(1) Be reduced by a deductible equal to the sum of $750 plus the applicable deductible indicated in the Schedule or in the Declarations; and

(2) Be subject to a copayment of 20% for amounts less than $5,000 after the deductible has been applied.

(3) Be determined:

(i) By the medical fee schedules promulgated by the New Jersey Department of Insurance; or

(ii) By us, on a reasonable basis, considering the medical fee schedules for similar services or equipment in the region where the service or equipment was provided, if an item of expense is not included on the medical fee schedules.

(4) Not exceed the maximum amount payable for medical expense benefits under this Policy.

(2) All items of medical expense incurred by the "named insured" or any "family member" for the treatment of "bodily injury" shall be "eligible expenses" to the extent the treatment or procedure from which the expenses arose:

(a) Is recognized on the medical fee schedules promulgated by the New Jersey Department of Banking and Insurance; or

(b) Are reasonable expenses in accordance with Section 4 of the New Jersey Reparation Reform Act.

(3) We shall be entitled to recover the difference between:

(a) The reduced premium paid under this Policy for the Medical Expense Benefits-As-Secondary Option; and

(b) The premium which would have been paid under this Policy had the "named insured" not elected such option.

We will not provide any premium reduction for the Medical Expense Benefits-As-Secondary Option for the remainder of the policy period.

6. The Limit Of Insurance shown in the Schedule or Declarations for weekly income continuation benefits shall be prorated for any period of "bodily injury" disability less than one week.

D. **Changes In Conditions**

1. The **Duties In The Event Of Accident, Claim, Suit Or Loss** Condition in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

a. If an "eligible injured person", "insured person" or the legal representative or survivors of either institutes legal action to recover damages for injury against a person or organization who is or may be liable in tort therefor, he or she must promptly give us a copy of the summons and complaint or other process served in connection with the legal action.

O.R. Policy -386

b. The "eligible injured person", "insured person" or someone on their behalf must promptly give us written proof of claim including:

   (1) Full particulars of the nature and extent of the "bodily injury"; and

   (2) Such other information that will help us determine the amount due and payable.

c. The "eligible injured person" or "insured person" must submit to physical examination by physicians when and as often as we reasonably require and a copy of the medical report will be forwarded to such "eligible injured person" or "insured person" if requested.

d. In the event of "accident", claim, "suit" or "loss", if the notice, proof of claim or other reasonably obtainable information regarding the accident is received by us more than 30 days after the accident, we may impose an additional medical expense benefits copayment in accordance with New Jersey law or regulation. This copayment shall be in addition to:

   (1) Any medical expense benefits deductible or copayment; or

   (2) Any penalty imposed in accordance with our Decision Point Review Plan.

2. The **Policy Period, Coverage Territory** Condition for **Personal Injury Protection** and **Extended Medical Expense Benefits,** is replaced by the following:

This Coverage Part applies only to "accidents" which occur during the policy period anywhere in the world.

3. For Extended Medical Expense Benefits, the **Two Or More Coverage Forms Or Policies Issued By Us** Condition does not apply. However, no one will be entitled to receive duplicate payments for the same elements of "loss".

4. The following **Reimbursement And Trust** Condition is added:

Subject to any applicable limitations set forth in the New Jersey Automobile Reparation Reform Act, if we make any payment to any "eligible injured person" or "insured person" under this coverage and that person recovers from another party, he or she shall hold the proceeds in trust for us and pay us back the amount we have paid. We will have a lien against such payment, and may give notice of the lien to the person or organization causing "bodily injury", his or her agent or insurer or a court having jurisdiction in the matter.

5. The following **Payment Of Personal Injury Protection Benefits** Conditions are added:

a. Medical expense benefits and essential services benefits may be paid at our option to the "eligible injured person", "insured person" or the person or organization furnishing the products or services for which such benefits are due. These benefits shall not be assignable except to providers of service benefits. Any such assignment is not enforceable unless the provider of service benefits agrees to be subject to the requirements of our Decision Point Review Plan. In the event of the death of an "eligible injured person" or "insured person" any amounts payable, but unpaid prior to death, for medical expense benefits are payable to the "eligible injured person's" or "insured person's" estate.

b. Benefits payable under Paragraph **A.1.d.(1)** of the description of death benefits are payable to the "eligible injured person's" surviving spouse, or if there is no surviving spouse, to his or her surviving children, or if there is not a surviving spouse or any surviving children, to the "eligible injured person's" estate.

c. Benefits payable under Paragraph **A.1.d.(2)** of the description of death benefits are payable to the person who has incurred the expense of providing essential services.

d. Funeral expense benefits are payable to the "eligible injured person's" or "insured person's" estate.

6. The following **Deletion Of Benefits Other Than Medical Expenses Option** Condition is added:

When the Schedule or the Declarations indicates that the Deletion Of Benefits Other Than Medical Expenses Option applies, we will pay personal injury protection benefits consisting only of medical expense benefits for the "named insured" and "family members".

7. The following **Employee Benefits Reimbursement** Condition is added:

If the "eligible injured person" or "insured person" fails to apply for workers' compensation benefits or employees' temporary disability benefits for which that person is eligible, we may immediately apply to the provider of these benefits for reimbursement of any personal injury protection benefits that we have paid.

8. The following **Proof Of Health Benefits Plan Coverage** Condition is added:

   If the "named insured" has elected the Medical Expense Benefits-As-Secondary Option, the "named insured" shall provide proof that the "named insured" and "family members" are insured by health insurance coverage or benefits in a manner and to an extent approved by the New Jersey Department of Banking and Insurance.

9. The following **Special Requirements For Medical Expenses** Conditions are added:

   a. **Care Paths For "Identified Injuries" (Medical Protocols)**

      (1) The New Jersey Department of Banking and Insurance has established by regulation the standard courses of medically necessary diagnosis and treatment for "identified injuries". These courses of diagnosis and treatments are known as care paths.

      The care paths do not apply to treatment administered during "emergency care".

      (2) Upon notification to us of a "bodily injury" covered under this Policy, we will advise the "insured" of the care path requirements established by the New Jersey Department of Banking and Insurance.

      (3) Where the care paths indicate a decision point, further treatment or the administration of a diagnostic test is subject to our Decision Point Review Plan.

      A decision point means the juncture in treatment where a determination must be made about the continuation or choice of further treatment of an "identified injury".

   b. **Coverage For "Diagnostic Tests"**

      (1) In addition to the care path requirements for an "identified injury", the administration of any of the following "diagnostic tests" is also subject to the requirements of our Decision Point Review Plan:

         (a) Brain audio evoked potential (BAEP);

         (b) Brain evoked potential (BEP);

         (c) Computer assisted tomographic studies (CT, CAT Scan);

         (d) Dynatron/cyber station/cybex;

         (e) H-reflex Study;

         (f) Magnetic resonance imaging (MRI);

         (g) Nerve conduction velocity (NCV);

         (h) Somasensory evoked potential (SSEP);

         (i) Sonogram/ultrasound;

         (j) Visual evoked potential (VEP);

         (k) Any of the following "diagnostic tests" when not otherwise excluded under Exclusion **j.**:

            (i) Brain mapping;

            (ii) Doppler ultrasound;

            (iii) Electroencephalogram (EEG);

            (iv) Needle electromyography (needle EMG);

            (v) Sonography;

            (vi) Thermography/thermograms;

            (vii) Videofluoroscopy; or

         (l) Any other "diagnostic test" that is subject to the requirements of our Decision Point Review Plan by New Jersey law or regulation.

      (2) The "diagnostic tests" listed under Paragraph **(1)** must be administered in accordance with New Jersey Department of Banking and Insurance regulations which set forth the requirements for the use of "diagnostic tests" in evaluating injuries sustained in "auto" "accidents".

      However, those requirements do not apply to "diagnostic tests" administered during "emergency care".

      (3) We will pay for other "diagnostic tests" that are:

         (a) Not subject to our Decision Point Review Plan; and

         (b) Not specifically excluded under Exclusion **j.**; only if administered in accordance with the criteria for medical expenses as provided in this endorsement.

   c. **Decision Point Review Plan**

      (1) Coverage for certain medical expenses under this endorsement is subject to our Decision Point Review Plan, which provides appropriate notice and procedural requirements that must be adhered to in accordance with New Jersey law or regulation. We will provide a copy of this plan upon request, or in the event of any claim for medical expenses under this coverage.

© Insurance Services Office, Inc., 2013     CA 22 30 11 13

O.R. Policy -388

(2) Our Decision Point Review Plan includes the following minimum requirements as prescribed by New Jersey law or regulation:

  (a) The requirements of the Decision Point Review Plan only apply after the tenth day following the "accident".

  (b) We must be provided prior notice as indicated in our plan, with appropriate "clinically supported" findings, that additional treatment for an "identified injury", the administration of a "diagnostic test" listed under Paragraph **(1)** or the use of durable medical equipment is required.

  The notice and "clinically supported" findings may include a comprehensive treatment plan for additional treatment.

(3) Once we receive such notice with the appropriate "clinically supported" findings, we will, in accordance with our plan:

  (a) Promptly review the notice and supporting materials; and

  (b) If required as part of our review, request any additional medical records or schedule a physical examination.

(4) We will then determine and notify the "eligible injured person" or the "insured person" whether we will provide coverage for the additional treatment, "diagnostic test" or use of durable medical equipment as indicated in our plan and within the applicable three business day requirements specified in New Jersey Department of Banking and Insurance regulations.

  Any determination we make will be based on the determination of a physician. If the physician prepares a written report concerning the examination we have required, such report will be made available to the "eligible injured person" upon request.

(5) Any physical examination of an "eligible injured person" or "insured person" scheduled by us will be conducted in accordance with our plan.

(6) We may deny reimbursement of further treatment, testing or use of durable medical equipment for repeated unexcused failure of an "eligible injured person" or "insured person" to appear for a physical scheduled examination required by us in accordance with our plan.

(7) A penalty will be imposed in accordance with our plan if:

  (a) We do not receive proper notice and "clinically supported" findings; or

  (b) Any "eligible injured person" or "insured person" fails to use a network in accordance with N.J.A.C. 11:3-4.8.

  (c) We do not receive proper notice for treatment, "diagnostic tests" or durable medical equipment in accordance with the requirements of our Decision Point Review Plan.

  However, no penalty will be imposed where the proper notice or findings were received by us and we thereafter failed to act in accordance with our plan to request further information, modify or deny reimbursement of further treatment, "diagnostic tests" or the use of durable medical equipment with respect to that notice or those findings.

**d. Dispute Resolution**

If we and any person seeking Personal Injury Protection Coverage do not agree as to the recovery of Personal Injury Protection Coverage under this endorsement, then the matter may be submitted to dispute resolution, on the initiative of any party to the dispute, in accordance with N.J.A.C. 11:3-5.6.

However, prior to submitting such matter to dispute resolution, providers who are assigned service benefits by an "eligible injured person" or "insured person", or have a power of attorney from such person, shall be subject to our internal appeals process in accordance with New Jersey law or regulation. Any request for dispute resolution may include a request for review by a medical review organization.

**O.R. Policy -389**

10. The following condition is added for **Personal Injury Protection:**

**Coordination And Nonduplication**

a. Regardless of the number of "autos" insured for basic personal injury protection coverage pursuant to Section 4 of the New Jersey Automobile Reparation Reform Act or the number of insurers or policies providing such coverage, there shall be no duplication of payment of basic personal injury protection benefits and the aggregate maximum amount payable under this and all applicable policies with respect to "bodily injury" to any one person as the result of any one "accident" shall not exceed the applicable amounts or limits specified in Section 4 of said Act.

b. If an "eligible injured person" under this coverage is also an "eligible injured person" under other complying policies, the insurer paying benefits to such person shall be entitled to recover from each of the other insurers an equitable pro rata share of the benefits paid. The pro rata share is the proportion that the insurer's liability bears to the total of all applicable limits. Complying Policy means a policy of automobile liability insurance maintained pursuant to the requirements of Section 3 of the New Jersey Automobile Reparation Reform Act and providing basic personal injury protection coverage as approved by the Commissioner of Insurance.

11. The following condition is added for **Personal Injury Protection** and **Extended Medical Expense Benefits:**

**Medical Payments Deletion**

In consideration of the coverage provided for Personal Injury Protection and Extended Medical Expense Benefits in Paragraphs **A.1.** and **A.2.** of this endorsement, and the adjustment of applicable rates because of "bodily injury" to an "eligible injured person", any auto medical payments coverage provided under the Coverage Part is deleted with respect to an "auto" which is a covered "auto".

**E. Definitions**

The **Definitions** section is amended as follows:

1. The definition of "bodily injury" is replaced by the following:

"Bodily injury" means bodily harm, sickness or disease, including an "identified injury" or death that results.

2. The following definitions are added for **Personal Injury Protection** and **Extended Medical Expense Benefits:**

a. "Actual benefits" means those benefits determined to be payable for "allowable expenses".

b. "Allowable expense" means a medically necessary, reasonable and customary item of expense covered as benefits by the "named insured's" or "family member's" health benefits plan or personal injury protection benefits as an "eligible expense", at least in part. When benefits provided are in the form of services, the reasonable monetary value of each such service shall be considered as both an "allowable expense" and a paid benefit.

c. "Clinically supported" means that a "health care provider", prior to selecting, performing or ordering the administration of a treatment or "diagnostic test", has:

(1) Physically examined the "eligible injured person" or "insured person" to ensure that the proper medical indications exist to justify ordering the treatment or test;

(2) Made an assessment of any current and/or historical subjective complaints, observations, objective findings, neurologic indications, and physical tests;

(3) Considered any and all previously performed tests that relate to the injury and the results and which are relevant to the proposed treatment or test; and

(4) Recorded and documented these observations, positive and negative findings and conclusions on the "insureds" medical records.

d. "Diagnostic test(s)" means a medical service or procedure utilizing any means other than bioanalysis, intended to assist in establishing a:

(1) Medical;

(2) Dental;

(3) Physical therapy;

(4) Chiropractic; or

(5) Psychological diagnosis;

for the purpose of recommending or developing a course of treatment for the tested patient to be implemented by the treating practitioner or by the consultant.

**O.R. Policy -390**

e. "Eligible expense" means:

(1) In the case of health benefits plans, that portion of the medical expenses incurred for the treatment of "bodily injury" which is covered under the terms and conditions of the plan, without application of the deductible(s) and copayment(s), if any.

(2) In the case of personal injury protection benefits, that portion of the medical expenses incurred for the treatment of "bodily injury" which, without considering any deductible and copayment, shall not exceed:

(a) The percent or dollar amounts specified on the medical fee schedules, or the actual billed expense, whichever is less; or

(b) The reasonable amount, as determined by us, considering the medical fee schedules for similar services or equipment in the region where the service or equipment was provided, when an incurred medical expense is not included on the medical fee schedules.

f. "Emergency care" means all treatment of a "bodily injury" which manifests itself by acute symptoms of sufficient severity such that absence of immediate attention could reasonably be expected to result in death, serious impairment to bodily functions or serious dysfunction to a bodily organ or part. Such emergency care shall include all medically necessary care immediately following an "accident", including but not limited to, immediate prehospitalization care, transportation to a hospital or trauma center, emergency room care, surgery, critical and acute care. Emergency care extends during the period of initial hospitalization until the patient is discharged from acute care by the attending physician. Emergency care shall be presumed when medical care is initiated at a hospital within 120 hours of the "accident".

g. "Family member" means a person related to the "named insured" by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the "named insured".

h. "Health care provider" means those persons licensed or certified to perform health care treatment or services compensable as medical expenses and shall include, but not be limited to:

(1) Hospital or health care facilities that are maintained by a state or any of its political subdivisions or licensed by the Department of Health and Senior Services;

(2) Other hospitals or health care facilities designated by the Department of Health and Senior Services to provide health care services, or other facilities, including facilities for radiology and diagnostic testing, free-standing emergency clinics or offices, and private treatment centers;

(3) A nonprofit voluntary visiting nurse organization providing health care services other than in a hospital;

(4) Hospitals or other health care facilities or treatment centers located in other states or nations;

(5) Physicians licensed to practice medicine and surgery;

(6) Licensed chiropractors, dentists, optometrists, pharmacists, chiropodists (podiatrists), psychologists, physical therapists, health maintenance organizations, orthotists and prosthetists, professional nurses occupational therapists, speech language pathologists, audiologists, physician assistants, physical therapy assistants and occupational therapy assistants;

(7) Registered bioanalytical laboratories;

(8) Certified nurse-midwives and nurse practitioners/clinical nurse-specialists; or

(9) Providers of other health care services or supplies including durable medical goods.

i. "Identified injury" means the following "bodily injuries" for which the New Jersey Department of Banking and Insurance has established standard courses of medically necessary diagnosis and treatment:

(1) Cervical Spine: Soft Tissue Injury;

(2) Cervical Spine: Herniated Disc/Radiculopathy;

(3) Thoracic Spine: Soft Tissue Injury;

(4) Thoracic Spine: Herniated Disc/ Radiculopathy;

(5) Lumbar-Sacral Spine: Soft Tissue Injury;

(6) Lumbar-Sacral Spine: Herniated Disc/Radiculopathy; and

(7) Any other "bodily injury" for which the New Jersey Department of Banking and Insurance has established standard courses of appropriate diagnosis and treatment.

j. "Income" means salary, wages, tips, commissions, fees and other earnings derived from work or employment.

k. "Income producer" means a person who, at the time of the "accident", was in an occupational status, earning or producing income.

l. "Named insured" means the person or organization named in Item 1 of the Declarations and, if an individual, includes his or her spouse if the spouse is a resident of the household of the "named insured", except that if the spouse ceases to be a resident of the same household, the spouse shall be a "named insured" for the full term of the Policy in effect at the time of cessation of residency. If the covered "auto" is owned by a farm family copartnership or corporation, the term "named insured" also includes the head of the household of each family designated in the Policy as having a working interest in the farm.

m. "Pedestrian" means the "named insured" and, if the "named insured" is an individual, any "family member" who is not occupying, using, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks.

n. "Private passenger auto" means a self-propelled vehicle designed for use principally on public roads and which is one of the following types:

(1) A private passenger or station wagon type auto;

(2) A van, a pickup or panel truck or delivery sedan; or

(3) A utility auto designed for personal use as a camper or motor home or for family recreational purposes.

A "private passenger auto" does not include:

(a) A motorcycle;

(b) An auto used as a public or livery conveyance for passengers;

(c) A pickup or panel truck, delivery sedan or utility auto customarily used in the occupation, profession or business of an "insured" other than farming or ranching;

(d) A utility auto customarily used for the transportation of passengers other than members of the user's family or their guests.

3. The following definition is added to the **Definitions** section for **Personal Injury Protection:**

"Eligible injured person" means:

a. The "named insured" and, if the "named insured" is an individual, any "family member", if the "named insured" or the "family member" sustains "bodily injury":

(1) As a result of any "accident" while occupying, using, entering into or alighting from a "private passenger auto"; or

(2) While a "pedestrian", caused by a "private passenger auto" or by an object propelled by or from a "private passenger auto".

b. Any other person who sustains "bodily injury" while, with your permission, that person is occupying, using, entering into or alighting from the covered "auto".

4. The following are added to the **Definitions** section for **Extended Medical Expense Benefits:**

a. "Highway vehicle" means a land motor vehicle or trailer other than:

(1) A "private passenger auto";

(2) A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads;

(3) A vehicle operated on rails or crawlertreads; or

(4) A vehicle while located for use as a residence or premises.

b. "Insured person" means:

(1) The "named insured" and, if the "named insured" is an individual, any "family member" of the "named insured", if the "named insured" or "family member" sustains "bodily injury":

(a) While occupying, using, entering into or alighting from a "highway vehicle"; or

**(b)** While a "pedestrian", caused by a "highway vehicle".

**(2)** Any other person who sustains "bodily injury" while occupying a "highway vehicle" (other than a motorcycle or a vehicle while being used as a public or livery conveyance) if such "highway vehicle" is being operated by the "named insured" and, if the "named insured" is an individual, a "family member", or any other person using such "highway vehicle" with the permission of the "named insured"; or

**(3)** Any other person who sustains "bodily injury" occupying a covered "auto" if the covered "auto" is being operated by the "named insured" and, if the "named insured" is an individual, a "family member", or any other person using the covered "auto" with the permission of the "named insured".

O.R. Policy -393

COMMERCIAL AUTO
CA 22 32 11 13

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# NEW YORK MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT

The Company agrees with the named insured, as follows:

### Section I

#### Mandatory Personal Injury Protection

The Company will pay first-party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle or a motorcycle during the policy period and within the United States of America, its territories or possessions, or Canada.

#### First-party Benefits

First-party benefits, other than death benefits, are payments equal to basic economic loss, reduced by the following:

(a) 20 percent of the eligible injured person's loss of earnings from work to the extent that an eligible injured person's basic economic loss consists of such loss of earnings;

(b) Amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing social security disability or workers' compensation benefits, or disability benefits under article 9 of the New York Workers' Compensation Law;

(c) The amount of any applicable deductible, provided that such deductible shall apply to each accident, but only to the total of first-party benefits otherwise payable to the named insured and any relative as a result of that accident.

#### Basic Economic Loss

Basic economic loss shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit, basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $50,000, except that any death benefit hereunder shall be in addition thereto.

#### Medical Expense

Medical expense shall consist of necessary expenses for:

(a) Medical, hospital (including services rendered in compliance with article 41 of the Public Health Law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, X-ray, prescription drug and prosthetic services;

(b) Psychiatric, physical and occupational therapy and rehabilitation;

(c) Any nonmedical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of New York; and

(d) Any other professional health services.

These medical expenses will not be subject to a time limitation, provided that, within one year after the date of the accident, it is ascertainable that further medical expenses may be sustained as a result of the injury. Payments hereunder for necessary medical expenses shall be subject to the limitations and requirements of section 5108 of the New York Insurance Law.

© Insurance Services Office, Inc., 2013

O.R. Policy -394

**Work Loss**

Work loss shall consist of the sum of the following losses and expenses, up to a maximum payment of $2,000 per month for a maximum period of three years from the date of the accident:

(a) Loss of earnings from work which the eligible injured person would have performed had such person not been injured, except that an employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of such employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle or a motorcycle, shall not be entitled to receive first-party benefits for loss of earnings from work to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in such employee's level of future benefits arising from a subsequent illness or injury; and

(b) Reasonable and necessary expenses sustained by the eligible injured person in obtaining services in lieu of those which such person would have performed for income.

**Other Expenses**

Other expenses shall consist of all reasonable and necessary expenses, other than medical expense and work loss, up to $25 per day for a period of one year from the date of the accident causing injury.

**Death Benefit**

Upon the death of any eligible injured person, caused by an accident to which this coverage applies, the Company will pay to the estate of such person a death benefit of $2,000.

**Eligible Injured Person**

Subject to the exclusions and conditions set forth below, an eligible injured person is:

(a) The named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle;

(b) The named insured and any relative who sustains personal injury arising out of the use or operation of any motorcycle, while not occupying a motorcycle;

(c) Any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle in the State of New York while not occupying another motor vehicle; or

(d) Any New York State resident who sustains personal injury arising out of the use or operation of the insured motor vehicle outside of New York State while not occupying another motor vehicle.

**Exclusions**

This coverage does not apply to personal injury sustained by:

(a) The named insured while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the named insured with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(b) Any relative while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the relative with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

(c) The named insured or relative while occupying, or while a pedestrian through being struck by, a motor vehicle in New York State, other than the insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect; however, this exclusion does not apply to personal injury sustained in New York State by the named insured or relative while occupying a bus or school bus, as defined in sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of the owner or operator, of such bus or school bus;

(d) Any person in New York State while occupying the insured motor vehicle which is a bus or school bus, as defined in sections 104 and 142 of the New York Vehicle and Traffic Law, but only if such person is a named insured or relative under any other policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; however, this exclusion does not apply to the operator, an owner, or an employee of the owner or operator, of such bus or school bus;

(e) Any person while occupying a motorcycle;

(f) Any person who intentionally causes his or her own personal injury;

© Insurance Services Office, Inc., 2013

CA 22 32 11 13

O.R. Policy -395

(g) Any person as a result of operating a motor vehicle while in an intoxicated condition or while his or her ability to operate the vehicle is impaired by the use of a drug (within the meaning of section 1192 of the New York Vehicle and Traffic Law) except that coverage shall apply to necessary emergency health services rendered in a general hospital, as defined in section 2801(10) of the New York Public Health Law, including ambulance services attendant thereto and related medical screening. However, where the person has been convicted of violating section 1192 of the New York Vehicle and Traffic Law while operating a motor vehicle in an intoxicated condition or while his or her ability to operate such vehicle is impaired by the use of a drug, and the conviction is a final determination, the Company has a cause of action against such person for the amount of first-party benefits that are paid or payable; or

(h) Any person while:

   (i) Committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

   (ii) Operating a motor vehicle in a race or speed test;

   (iii) Operating or occupying a motor vehicle known to that person to be stolen; or

   (iv) Repairing, servicing or otherwise maintaining a motor vehicle if the conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises.

(i) The named insured or relative while not occupying a motor vehicle or a motorcycle when struck by a motorcycle in New York State with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect;

(j) Any New York State resident, other than the named insured or relative injured through the use or operation of the insured motor vehicle outside of New York State if such resident is the owner or a relative of the owner of a motor vehicle insured under another policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act;

(k) Any New York State resident, other than the named insured or relative injured through the use or operation of the insured motor vehicle outside of New York State, if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect.

**Other Definitions**

When used in reference to this coverage:

(a) The "insured motor vehicle" means a motor vehicle owned by the named insured and to which the bodily injury liability insurance of this policy applies and for which a specific premium is charged;

(b) "Motorcycle" means a vehicle as defined in section 123 of the New York Vehicle and Traffic Law and which is required to carry financial security pursuant to article 6, 8 or 48-A of the Vehicle and Traffic Law;

(c) "Motor vehicle" means a motor vehicle, as defined in section 311 of the New York Vehicle and Traffic Law, and also includes fire and police vehicles, but shall not include any motor vehicle not required to carry financial security pursuant to article 6, 8 or 48-A of the Vehicle and Traffic Law, or a motorcycle as defined above;

(d) "Named insured" means the person or organization named in the Declarations;

(e) "Occupying" means in or upon or entering into or alighting from;

(f) "Personal injury" means bodily injury, sickness or disease;

(g) "Relative" means a spouse, child, or other person related to the named insured by blood, marriage, or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household, but is temporarily living elsewhere; and

(h) "Use or operation" of a motor vehicle or a motorcycle includes the loading or unloading of such vehicle.

**Conditions**

**Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

**Notice.** In the event of an accident, written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days after the date of the accident, unless the eligible injured person submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. If an eligible injured person or that person's legal representative institutes a proceeding to recover damages for personal injury under section 5104(b) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such eligible injured person or that person's legal representative.

**Proof of Claim; Medical, Work Loss, and Other Necessary Expenses.** In the case of a claim for health service expenses, the eligible injured person or that person's assignee or representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered. The eligible injured person or that person's representative shall submit written proof of claim for work loss benefits and for other necessary expenses to the Company as soon as reasonably practicable but, in no event, later than 90 days after the work loss is incurred or the other necessary services are rendered. The foregoing time limitations for the submission of proof of claim shall apply unless the eligible injured person or that person's representative submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. Upon request by the Company, the eligible injured person or that person's assignee or representative shall:

(a) Execute a written proof of claim under oath;

(b) As may reasonably be required submit to examinations under oath by any person named by the Company and subscribe the same;

(c) Provide authorization that will enable the Company to obtain medical records; and

(d) Provide any other pertinent information that may assist the Company in determining the amount due and payable.

The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.

**Arbitration.** In the event any person making a claim for first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Financial Services.

**Reimbursement and Trust Agreement.** To the extent that the Company pays first-party benefits, the Company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for personal injury under section 5104(b) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the Company has paid first-party benefits. An eligible injured person shall:

(a) Hold in trust, for the Company, all rights of recovery which that person shall have for personal injury under section 5104(b) of the New York Insurance Law;

(b) Do whatever is proper to secure, and shall do nothing to prejudice, such rights; and

(c) Execute, and deliver to the Company, instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

An eligible injured person shall not compromise an action to recover damages brought under section 5104(b) of the New York Insurance Law, except:

(a) With the written consent of the Company;

(b) With approval of the court; or

(c) Where the amount of the settlement exceeds $50,000.

**Other Coverage.** Where more than one source of first-party benefits required by article 51 of the New York Insurance Law and article 6 or 8 of the New York Vehicle and Traffic Law is available and applicable to an eligible injured person in any one accident, this Company is liable to an eligible injured person only for an amount equal to the maximum amount that the eligible injured person is entitled to recover under this coverage, divided by the number of available and applicable sources of required first-party benefits. An eligible injured person shall not recover duplicate benefits for the same elements of loss under this coverage or any other mandatory first-party motor vehicle or no-fault motor vehicle insurance coverage issued in compliance with the laws of another state.

If the eligible injured person is entitled to benefits under any such mandatory first-party motor vehicle or no-fault motor vehicle insurance for the same elements of loss under this coverage, this Company shall be liable only for an amount equal to the proportion that the total amount available under this coverage bears to the sum of the amount available under this coverage and the amount available under such other mandatory insurance for the common elements of loss. However, where another state's mandatory first-party or no-fault motor vehicle insurance law provides unlimited coverage available to an eligible injured person for an element of loss under this coverage, the obligation of this Company is to share equally for that element of loss with such other mandatory insurance until the $50,000, or $75,000 if Optional Basic Economic Loss (OBEL) coverage is purchased, limit of this coverage is exhausted by the payment of that element of loss and any other elements of loss.

## Section II

### Excess Coverage

If motor vehicle medical payments coverage or any disability coverages or uninsured motorists coverage are afforded under this policy, such coverages shall be excess insurance over any Mandatory PIP, OBEL or Additional PIP benefits paid or payable or which would be paid or payable but for the application of a deductible under this or any other motor vehicle No-Fault insurance policy.

## Section III

### Constitutionality

If it is conclusively determined by a court of competent jurisdiction that the New York Comprehensive Motor Vehicle Insurance Reparations Act, or any amendment thereto, is invalid or unenforceable in whole or in part, then, subject to the approval of the Superintendent of Financial Services, the Company may amend this policy and may also recompute the premium for the existing or amended policy.

These amendments and recomputations will be effective retroactively to the date that such act or any amendment is deemed to be invalid or unenforceable in whole or in part.

O.R. Policy -398

COMMERCIAL AUTO
CA 22 34 10 13

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NORTH DAKOTA PERSONAL INJURY PROTECTION ENDORSEMENT

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, North Dakota, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with the "Named Insured", subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

**A. Coverage**

We will pay Personal Injury Protection benefits in accordance with the North Dakota Auto Accident Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the operation, maintenance or use of an "auto" as a vehicle. These personal injury protection benefits consist of the following:

**1.** Funeral expenses. Reasonable expenses incurred for a professional funeral, cremation and burial;

**2.** Medical expenses. Usual and customary charges incurred for reasonable and necessary medical, surgical, diagnostic, x-ray, dental, prosthetic, ambulance, hospital or professional nursing services or services for remedial treatment and care, but usual and customary charges do not include:

   **a.** The portion of the charge for a room in any hospital, clinic, convalescent or nursing home, extended care facility or any similar facility in excess of the reasonable and customary charge for semiprivate accommodations unless intensive care is medically needed;

   **b.** Charges for drugs sold without a prescription;

   **c.** Charges for experimental treatments; or

   **d.** Charges for medically unproven treatments;

**3.** Rehabilitation expenses. The cost of a procedure or treatment for rehabilitation or a course of rehabilitative occupational training if the procedure, treatment or training is reasonable and appropriate for the particular case, its cost is reasonable in relation to its probable rehabilitative effects, and it is likely to contribute substantially to medical or occupational rehabilitation;

**4.** Replacement services loss. Expenses incurred in obtaining ordinary and necessary services from others not members of the "insured's" household in lieu of those that the "insured" would have performed had he or she not been injured, not for income but for the benefit of himself or herself or his or her household, but "replacement services loss" does not include any loss after the death of the "insured";

**5.** Survivors' income loss. Loss sustained after an "insured's" death by his or her "survivors" during their dependency and consisting of the loss of the contributions they would have received for their support from that "insured" out of income from work he or she would normally have performed had he or she not died;

**6.** Survivors' replacement services loss. Expenses incurred after the "insured's" death by his "survivors" in obtaining ordinary and necessary services from others not members of that "insured's" household in lieu of the services he or she would have performed not for income but for the benefit of his or her household;

CA 22 34 10 13        © Insurance Services Office, Inc., 2012        Page 1 of 5

O.R. Policy -399

7. **Work loss.** Eighty-five percent of loss of income from work an "insured" who would normally be employed in gainful activity during the period of his or her disability would have performed had he or she not been injured, reduced by any income from substitute work actually performed by the "insured" or by income the "insured" would have earned in available appropriate substitute work which he or she was capable of performing but unreasonably failed to undertake, but work loss does not include any loss after death of an "insured".

## B. Who Is An Insured

1. The "named insured" or any relative who sustains "bodily injury" while "occupying" any "auto" or while a "pedestrian" through being struck by any "auto" or motorcycle;

2. Any other person who sustains "bodily injury":

   a. While "occupying", or while a "pedestrian" through being struck by, the covered "auto";

   b. While "occupying" an "auto" not owned by, but operated by a "named insured" or "family member", if the "bodily injury" results from the operation of the "auto" by the "named insured" or "family member".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by the "named insured" while "occupying" any "auto" owned by the "named insured" which is not a covered "auto";

2. Sustained by any "family member" while "occupying" an "auto" owned by that "family member" with respect to which the security required by the North Dakota Auto Accident Reparation Act is not in effect;

3. Sustained by the "named insured" or any "family member", while "occupying" or while a "pedestrian" through being struck by, any "auto", other than the covered "auto", or an "auto" being used in a "ridesharing arrangement", with respect to which the security required under the North Dakota Auto Accident Reparation Act is in effect;

4. Sustained by any person if the injury arises out of conduct within the course of a business of repairing, servicing or otherwise maintaining an "auto", unless that conduct involves the actual operation of an "auto" as a vehicle on the business premises or unless that conduct occurs off the business premises;

5. Sustained by any person arising out of conduct in the course of loading or unloading any "auto", unless the injury occurs while "occupying" that "auto";

6. Sustained by any person while "occupying" any "auto" without the express or implied consent of the owner or while not in lawful possession of any "auto";

7. Sustained by any person as the result of entering or alighting from a stopped "auto" if the injury is not caused by another "auto";

8. Intentionally caused by any person who would otherwise be entitled to receive benefits hereunder for "bodily injury" arising out of his or her intentionally attempting to cause "bodily injury" to himself or herself or to another person, and, if any person dies as a result of intentionally causing or attempting to cause "bodily injury" to himself or herself, his or her "survivors" are not entitled to any "survivors'" income loss or "survivors'" replacement services loss benefits;

9. Sustained by any person while in the course of a racing or speed contest or in practice or preparation thereto;

10. Sustained by any "pedestrian", other than the "named insured" or any "family member", if the accident occurs outside the state of North Dakota;

11. Sustained by any person arising out of the operation, maintenance or use of any "auto" while located for use as a residence or premises;

12. Arising directly or indirectly out of:

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; or

13. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

© Insurance Services Office, Inc., 2012

O.R. Policy -400

D. **Definitions**

As used in this endorsement:

1. "Auto" means a vehicle having more than three load-bearing wheels, of a kind required to be registered under the laws of North Dakota relating to motor vehicles, designed primarily for operation upon the public streets, roads and highways, and driven by power other than muscular power, and includes a trailer designed for use with such vehicle.

2. Covered "auto" means an "auto" with respect to which:

   a. Security is required to be maintained under the provisions of the North Dakota Auto Accident Reparations Act; and

   b. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged.

3. "Family member" means a spouse or any other individual related to the "named insured" by blood, marriage or adoption, including a ward or foster child, who is a resident of the same household as the "named insured", or who usually makes his or her home in the same household but temporarily lives elsewhere.

4. "Named insured" means the person or organization named in the Declarations.

5. "Occupying" means in or upon.

6. "Pedestrian" means any individual not "occupying" a "motor vehicle" or any other vehicle designed to be driven or drawn by power other than muscular power.

7. "Ridesharing arrangement" means the transportation of persons in a "motor vehicle" where the transportation is incidental to another purpose of the driver or owner and is not provided for pecuniary gain. The term shall include ridesharing arrangements known as car pools and van pools as defined in North Dakota Laws.

8. "Survivor" means a dependent survivor of a deceased "insured" and includes the following survivors only:

   a. The surviving spouse if residing in the deceased's household at the time of his or her death, providing that the dependency of that spouse shall terminate upon remarriage; and

   b. Other persons receiving support from the deceased at the time of his or her death which would qualify them as dependents of the deceased for federal income tax purposes under the Federal Internal Revenue Code.

E. **Policy Period; Territory**

This coverage applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

F. **Limit Of Insurance**

Regardless of the number of persons insured, policies or approved plans of self-insurance applicable, premiums paid, claims made or covered "autos" to which this coverage applies, our liability for personal injury protection benefits with respect to "bodily injury" sustained by any one "insured" in any one "auto" "accident" shall not exceed $30,000 in the aggregate, and subject to such aggregate limit:

1. The maximum amount payable for work loss or survivors' income loss shall not exceed $150 per week prorated for any lesser period;

2. The maximum amount payable for replacement services loss or survivors' replacement services loss shall not exceed $15 per day;

3. The maximum amount payable for funeral expenses shall not exceed $3,500.

Any amount payable by us under the terms of this coverage shall be reduced by the amount of benefits an "insured" has recovered or is entitled to recover for the same elements of loss under any workers' compensation act.

## G. Changes In Conditions

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are replaced by the following:

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of an accident, written notice containing particulars sufficient to identify the "insured", and also reasonably obtainable information respecting the time, place and circumstances of the "accident", shall be given by or on behalf of each "insured" to the company or any of its authorized agents as soon as practicable. If an "insured", his or her legal representative or his or her "survivors" shall institute legal action to recover damages for "bodily injury" against a person or organization who is or may be liable in tort therefor, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such "insured", his or her legal representative or his or her "survivors".

   b. As soon as practicable, the "insured" or someone on his or her behalf shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the "bodily injury" treatment and rehabilitation received and contemplated and such other information as may assist us in determining the amount due and payable. The "insured" shall submit to physical and mental examination by physicians selected by us when and as often as we may reasonably require. If an "insured" refuses to submit to a physical or mental examination, we may request a court to enter an order requiring the "insured" to submit to the examination.

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   No action shall lie against us unless as a condition precedent thereto, there shall have been full compliance with all the terms of this coverage.

3. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   **Transfer Of Rights Of Recovery Against Others To Us**

   Subject to any applicable limitation set forth in North Dakota Auto Accident Reparations Act, in the event of any payment under this coverage, we are subrogated to the rights of the person to whom or for whose benefit the payments were made to the extent of those payments. That person shall execute and deliver the instruments and papers and do whatever else is necessary to secure those rights. That person shall do nothing after loss to prejudice those rights.

4. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

   In the event an "insured" has other similar insurance, including approved plans of self-insurance, available and applicable to the accident, the maximum recovery under all such insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit, and we shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limit of liability of this coverage and the other insurance.

## H. Additional Conditions

The following conditions are added for Personal Injury Protection:

1. **Constitutionality Clause**

   The premium for and the coverages of the policy have been established in reliance upon the provisions of the North Dakota Auto Accident Reparations Act. In the event a court of competent jurisdiction declares, or enters a judgment the effect of which is to render the provisions of such statute invalid or unenforceable in whole or in part, we shall have the right to recompute the premium payable for the policy, and the provisions of this endorsement shall be voidable or subject to amendment at our option.

© Insurance Services Office, Inc., 2012   CA 22 34 10 13

O.R. Policy –402

2. **Coordination**

Any amount payable under uninsured motorists coverage shall be reduced by the amount of any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of "bodily injury" sustained by an "insured".

Any automobile medical payments afforded under this policy shall be excess insurance over any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of "bodily injury" sustained by an "insured".

3. **Nonduplication Of Benefits**

No "insured" shall recover duplicate benefits for the same elements of loss under this or any similar insurance, including approved plans of self-insurance.

4. **Priority Of Payments**

This coverage applies on a primary basis to "bodily injury" sustained by an "insured" if the "accident" arises out of the use or operation of the covered "auto" except, if the "accident" involves the operation of the "insured motor vehicle" in a "ridesharing arrangement", any personal injury protection coverage, required by the North Dakota Auto Accident Reparations Act, afforded by another policy under which such "insured" is a "named insured" or "family member", shall be primary and this coverage shall be excess.

5. **Reimbursement And Trust Agreement**

In the event of the payment to any person under this coverage:

a. We shall be entitled to the extent of the payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of that person against any person or organization legally responsible for the "bodily injury" because of which that payment is made, and we shall have a lien to the extent of that payment, notice of which may be given to the person or organization causing the "bodily injury", his or her agent, his or her insurer or a court having jurisdiction in the matter;

b. That person shall hold in trust for our benefit all rights of recovery which he or she shall have against that other person or organization because of the "bodily injury";

c. That person shall do whatever is proper to secure, and shall do nothing after loss to prejudice, those rights; and

d. That person shall execute and deliver to us instruments and papers as may be appropriate to secure those rights and obligations of that person and us established by this provision.

© Insurance Services Office, Inc., 2012

O.R. Policy -403

POLICY NUMBER:

**COMMERCIAL AUTO**
CA 22 36 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# OREGON PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Oregon, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

Named Insured:

Endorsement Effective Date:

**SCHEDULE**

| Benefits | Limit Per Person |
|---|---|
| Medical And Hospital Expenses | $    15,000  Less Deductible, if any |
| Income Continuation Expenses | $      3,000  Per Month |
| Loss Of Services Expenses | $          30  Per Day |
| Funeral Expenses | $      5,000 |
| Child Care Expenses | $          25  Per Day, up to a Maximum of $750 |

Coverage for medical and hospital expenses is subject to a deductible of     $
applicable to:

☐ You

☐ You and each "family member"

☐ You or the "family member(s)" named below:

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

O.R. Policy -404

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

## A. Coverage

We will pay Personal Injury Protection benefits to an "insured" who sustains "bodily injury" in an "accident" arising out of the ownership, maintenance or use of an "auto" as an "auto". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

### 1. Medical And Hospital Expenses

All reasonable and necessary expenses incurred within one year from the date of the "accident" for medical, hospital, dental, surgical, ambulance and prosthetic services.

### 2. Income Continuation Expenses

70% of the "insured's" loss of income from work during a period of disability caused by "bodily injury" sustained by such person in the "accident", provided that:

**a.** Such person was usually engaged in a paying occupation at the time of the "accident";

**b.** The period of such disability continues for at least 14 days; and

**c.** Income continuation expenses shall include only expenses for loss of income incurred from the date such disability commenced to the date on which such person is able to return to his usual occupation and is subject to a maximum payment period in the aggregate of 52 weeks.

### 3. Loss Of Services Expenses

Expenses reasonably incurred during a period of disability caused by "bodily injury" sustained by an "insured" in the "accident" for essential services that were performed by a person who is not related to the "insured", or residing in the "insured's" household, in lieu of those such person would have performed without income, provided that:

**a.** Such person was not usually engaged in a paying occupation at the time of the "accident";

**b.** The period of such disability continues for at least 14 days; and

**c.** Loss of services expenses shall include only expense for such services actually rendered from the date such disability commenced to the date on which such person is reasonably able to perform such services and is subject to a maximum payment period in the aggregate of 52 weeks.

However, loss of services expenses shall not include child care expenses.

### 4. Funeral Expenses

Reasonable and necessary expenses for professional funeral services incurred within one year after the date of the "accident".

### 5. Child Care Expenses

Expenses reasonably incurred for the care of a minor child of an "insured" who has sustained "bodily injury" in the "accident", provided:

**a.** The "insured" is the parent of the minor child and is required to be hospitalized for a minimum of 24 hours; and

**b.** Payments begin after the initial 24 hours of hospitalization and are made for as long as the "insured" is unable to return to work if he or she is usually engaged in a paying occupation. If such person was not usually engaged in a paying occupation at the time of the "accident", then payment will continue for as long as he or she is unable to perform essential services that he or she would have performed without income.

## B. Who Is An Insured

**1.** You, if you sustain "bodily injury" while "occupying" a "private passenger auto" or, while a "pedestrian", through being struck by an "auto".

**2.** If you are an individual, any "family member" who sustains "bodily injury" while "occupying" a "private passenger auto" or, while a "pedestrian", through being struck by an "auto".

**3.** Any other person who sustains "bodily injury" while "occupying" or using the "covered auto" with your permission or, while a "pedestrian", through being struck by a "covered auto".

© Insurance Services Office, Inc., 2012
CA 22 36 10 13

O.R. Policy -405

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by any person:

    a. Who intentionally causes injury to himself or herself;

    b. While participating in any prearranged or organized racing or speed contest or in practice or preparation for any such contest; or

    c. Who willfully conceals or misrepresents any material fact in connection with a claim for Personal Injury Protection benefits.

2. That results in the application of income continuation expenses and loss of service expenses, sustained by any "pedestrian" other than you or a "family member" in an "accident" that occurs outside the State of Oregon.

3. Arising directly or indirectly out of:

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

5. Sustained by you or any "family member" while "occupying" any "auto" you own or furnished or available for your regular use that is not a "covered auto", including a motorcycle or moped as defined in Oregon Statutes.

6. Sustained by a "family member" while "occupying" any "auto" owned by such "family member" or furnished or available for the "family member's" regular use that is not a "covered auto", including a motorcycle or moped as defined in Oregon Statutes.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or "covered autos" to which this coverage applies, the most we will pay for Personal Injury Protection benefits for "bodily injury" sustained by any one "insured" in any one "auto" "accident" is the Limit Per Person amount shown in the Schedule.

2. Any amount paid under this coverage will be reduced by any amount paid or payable by any workers' compensation or any other similar medical or disability benefits law (excluding Medicare).

3. Any amount payable under this coverage to you or a "family member" will reduce any amount payable for damages under this Coverage Form's Uninsured Motorists Coverage.

4. Any amount paid under this coverage to an "insured" will reduce any amount the "insured" may be entitled to recover for the same damages under this Coverage Form's Covered Autos Liability Coverage.

5. Any amount payable for medical and hospital expenses shall be reduced by the amount of the deductible you may elect. If you elect a deductible, it will be shown in the Schedule. The deductible applies only to you and/or any "family member".

## E. Changes In Conditions

The Conditions are changed for Personal Injury Protection as follows:

1. The following is added to **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form:

    a. If an "insured" or his or her legal representative institutes legal action for damages for "bodily injury", he or she must promptly give us a copy of the summons and complaint or other process served in connection with the legal action.

    b. The "insured" or someone on his or her behalf must promptly give us written proof of claim, under oath if required, including:

        (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

        (2) Such other information that will help us determine the amount due and payable.

    c. The "insured" or his or her legal representative shall give us authorization, each time we request it, to obtain medical reports, copies of records and information with respect to loss of income.

d. We may require that the "insured", as a condition for receiving income continuation expenses, cooperate in furnishing us reasonable medical proof of his or her inability to work.

2. The **Other Insurance** Condition in the Auto Dealers and Business Auto Coverage Forms and the **Other Insurance – Primary And Excess Insurance Provisions** Condition in the Motor Carrier Coverage Form are replaced by the following:

The coverage provided in this endorsement is excess for:

a. "Bodily injury" sustained by any "pedestrian", other than you or any "family member". This coverage is excess to the extent that amounts are paid or payable to or for such "pedestrian" under any collateral benefits, including but not limited to:

(1) Insurance benefits under another policy issued by us or another company;

(2) Governmental benefits (except Medicare benefits);

(3) Gratuitous benefits; or

(4) Oregon Personal Injury Protection benefits.

b. "Bodily injury" sustained by you or any "family member" while "occupying" any "auto", other than the "covered auto", with respect to which Oregon Personal Injury Protection benefits are in effect.

3. The following conditions are added:

a. **Reimbursement And Trust**

In the event of payment to any person of any benefits under this endorsement:

(1) We shall be entitled to reimbursement or subrogation in accordance with the provisions of the Oregon Insurance Code.

(2) We are entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the "insured" against any person or organization legally responsible for the "accident", to the extent benefits were paid, less our share of expenses, costs and attorneys' fees incurred by the "insured" in connection with such recovery.

(3) The "insured" shall hold in trust for our benefit all his or her rights of recovery to the extent of benefits furnished.

(4) The "insured" shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights.

(5) If we request in writing, the "insured" shall take, through any representative not in conflict of interest with him or her, designated by us, such action as may be necessary or appropriate to recover such benefits furnished as damages from the person or organization legally responsible, such action to be taken in the name of the "insured", but only to the extent of benefits furnished by us. In the event of recovery, we shall also be reimbursed out of such recovery for the "insured's" share of expenses, costs and attorneys' fees incurred by us in connection with the recovery.

(6) The "insured" shall execute and deliver to us such instructions and papers as may be appropriate to secure the rights and obligations of the "insured" and us as established by this provision.

b. **Arbitration**

(1) If we and an "insured" disagree whether the "insured" is entitled to recover Personal Injury Protection benefits, or do not agree as to the amount payable under this coverage, then if both parties agree at the time of the dispute, the matter shall be arbitrated.

In the event of arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree on the choice of the third arbitrator within 30 days, either may request that selection be made by a judge of a court of record in the county and state in which such arbitration is pending. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally. Costs to the "insured" of the arbitration proceedings shall not exceed $100, and all other costs of arbitration shall be borne by us. However, attorneys' fees and fees paid to medical or other expert witnesses are not arbitration expenses and are to be paid by the party incurring them.

(2) Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**c. Coordination And Nonduplication**

Any automobile medical payments coverage afforded under this Coverage Part is excess over any medical expense benefits paid or payable under this endorsement or any other automobile insurance policy covering "bodily injury" to an "insured".

**F. Additional Definitions**

As used in this endorsement:

1. "Covered auto" means a "private passenger auto" to which the "bodily injury" Covered Autos Liability Coverage of the policy applies and for which a specific premium is charged.

2. "Family member" means a spouse and any other person related to you by blood, marriage or adoption (including a ward or foster child), who is a resident of the same household as you.

3. "Occupying" means in or upon or entering into or alighting from.

4. "Pedestrian" means any person while not "occupying" a self-propelled vehicle other than a wheelchair or a similar low-powered motorized or mechanically propelled vehicle that is designed specifically for use by a physically disabled person who has a medical necessity for a wheelchair or other low-powered vehicle.

5. "Private passenger auto" means a four-wheel passenger or station wagon-type "auto" not used as a public or livery conveyance and includes any other four-wheel "auto" of the utility, pickup body, sedan delivery or panel truck-type not used for wholesale or retail delivery other than farming, a self-propelled mobile home and a farm truck.

O.R. Policy –408

POLICY NUMBER:

**COMMERCIAL AUTO**
**CA 22 37 10 13**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# PENNSYLVANIA BASIC FIRST-PARTY BENEFIT

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

Named Insured:

Endorsement Effective Date:

### SCHEDULE

| Benefits | Limit Of Insurance |
|---|---|
| Medical Expense Benefits | Up to $5,000 per insured |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

We will pay the Basic First-party Benefit in accordance with the "Act" to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the maintenance or use of an "auto".

**BENEFITS**

Subject to the limit shown in the Schedule or Declarations, the Basic First-party Benefit consists of Medical Expense Benefits. These benefits consist of reasonable and necessary medical expenses incurred for an "insured's":

1. Care;

2. Recovery; or

3. Rehabilitation.

This includes remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid if incurred within 18 months from the date of the "accident" causing "bodily injury". If within 18 months from the date of the "accident" causing "bodily injury" it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the "bodily injury", medical expenses will be paid without limitation as to the time such further expenses are incurred.

**B. Who Is An Insured**

1. You.

2. If you are an individual, any "family member".

3. Any person while "occupying" a covered "auto".

4. Any person while not "occupying" an "auto" if injured as a result of an "accident" in Pennsylvania involving a covered "auto".

If a covered "auto" is parked and unoccupied, it is not an "auto" involved in an "accident" unless it was parked in a manner as to create an unreasonable risk of injury.

© Insurance Services Office, Inc., 2012

O.R. Policy -409

**C. Exclusions**

We will not pay First-party Benefits for "bodily injury":

1. Sustained by any person injured while intentionally causing or attempting to cause injury to himself or herself or any other person.

2. Sustained by any person while committing a felony.

3. Sustained by any person while seeking to elude lawful apprehension or arrest by a law enforcement official.

4. Sustained by any person while maintaining or using an "auto" knowingly converted by that person. However, this exclusion does not apply to:

   a. You; or

   b. Any "family member".

5. Sustained by any person who, at the time of the "accident":

   a. Is the owner of one or more currently registered "autos" and none of those "autos" is covered by the financial responsibility required by the "Act"; or

   b. Is "occupying" an "auto" owned by that person for which the financial responsibility required by the "Act" is not in effect.

6. Sustained by any person maintaining or using an "auto" while located for use as a residence or premises.

7. Sustained by a pedestrian if the "accident" occurs outside of Pennsylvania. This exclusion does not apply to:

   a. You; or

   b. Any "family member".

8. Sustained by any person while "occupying":

   a. A recreational vehicle designed for use off public roads; or

   b. A motorcycle, moped or similar type vehicle.

9. Arising directly or indirectly out of:

   a. A discharge of a nuclear weapon (even if accidental);

   b. War, including undeclared or civil war;

   c. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   d. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

10. From or as a consequence of the following whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", premiums paid, claims made, "autos" involved in the "accident" or insurers providing First-party Benefits, the most we will pay to or for an "insured" as the result of any one "accident" is the limit shown in the Schedule or in the Declarations.

2. Any amount payable under First-party Benefits shall be excess over any sums paid, payable or required to be provided under any workers' compensation law or similar law.

**E. Changes In Conditions**

The Conditions are changed for First-party Benefits as follows:

1. **Transfer Of Rights Of Recovery Against Others To Us** does not apply.

2. The following conditions are added:

   **Nonduplication Of Benefits**

   No person may recover duplicate benefits for the same expenses or loss under this or any other similar automobile coverage including self-insurance.

 © Insurance Services Office, Inc., 2012 **CA 22 37 10 13**

**O.R. Policy –410**

**Priorities Of Policies**

We will pay First-party Benefits in accordance with the order of priority set forth by the "Act". We will not pay if there is another insurer at a higher level of priority. The "First" category listed below is the highest level of priority and the "Fourth" category listed below is the lowest level of priority. The priority order is:

| First | The insurer providing benefits to the "insured" as a named insured. |
|-------|---------------------------------------------------------------------|
| Second | The insurer providing benefits to the "insured" as a "family member" who is not a named insured under another policy providing coverage under the "Act". |
| Third | The insurer of the "auto" which the "insured" is "occupying" at the time of the "accident". |
| Fourth | The insurer providing benefits on any "auto" involved in the "accident" if the "insured" is: |

   **a.** Not "occupying" an "auto"; and

   **b.** Not provided First-party Benefits under any other policy.

If two or more policies have equal priority within the highest applicable number in the priority order:

1. The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible;

2. If we are the insurer against whom the claim is first made, our payment to or for an "insured" will not exceed the applicable limit shown in the Schedule or Declarations;

3. The insurer thereafter is entitled to recover pro rata contribution from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers under the Fourth priority, proration shall be based on the number of involved motor vehicles; and

4. The maximum recovery under all policies shall not exceed the amount payable under the policy with the highest dollar limit of benefits.

**F. Additional Definitions**

As used in this endorsement:

1. "Auto" means a self-propelled motor vehicle or trailer required to be registered, operated or designed for use on public roads. However, "auto" does not include a vehicle operated:

   **a.** By muscular power; or

   **b.** On rails or tracks.

2. The "Act" means the Pennsylvania Motor Vehicle Financial Responsibility Law.

3. "Family member" means a resident of your household who is:

   **a.** Related to you by blood, marriage or adoption; or

   **b.** A minor in your custody or in the custody of any other "family member".

4. "Occupying" means in, upon, getting in, on, out or off.

POLICY NUMBER:

<div align="right">

**COMMERCIAL AUTO**
**CA 22 44 10 13**

</div>

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# UTAH PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or for "auto dealer operations" conducted in, Utah, this endorsement modifies insurance provided under the following:

> AUTO DEALERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| Benefits | Limit Per Person |
|---|---|
| **Medical Expenses** | $3,000 |
| **Work Loss** | (a) 85% of any loss of gross income and earning capacity, not to exceed the total of $250 per week; and<br><br>(b) $20 per day for inability to perform services for the household. |
| **Funeral Expenses** | $1,500 |
| **Survivor Loss** | $3,000 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

We agree with you, subject to all of the provisions in this endorsement and to all of the provisions of the policy except as modified herein, as follows:

**A. Coverage**

We will pay Personal Injury Protection benefits in accordance with Title 31A, UTAH CODE ANNOTATED to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the use of an "auto" as an auto.

Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of:

**1. Medical Expenses**

Reasonable expenses incurred for necessary medical, surgical, x-ray, dental and rehabilitation services, including prosthetic devices, necessary ambulance, hospital and nursing services, and any nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing; however, it does not include expenses in excess of those for a semiprivate room, unless more intensive care is medically required.

**O.R. Policy -412**

**2. Work Loss**

   **a.** Loss of income and loss of earning capacity by the "insured" during his or her lifetime, from inability to work during a period commencing three days after the date of the loss of income and earning capacity resulting from the "bodily injury" and continuing for a maximum of 52 consecutive weeks thereafter. If such "insured's" inability to work continues in excess of a total of two consecutive weeks after the date of the loss of income and earning capacity resulting from the "bodily injury", this three-day elimination period shall not be applicable; and

   **b.** An allowance for services actually rendered or reasonably incurred that, but for the "bodily injury", the "insured" would have performed during his or her lifetime for his or her household commencing three days after the date of the "bodily injury" and continuing for a maximum of 365 consecutive days thereafter. If such "insured's" inability to perform such services continues in excess of 14 consecutive days after the date of the "bodily injury", this three-day elimination period shall not be applicable.

**3. Funeral Expenses**

   Funeral, burial or cremation expenses incurred.

**4. Survivor Loss**

   Compensation on account of the death of the "insured" and is payable only to natural persons who are the "insured's" heirs.

**B. Who Is An Insured**

   **1.** You, unless you are injured in an "accident" which resulted from the use or operation of any motor vehicle which is owned by you and which is not a covered "auto".

   **2.** If you are an individual, any "family member", unless the "family member" is injured in an "accident" which resulted from the use or operation of any motor vehicle which is owned by such "family member" and which is not a covered "auto".

   **3.** Any person while "occupying" a covered "auto" with the consent of the "insured", except your customers, if your business is shown in the Declarations as a rental company. However, if the customer of a rental company has no other valid and collectible insurance, they are "insured", but only up to the minimum personal injury protection coverage and benefits amount specified by UTAH CODE ANN. Section 31A-22-307. This supersedes any provision to the contrary.

   Rental company means any person or organization in the business of providing private passenger motor vehicles to the public under the terms of a rental agreement.

   **4.** Any person while "occupying" any other "auto" other than a public or livery conveyance, operated by you or a "family member".

   **5.** A "pedestrian" if the "accident" involves the use of a covered "auto".

**C. Exclusions**

   We will not pay Personal Injury Protection benefits for "bodily injury":

   **1.** Sustained by the "insured" while "occupying" an "auto" owned by, or furnished for the regular use of, that "insured", or if you are an individual, any "family member", that is not a covered "auto".

   **2.** Sustained by any person while operating the covered "auto" without the express or implied consent of the "insured" or while not in lawful possession of the covered "auto".

   **3.** Sustained by a "pedestrian" if the "accident" occurs outside the state of Utah. This exclusion does not apply, if you are an individual, to you or any "family member".

   **4.** Sustained by any person if such person's conduct contributed to his injury under either of the following circumstances:

      **a.** Causing injury to himself or herself intentionally, or

      **b.** While committing a felony.

   **5.** Sustained by any person arising out of the use of any "auto" while located for use as a residence or premises.

© Insurance Services Office, Inc., 2012                    **CA 22 44 10 13**

6. Arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

7. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

**D. Limit Of Insurance**

1. Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for Personal Injury Protection benefits for "bodily injury" sustained by an "insured" in any one "accident" is the Limit Per Person amount shown in the Schedule.

2. Any amount payable under this coverage will be reduced by the amount paid, payable or required to be provided for "bodily injury":

   a. Under any workers' compensation plan or any similar statutory plan; or

   b. By the United States or any of its agencies because of his or her being on active duty in the military services.

**E. Changes In Conditions**

The Conditions of the policy are changed for Personal Injury Protection as follows:

The following is added to **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form:

   d. If an "insured" or his or her legal representative or survivor institutes legal action to recover damages for "bodily injury", he or she must promptly give us a copy of the summons and complaint or other process served in connection with the legal action.

   e. The "insured" or someone on his or her behalf must promptly give us written proof of claim, under oath if required, including:

     (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

     (2) Such other information that will help us determine the amount due and payable.

The following conditions are added:

**Reimbursement And Trust**

1. If we make any payment to any "insured" under this coverage and that person recovers from another party, he or she shall hold the proceeds in trust for us and pay us back the amount we have paid. We will have a lien against such payment, and may give notice of the lien to the person or organization causing "bodily injury", his or her agent or insurer or a court having jurisdiction in the matter.

2. Any "insured" receiving payment must hold in trust for our benefit all rights of recovery he or she has against the party causing "bodily injury".

3. That person must do everything necessary to secure such rights and must do nothing to impair them.

4. That person must execute and deliver to us instruments and papers that may be appropriate to secure his or her and our rights and obligations established by this provision.

**Coordination And Nonduplication**

1. No "insured" may recover duplicate payments for the same elements of "loss" under this or any other insurance.

2. This insurance is primary only for "bodily injury" sustained by an "insured" in an "accident" arising out of the use or operation of a covered "auto".

3. If an "insured" is entitled to Personal Injury Protection benefits under more than one policy, the maximum recovery under all policies combined will not exceed the amount payable under the policy with the highest dollar limit of benefits. Our share is the proportion that our Limit of Insurance bears to the total of all applicable limits covering on the same basis.

4. Personal Injury Protection benefits paid or payable under this Coverage Form or any other Coverage Form or policy providing auto insurance because of "bodily injury" sustained by an "insured" shall be primary to any Auto Medical Payments Coverage provided under this Coverage Form.

**Premium Recomputation**

The premium for this policy is based on rates which have been established in reliance upon the limitations on the right to recover for damages imposed by the provisions of Title 31A, UTAH CODE ANNOTATED. If a court declares any of these provisions unenforceable, we have the right to recompute the premium, and the provisions of this endorsement are voidable or subject to amendment at our option.

**F. Additional Definitions**

As used in this endorsement:

1. "Auto" means every self-propelled vehicle which is designed for use upon a highway, including trailers and semitrailers designed for use with such vehicles, except traction engines, road rollers, farm tractors, tractor cranes, power shovels, and well drillers, and every vehicle which is propelled by electric power obtained from overhead wires but not operated on rails.

2. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

3. "Occupying" means being in or upon an "auto" as a passenger or operator or engaged in the immediate acts of entering, boarding or alighting from an "auto".

4. "Pedestrian" means any person not "occupying" or riding upon an "auto".

© Insurance Services Office, Inc., 2012

**CA 22 44 10 13**

**O.R. Policy -415**